UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

THOMAS S. SWANSON, Individually and on
Behalf of All Others Similarly Situated,

                    Plaintiff,

    vs.

INTERFACE, INC., DANIEL T. HENDRIX,
JAY D. GOULD and BRUCE A.
HAUSMANN,

                    Defendants.

---

Civil Action No. 1:20-cv-05518-ARR-RER

CLASS ACTION

STEAMFITTERS LOCAL 449 PENSION
FUND'S MEMORANDUM OF LAW IN
OPPOSITION TO COMPETING MOTIONS
FOR APPOINTMENT AS LEAD
PLAINTIFF

4835-9200-4569.v1

Steamfitters Local 449 Pension Fund (the "Pension Fund") respectfully submits this memorandum in further support of its motion for appointment as lead plaintiff (ECF No. 9), and in opposition to the competing motions for appointment as lead plaintiff. *See* ECF Nos. 6, 12.

## I.    INTRODUCTION

Three motions were filed by class members seeking appointment as lead plaintiff and approval of counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"): (1) the Pension Fund; (2) David Koehler; and (3) Thomas Swanson.  On January 25, 2021, both Mr. Swanson and Mr. Koehler filed notices of non-opposition to the Pension Fund's motion.  *See* ECF Nos. 15, 16.  Accordingly, the Pension Fund's motion is unopposed.

Under the PSLRA, courts are to "adopt a presumption that the most adequate plaintiff" is the person that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Only the Pension Fund satisfies both of these elements.  Indeed, the Pension Fund's loss of approximately $69,378 is over 19 times greater than the losses claimed by the other lead plaintiff movants combined.  *See* ECF No. 11-3 (Pension Fund's loss chart reflecting losses of $69,378); ECF No. 14-2 (Mr. Koehler's loss chart reflecting a loss of $2,900); and ECF No. 8-1 (Mr. Swanson's loss chart reflecting a loss of $636).  The Pension Fund otherwise meets the typicality and adequacy requirements of Rule 23.  Accordingly, the Pension Fund should be appointed as Lead Plaintiff and its selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel should be approved.

## II.    ARGUMENT

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), the presumptive lead plaintiff is the movant: (1) with the "largest financial interest in the relief sought by the class"; and (2) who otherwise

4835-9200-4569.v1

satisfies the requirements of Rule 23.  *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263-64 (3d Cir.

2001); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).  Here, there is no dispute that the

Pension Fund possesses the "largest financial interest" in this litigation:

| MOVANT | CLAIMED LOSS |
|---|---|
| **The Pension Fund** | $69,378 |
| David Koehler (filed a notice of non-opposition) | $2,900 |
| Thomas Swanson (filed a notice of non-opposition) | $636 |

ECF Nos. 11-3, 14-2, 8-1.

Aside from having the largest financial interest, the PSLRA requires that, to be designated

the presumptively most adequate plaintiff, the Pension Fund must also "otherwise satisf[y] the

requirements of Rule 23."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Here, there is no question that the

Pension Fund satisfies this requirement.  *See* ECF No. 10 at 4-5.  The Pension Fund's claims are

"typical" of the claims of the proposed class because, like all members of the putative class, it

purchased Interface, Inc. securities during the Class Period and it sustained losses resulting from

defendants' false and misleading statements and/or omissions.  The Pension Fund is adequate

because, *inter alia*, it is a sophisticated institutional investor that is precisely the type of investor

whose participation in securities class actions Congress sought to encourage through the enactment

of the PSLRA.  *See Teamsters Local Union No. 727 Pension Fund v. Vanda Pharm. Inc.*, 2019 WL

7287202, at *4 n.3 (E.D.N.Y. May 24, 2019) ("The Court also notes that Congress prefers

institutional investors as the Pension Fund to serve as lead plaintiff in PSLRA cases.").

Additionally, the Pension Fund has selected experienced trial counsel located in this District that is

committed to zealously and efficiently prosecuting this case to a successful conclusion.  *See* ECF

No. 10 at 6-7.  Because the Pension Fund clearly has the largest financial interest and satisfies Rule

23's requirements, the Pension Fund is presumptively the "most adequate plaintiff."

4835-9200-4569.v1

As the presumptive lead plaintiff, the Pension Fund must be appointed unless its presumptive status is rebutted "'upon proof *by a member of the purported plaintiff class* that the presumptively most adequate plaintiff – (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'" *Cendant*, 264 F.3d at 268 (emphasis in original) (quoting 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)). Importantly, "once the presumption is triggered, the question *is not* whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[] and adequate[]' job." *Id*. (emphasis in original) (citation omitted); *see also Cavanaugh*, 306 F.3d at 730-32. Here, no such proof exists and there is no question that the Pension Fund meets the adequacy and typicality requirements. *See* ECF No. 10 at 4-5; *see also* ECF Nos. 15, 16 (non-oppositions to the Pension Fund's motion filed by Mr. Koehler and Mr. Swanson). Consequently, the "most adequate plaintiff" presumption that lies in the Pension Fund's favor has not been rebutted. The Pension Fund's motion should be granted and the competing motions should be denied.

## III.    CONCLUSION

The Pension Fund possesses the largest financial interest in the relief sought by the class. In addition, the Pension Fund meets the requirements of adequacy and typicality, and the presumption which lies in favor of the Pension Fund cannot be rebutted. As a result, the Pension Fund respectfully requests that this Court enter an order: (1) appointing the Pension Fund to serve as Lead Plaintiff; (2) approving the Pension Fund's selection of Lead Counsel; and (3) denying the competing motions.

- 3 -

4835-9200-4569.v1

DATED:  January 25, 2021                 Respectfully submitted,

                                         ROBBINS GELLER RUDMAN
                                           & DOWD LLP
                                         SAMUEL H. RUDMAN
                                         DAVID A. ROSENFELD


                                                *s/ David A. Rosenfeld*
                                         _____
                                             DAVID A. ROSENFELD

                                         58 South Service Road, Suite 200
                                         Melville, NY  11747
                                         Telephone:  631/367-7100
                                         631/367-1173 (fax)
                                         srudman@rgrdlaw.com
                                         drosenfeld@rgrdlaw.com

                                         ROBBINS GELLER RUDMAN
                                           & DOWD LLP
                                         DANIELLE S. MYERS
                                         JENNIFER N. CARINGAL
                                         655 West Broadway, Suite 1900
                                         San Diego, CA  92101
                                         Telephone:  619/231-1058
                                         619/231-7423 (fax)
                                         dmyers@rgrdlaw.com
                                         jcaringal@rgrdlaw.com

                                         [Proposed] Lead Counsel for [Proposed] Lead
                                         Plaintiff

- 4 -

4835-9200-4569.v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on January 25, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
 & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

4835-9200-4569.v1

# Mailing Information for a Case 1:20-cv-05518-ARR-RER Swanson v. Interface, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Melissa Ann Fortunato**
  fortunato@bespc.com,ecf@bespc.com

- **J. Alexander Hood**
  ahood@pomlaw.com,tcrockett@pomlaw.com,abarbosa@pomlaw.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,2879289420@filings.docketbird.com,e_file_sd@rgrdlaw.com,drosenfeld@ecf.courtdrive.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)