# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS S. SWANSON, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>      - v. -<br><br>INTERFACE, INC., DANIEL T. HENDRIX, JAY D. GOULD, BRUCE A. HAUSMANN, and PATRICK C. LYNCH,<br><br>        Defendants. | Case No. 1:20-cv-05518-BMC<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** |

## Table of Contents

                                                                                  **Page**

Argument ................................................................................................................................. 1

I.     The AC Fails to Allege a Material Misstatement. ............................................................ 1

        A.     The AC Improperly Relies Upon the SEC Order. .................................................... 1

        B.     The Alleged Misstatements Are Matters of Opinion, and the
AC is Subject to and Fails to Satisfy the *Omnicare* Standard. .............................. 2

        C.     The Accounting Adjustments Were Not Material. ................................................. 5

II.    The AC Fails to Allege a Strong Inference of Scienter. ...................................................... 6

        A.     The AC Fails to Allege Motive.................................................................................. 6

        B.     The Nature of the Alleged Accounting Errors
Do Not Support an Inference of Scienter................................................................. 7

        C.     Plaintiff's Remaining Theories Are Insufficient to Plead Scienter. ........................ 8

III.   The AC Fails to Allege Loss Causation................................................................................ 9

IV.   The AC Fails to Allege a Control Person Claim.............................................................. 10

Conclusion ............................................................................................................................ 10

## Table of Authorities

Page(s)

**Cases**

*Basic Inc.* v. *Levinson*,
  485 U.S. 224 (1988) ..................................................................................................10

*Bd. of Trustees of City of Ft. Lauderdale Gen. Emps.' Ret. Sys.* v. *Mechel OAO*,
  811 F. Supp. 2d 853 (S.D.N.Y. 2011) ..........................................................................7

*Burr* v. *Equity Bancshares, Inc.*,
  2020 WL 6063558 (S.D.N.Y. Oct. 14, 2020) ...............................................................3

*Carpenters Pension Tr. Fund of St. Louis* v. *Barclays PLC*,
  750 F.3d 227 (2d Cir. 2014) ........................................................................................10

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys.* v. *Align Tech., Inc.*,
  856 F.3d 605 (9th Cir. 2017) .......................................................................................4

*City of Westland Police & Fire Ret. Sys.* v. *Metlife, Inc.*,
  129 F. Supp. 3d 48 (S.D.N.Y. 2015) ............................................................................4

*In re CRM Holdings, Ltd. Sec. Litig.*,
  2012 WL 1646888 (S.D.N.Y. May 10, 2012) ..............................................................9

*In re Diebold Nixdorf, Inc., Sec. Litig.*,
  2021 WL 1226627 (S.D.N.Y. Mar. 30, 2021) ..............................................................8

*Emps.' Ret. Sys. of Gov't of the Virgin Islands* v. *Blanford*,
  794 F.3d 297 (2d Cir. 2015) ........................................................................................7

*In re Fairway Grp. Holdings Corp. Sec. Litig.*,
  2015 WL 4931357 (S.D.N.Y. Aug. 19, 2015) ..............................................................3

*In re Fannie Mae 2008 Sec. Litig.*,
  891 F. Supp. 2d 458 (S.D.N.Y. 2012) ..........................................................................2

*In re Ferrellgas Partners, L.P., Sec. Litig.*,
  2018 WL 2081859 (S.D.N.Y. Mar. 30, 2018) ..............................................................10

*Fila* v. *Pingtan Marine Enter. Ltd.*,
  195 F. Supp. 3d 489 (S.D.N.Y. 2016) ..........................................................................9

*Frankfurt-Tr. Inv. Luxemburg AG* v. *United Techs. Corp.*,
  336 F. Supp. 3d 196 (S.D.N.Y. 2018) ..........................................................................4

*Fresno Cnty. Emps.' Ret. Ass'n* v. *comScore, Inc.*,
   268 F. Supp. 3d 526 (S.D.N.Y. 2017)..................................................................................3

*Ganino* v. *Citizens Utils. Co.*,
   228 F.3d 154 (2d Cir. 2000)..............................................................................................5, 6

*In re Gentiva Secs. Litig.*,
   932 F. Supp. 2d 352 (E.D.N.Y. 2013) ................................................................................10

*In re Glob. Brokerage*,
   2019 WL 1428395 (S.D.N.Y. Mar. 28, 2019) .....................................................................4

*In re Indep. Energy Holdings PLC Sec. Litig.*,
   154 F. Supp. 2d 741 (S.D.N.Y. 2001) ..................................................................................5

*In re Insys Therapeutics Inc. Sec. Litig.*,
   2018 WL 2943746 (S.D.N.Y. June 12, 2018) .....................................................................5

*Janbay* v. *Canadian Solar, Inc.*,
   2012 WL 1080306 (S.D.N.Y. Mar. 30, 2012) .....................................................................9

*JGB (Cayman) Newton, Ltd.* v. *Sellas Life Scis. Grp. Inc.*,
   2018 WL 5266877 (S.D.N.Y. Oct. 23, 2018) ......................................................................2

*Kalnit* v. *Eichler*,
   264 F.3d 131 (2d Cir. 2001)..................................................................................................7

*In re Lehman Bros. Sec. & ERISA Litig.*,
   131 F. Supp. 3d 241 (S.D.N.Y. 2015) ..................................................................................4

*Lipsky* v. *Commonwealth United Corp.*,
   551 F.2d 887 (2d Cir. 1976)..............................................................................................1, 2

*Loreley Fin. (Jersey) No. 3 Ltd.* v. *Wells Fargo Sec., LLC*,
   797 F.3d 160 (2d Cir. 2015)..................................................................................................2

*In re Manulife Fin. Corp. Sec. Litig.*,
   276 F.R.D. 87 (S.D.N.Y. 2011) ..........................................................................................10

*McClean* v. *County of Westchester*,
   2018 WL 6329420 (S.D.N.Y. Dec. 3, 2018) .....................................................................10

*In re Mylan N.V. Sec. Litig.*,
   379 F. Supp. 3d 198 (S.D.N.Y. 2019) ..................................................................................2

*New Orleans Emps. Ret. Sys.* v. *Celestica, Inc.*,
   455 F. App'x 10 (2d Cir. 2011) ............................................................................................6

*Novak* v. *Kasaks*,
    216 F.3d 300 (2d Cir. 2000)..................................................................................................7

*Omnicare* v. *Laborers Dist. Council Constr. Indus. Pension Fund*,
    575 U.S. 175 (2015)................................................................................................... passim

*In re Omnicom Grp., Inc. Sec. Litig.*,
    597 F.3d 501 (2d Cir. 2010)..................................................................................................9

*Pa. Pub. Sch. Emps.' Ret. Sys.* v. *Bank of Am. Corp.*,
    874 F. Supp. 2d 341 (S.D.N.Y. 2012)...................................................................................9

*Plumbers & Pipefitters Nat'l Pension Fund* v. *Orthofix Int'l NV*,
    89 F. Supp. 3d 602 (S.D.N.Y. 2015).....................................................................................5

*In re Ply Gem Holdings, Inc.*,
    2016 WL 5339541 (S.D.N.Y. Sept. 23, 2016).......................................................................5

*SEC* v. *DiMaria*,
    207 F. Supp. 3d 343 (S.D.N.Y. 2016)...................................................................................6

*SEC* v. *Escala Grp., Inc.*,
    2009 WL 2365548 (S.D.N.Y. July 31, 2009) .......................................................................7

*In re Sonus Networks, Inc. Sec. Litig.*,
    2006 WL 1308165 (D. Mass. May 10, 2006).......................................................................9

*In re Take-Two Interactive Sec. Litig.*,
    551 F. Supp. 2d 247 (S.D.N.Y. 2008)...................................................................................9

*TechnoMarine SA* v. *Giftports, Inc.*,
    758 F.3d 493 (2d Cir. 2014)................................................................................................10

*Thomas* v. *Shiloh Indus.*,
    2017 WL 1102664 (S.D.N.Y. Mar. 23, 2017) ......................................................................7

*Tongue* v. *Sanofi*,
    816 F.3d 199 (2d Cir. 2016)..................................................................................................4

*Turner* v. *MagicJack VocalTec, Ltd.*,
    2014 WL 406917 (S.D.N.Y. Feb. 3, 2014)...........................................................................9

*United States* v. *Sturm*,
    2011 WL 6261657 (10th Cir. Apr. 4, 2011) .........................................................................1

*In re Vale S.A. Sec. Litig.*,
    2020 WL 2610979 (E.D.N.Y. May 20, 2020) .....................................................................2

*Varghese* v. *China Shenghuo Pharm. Holdings, Inc.*,
  672 F. Supp. 2d 596 (S.D.N.Y. 2009) ..................................................................................... 3

*Wochos* v. *Tesla, Inc.*,
  985 F.3d 1180 (9th Cir. 2021) .............................................................................................. 3

**Other Authority**

Riley T. Svikhart, *Dead Precedents*, 93 Notre Dame L. Rev. Online 1 (2017) ............................... 1

Plaintiff's opposition confirms that its allegations of falsity rely exclusively on non-adjudicated, uncorroborated, and inadmissible *negligence* allegations in an SEC Order. Under Second Circuit law, these allegations should be stricken. And, in any event, they are not enough to support *fraud* allegations against Interface as the AC does little more than second guess, with the benefit of hindsight, a handful of relatively small accounting estimates that did not pan out as predicted. Completely missing are particularized allegations that the estimates were objectively and subjectively false when made, as is required under *Omnicare*. Nor has Plaintiff alleged any coherent motive for the alleged fraud or otherwise alleged facts that give rise to a strong inference of scienter. And, to boot, the stock price went up when the SEC Order was disclosed, illustrating the absence of any loss causation. For these reasons, as explained more fully below, the AC should be dismissed.

## Argument

**I.     The AC Fails to Allege a Material Misstatement.**

   **A.     The AC Improperly Relies Upon the SEC Order.**

The AC should be dismissed because all of the AC's allegations of accounting error are sourced from the SEC's Order and should be stricken. Mot. 8–9. Plaintiff does not dispute that all the AC's allegations of falsity come from the SEC Order. *See id.* at 9. Nor does Plaintiff attempt to distinguish *Lipsky* v. *Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976), or the other decisions Defendants cited, which struck allegations derived from settlements with the SEC or other agencies. Mot. 8. Instead, Plaintiff says "*Lipsky* itself explicitly states that 'its holding was limited to the facts of [that] case.'" Opp'n 9. That is not an accurate quotation of *Lipsky*,[1] and in any event,

---

[1]    The Circuit in *Lipsky* referenced "the facts of this case," 551 F.2d at 893, but did not use the word "limited." And even a holding "limited to its facts continues to control in future cases that raise similar factual scenarios." Riley T. Svikhart, *Dead Precedents*, 93 Notre Dame L. Rev. Online 1, 8 (2017); *see United States* v. *Sturm*, 2011 WL 6261657, at *25 (10th Cir. Apr. 4, 2011) (collecting examples of cases following as precedent prior decisions that were explicitly "'restricted' or 'confined'" to their facts).

1

*Lipsky* involved "a consent judgment between a federal agency" and a corporation that was "not the result of an actual adjudication of any of the issues." 551 F.2d at 893. That is the same as this case.

The cases Plaintiff cites in its opposition stand, at most, for a limited exception to the general rule articulated in *Lipsky*, which does not apply here. Those cases permitted limited references to government allegations where, unlike here, the allegations were *corroborated* by other sources such as confidential witnesses or testimony.[2] Plaintiff does not cite any case that relied exclusively on an SEC order, much less one alleging negligence, to sustain fraud claims on a motion to dismiss.[3]

### B.  The Alleged Misstatements Are Matters of Opinion, and the AC is Subject to and Fails to Satisfy the *Omnicare* Standard.

All of the alleged under-accruals and over-valuations relate to accounting judgments that are matters of opinion, and Plaintiff fails to allege both that Interface's opinions were wrong ("objective falsity") and that it lacked a good faith belief in its estimates at the time they were made ("subjective falsity"), as required by *Omnicare* v. *Laborers District Council Construction Industry Pension Fund*,

---

[2] *See Loreley Fin. (Jersey) No. 3 Ltd.* v. *Wells Fargo Sec., LLC*, 797 F.3d 160, 180 (2d Cir. 2015) (plaintiffs "also allege non-conclusory facts . . . sufficient to render unproblematic any implied reliance on the SEC findings"); *JGB (Cayman) Newton, Ltd.* v. *Sellas Life Scis. Grp. Inc.*, 2018 WL 5266877, at *15–16 (S.D.N.Y. Oct. 23, 2018) (allegations from SEC consent order comprised only two paragraphs of complaint and "bolster[ed]" other allegations); *In re Fannie Mae 2008 Sec. Litig.*, 891 F. Supp. 2d 458, 471–72 (S.D.N.Y. 2012) (noting "documentary support" from "discovery" and "publicly available information" supported allegations); *In re Mylan N.V. Sec. Litig.*, 379 F. Supp. 3d 198, 214–15 (S.D.N.Y. 2019) (allegations in complaint relied on confidential witness, among other sources); *In re Vale S.A. Sec. Litig.*, 2020 WL 2610979, at *19 (E.D.N.Y. 2020) (Brazilian regulatory and legislative reports quoted testimony from Vale's officers and cited reports from independent panel of industry experts). Plaintiff says *Fannie Mae* was affirmed by the Second Circuit (Opp'n 8), but the Circuit affirmed the dismissal of an opt-out complaint against an underwriter; it did not review the district court's decision not to strike the allegations derived from the SEC.

[3] Plaintiff's cases are inapposite for additional reasons. *Loreley* was a common-law fraud case that applied a state-law peculiar-knowledge doctrine, which is inapplicable here. 797 F.3d at 169–70, 180. *JGB* declined to strike allegations because it served no "purpose" since the fraud claims were *dismissed*. 2018 WL 5266877, at *16. *Fannie Mae* involved a non-prosecution agreement in which the company "accept[ed] responsibility." *Fannie Mae*, No. 10-CV-2781, ECF No. 65-4 at 232. And, in *Mylan*, the allegations had already resulted in guilty pleas. *Mylan*, No. 16-CV-7926, ECF No. 100 at 20 n.12.

2

575 U.S. 175 (2015). Mot. 9–11. This defect is dispositive, yet Plaintiff can only muster two conclusory and unpersuasive paragraphs in response. Opp'n 14–15.

Plaintiff first asserts that *Omnicare* does not apply because Interface's accruals and valuation were "not statements of opinions because they are not based on any supported application of GAAP." Opp'n 14. That argument is pure misdirection. There is no dispute that Interface's accruals and valuations required predictions of uncertain future events, Mot. 9–10, and Plaintiff concedes that "future estimates" are "inherently subjective." Opp'n 14 n.6. No case supports Plaintiff's assertion that its accusations of GAAP violations transform opinions into statements of fact.[4] To the contrary, allegations of GAAP violations often involve opinions that are protected by *Omnicare*.[5]

Plaintiff next argues that, if *Omnicare* applies, the AC sufficiently alleges subjective falsity because "there is no authority under GAAP" for the opinions and Defendants "could not have sincerely believed" them. Opp'n 15. These conclusory arguments are not enough to show subjective falsity under *Omnicare*. *See Wochos* v. *Tesla, Inc.*, 985 F.3d 1180, 1196 (9th Cir. 2021) (plaintiff must "allege sufficient facts to establish falsity" of opinions); *Burr* v. *Equity Bancshares, Inc.*, 2020 WL 6063558, at *5 (S.D.N.Y. Oct. 14, 2020) ("naked assertion[s]" insufficient "to plausibly allege subjective falsity"). Subjective falsity must be alleged "with particularity." *Burr*, 2020 WL 6063558, at *5; *see In re Fairway Grp. Holdings Corp. Sec. Litig.*, 2015 WL 4931357, at *26

---

[4] Plaintiff unpersuasively cites *Varghese* v. *China Shenghuo Pharm. Holdings, Inc.*, 672 F. Supp. 2d 596, 606 (S.D.N.Y. 2009) (Opp'n 14), which pre-dates *Omnicare* and was a case in which falsity was not disputed; and *Fresno Cnty. Emps.' Ret. Ass'n* v. *comScore, Inc.*, 268 F. Supp. 3d 526, 545–46 (S.D.N.Y. 2017) (Opp'n 14), which likewise involved a confession of error and a restatement. In neither case did defendant argue that the alleged misstatements were opinions. Accordingly, neither decision addressed whether statements were opinions.

[5] *See* Mot. 9–11 (citing *In re AmTrust Fin. Servs., Inc. Sec. Litig.*, 2019 WL 4257110, at *20, *30 (S.D.N.Y. Sept. 9, 2019), and *Salim* v. *Mobile Telesystems, PJSC*, 2021 WL 796088, at *8–9 (E.D.N.Y. Mar. 1, 2021)). Plaintiff purports to distinguish these cases as not involving "intentionally manipulated accounting entries." Opp'n 14 n.6. But those were section 10(b) cases where plaintiff alleged that an opinion was expressed as part of a scheme to defraud.

3

(S.D.N.Y. Aug. 19, 2015) (plaintiffs must allege "what defendants knew, and when they knew it").[6] The AC does not allege any facts supporting the notion that Defendants did not believe the accounting estimates at issue when they made them. While some pre-*Omnicare* cases sustained claims on the theory that there was "no reasonable basis" for defendant's opinion, such a theory is "clearly irreconcilable" with *Omnicare* and was "therefore overruled" by *Omnicare*. *City of Dearborn Heights Act 345 Police & Fire Ret. Sys.* v. *Align Tech., Inc.*, 856 F.3d 605, 615–16 (9th Cir. 2017); *see In re Lehman Bros. Sec. & ERISA Litig.*, 131 F. Supp. 3d 241, 251–55 (S.D.N.Y. 2015) (merely alleging "no reasonable basis" for opinion is insufficient after *Omnicare*).

As to objective falsity, Plaintiff does not identify any underlying facts, known when the estimates were made, that undermined Interface's estimates. *See Frankfurt-Tr. Inv. Luxemburg AG* v. *United Techs. Corp.*, 336 F. Supp. 3d 196, 228 (S.D.N.Y. 2018) (objective falsity not alleged where plaintiff alleged "no specific facts to show that [Defendants'] ultimate projections were unreasonable in light of the information obtained by Defendants"); *City of Westland Police & Fire Ret. Sys.* v. *Metlife, Inc.*, 129 F. Supp. 3d 48, 82 (S.D.N.Y. 2015) (objective falsity not alleged where plaintiff failed to allege facts "regarding the basis for [defendant's] opinion").

Moreover, as shown in Defendants' moving papers, courts find that SOX certifications also are opinions subject to *Omnicare*. Mot. 11. To state a claim based on those certifications, Plaintiff must allege that the signatory did not conduct the evaluation described or believed that controls were ineffective. *Id.* The AC does not allege any of that. Instead, Plaintiff relies on the circular argument that the signatories knew that their certifications were false because they knew that their other accounting judgments were false. Opp'n 15–16. Because Plaintiff's primary theory fails, this derivative theory also fails. Plaintiff also cites the SEC investigation (Opp'n 16), but no accounting

---

[6] *Tongue* v. *Sanofi*, 816 F.3d 199, 213 (2d Cir. 2016) (Opp'n 15), affirmed a dismissal where plaintiffs failed to allege any facts about how defendants formed their subjective opinions.

4

errors are alleged to have been made after the commencement of the investigation.[7]

### C.  The Accounting Adjustments Were Not Material.

The alleged errors are also immaterial. The alleged under-accruals were no more than 1.08% of expenses, and the over-valuations were less than 1% of assets. Mot. 11–13. Plaintiff does not dispute these calculations. Instead, Plaintiff emphasizes other, smaller metrics which overstate the effect of the alleged errors: operating income and earnings before income tax (EBIT). Opp'n 9–14; Mot. 13. Plaintiff fails to explain why either qualifies as a "like item" for purposes of comparison. *See* Mot. 12–13. To the contrary, because the alleged errors relate to expenses and asset valuation (*id.* at 4–6), the like items are total expenses and total assets. *Id.* at 12. Unable to explain why operating income or EBIT are like items, Plaintiff is forced to argue that the choice of a "like item" is never appropriate on a motion to dismiss. That is simply wrong. *See, e.g.*, Mot. 12.[8]

Plaintiff next argues that it has alleged qualitative materiality because Interface reported meeting consensus instead of missing it. Opp'n 13. This is overstated. At most, Plaintiff has alleged that Interface reported meeting consensus instead of missing it in only *one quarter* during the class period. Ex. F; Mot. 13.[9] That factor does not suffice to overcome the "presumptive" (Mot. 11)

---

[7] Plaintiff's cases are inapposite. *In re Glob. Brokerage*, 2019 WL 1428395, at *4, *14 (S.D.N.Y. Mar. 28, 2019) (Opp'n 16) (non-SOX misstatements well-pleaded, so derivative SOX claim also well-pleaded); *In re Insys Therapeutics Inc. Sec. Litig.*, 2018 WL 2943746, at *5 (S.D.N.Y. June 12, 2018) (Opp'n 16) (same); *Plumbers & Pipefitters Nat'l Pension Fund* v. *Orthofix Int'l NV*, 89 F. Supp. 3d 602, 617–19 (S.D.N.Y. 2015) (Opp'n 16) (same); *In re Indep. Energy Holdings PLC Sec. Litig.*, 154 F. Supp. 2d 741, 767 (S.D.N.Y. 2001) (Opp'n 16) (SOX certification not at issue).

[8] In *Ganino* v. *Citizens Utils. Co.*, 228 F.3d 154 (2d Cir. 2000) and *In re Ply Gem Holdings, Inc.*, 2016 WL 5339541 (S.D.N.Y. Sept. 23, 2016) (cited Opp'n 11), unlike here, the court was being asked to resolve factual disagreements about the nature of the accounting adjustments. *See Ganino*, 228 F.3d at 164–65 (declining to resolve factual dispute over whether fees "went directly to [the company's] bottom line as income"); *Ply Gem*, 2016 WL 5339541, at *4 (similar).

[9] Citations to "Ex." are to the exhibits of the Avidan declaration. ECF No. 43. Plaintiff's brief incorrectly asserts that this happened in each quarter from 2Q15 to 2Q16. Opp'n 4–6. But Interface reported *missing* consensus in 4Q15, AC ¶¶ 66, 72 (alleging $0.02 inflation,

5

immateriality of a <1% error. The cases Plaintiff cites to support this proposition all involved misstatements that were quantitatively far more significant and/or more particularized facts to support qualitative factors.[10] Such allegations are missing here.

## II. The AC Fails to Allege a Strong Inference of Scienter.

### A. The AC Fails to Allege Motive.

As shown in Defendants' opening brief, the AC does not plead a coherent motive for any individual to commit the alleged fraud. Mot. 14–16. In response, Plaintiff simply rehashes its arguments without meaningfully responding to the defects Defendants identified. Opp'n 21–22.

As to Hendrix's and Lynch's stock sales, as shown in Defendants' moving brief, they were consistent with pre- and post-class period trading, did not generate substantial profits, did not substantially dispose of their overall positions, and were mostly pursuant to Rule 10b5-1 plans (or Hendrix's retirement); also, other insiders increased their holdings. Mot. 14–16. Ignoring most of these points, Plaintiff notes the 10b5-1 plans were set during the class period. Opp'n 22. But that is irrelevant absent particular allegations the plans were created with "manipulative intent." Mot. 15.

As to the stock incentives, Plaintiff does not dispute that the alleged errors did not increase the size of any Defendant's stock awards. Thus, it cannot provide a compelling motive. Mot. 16.

The purported motive to meet analysts' consensus expectations (Opp'n 19) is not a true

---

without which Interface would have missed by $0.03 instead of by $0.01); and would have beaten consensus in 2Q15 and 2Q16 even without the alleged errors, *see* Ex. F; AC ¶¶ 42, 48, 49 ($0.33 – $0.02 = $0.31 > $0.29); *id.* ¶¶ 82, 89, 90 ($0.32 – $0.02 = $0.30 > $0.29).

[10] In *Ganino*, the qualitative factor was a 51-year earnings trend, and the misstatements also exceeded the 5% quantitative benchmark. 228 F.3d at 166. *New Orleans Emps. Ret. Sys.* v. *Celestica, Inc.*, 455 F. App'x 10, 16 (2d Cir. 2011) (Opp'n 13), involved a restructuring charge that defendants understated by as much as 68%. In *SEC* v. *DiMaria*, 207 F. Supp. 3d 343, 347–38, 356 (S.D.N.Y. 2016) (Opp'n 13), the errors were quantitatively close to 5% (4.28% and 4.83%), and the SEC alleged, with damning email quotations, that executives directed misstatements in order to meet analyst expectations. *Id.* at 347–38, 356 (DiMaria was "going to rip [the division CEO's] f[***]ing head off" if accountants "f[***]ed up.").

motive for scienter purposes here, because the individuals had no personal financial stake in it.  *See Bd. of Trustees of City of Ft. Lauderdale Gen. Emps.' Ret. Sys.* v. *Mechel OAO*, 811 F. Supp. 2d 853, 867–68 (S.D.N.Y. 2011) (alleged motive must be a non-generalized, concrete benefit), *aff'd sub nom. Frederick* v. *Mechel OAO*, 475 F. App'x 353 (2d Cir. 2012).  Moreover, contrary to Plaintiff's assertion (Opp'n 20 n.10), Interface's mixed record of meeting or missing consensus continued during the class period, Ex. B, and is thus inconsistent with the purported motive and scheme.

> **B.  The Nature of the Alleged Accounting Errors Do Not Support an Inference of Scienter.**

Plaintiff also argues that the nature of the alleged accounting errors alone speaks to scienter.  Opp'n 17–20.  Where, as here, a plaintiff does not plead a coherent motive, "the strength of the circumstantial allegations must be correspondingly greater." *Kalnit* v. *Eichler*, 264 F.3d 131, 142 (2d Cir. 2001).  Plaintiff has failed to meet this burden for several reasons.  *First*, the small dollar amounts involved in the accounting errors cut against any inference of scienter.  *See Thomas* v. *Shiloh Indus.*, 2017 WL 1102664, at *4 (S.D.N.Y. Mar. 23, 2017) (scienter "less plausible" where effect of accounting errors was "modest").  *Second*, the fact that the alleged errors relate to matters of judgment and estimates of future events cuts against a finding of scienter.  Mot. 17 & n.14.  *Third*, the cases Plaintiff cites involve patently inappropriate conduct, such as illegally booking revenue from "phantom" shipments.[11]  That is a far cry from the allegations here, where accruals were taken; there was real uncertainty; and, in the end, the accruals were only short by relatively small amounts

---

[11]  *Cf. Emps.' Ret. Sys. of Gov't of the Virgin Islands* v. *Blanford*, 794 F.3d 297, 308 (2d Cir. 2015) (Opp'n 18) (defendants booked "phantom" shipments to hide excess inventory and made substantial, well-timed stock sales after driving up the price); *Novak* v. *Kasaks*, 216 F.3d 300, 311–12 (2d Cir. 2000) (Opp'n 18) (apparel company's balance sheet applied same valuation to present-season inventory and prior-season "box-and-hold" inventory, in violation of company policy that required substantial mark-down of latter); *SEC* v. *Escala Grp., Inc.*, 2009 WL 2365548, at *14 (S.D.N.Y. July 31, 2009) (Opp'n 18) (defendant, licensed CPA, knew obligation to disclose related-party transaction, but did not).

of what, in hindsight, Interface "should" have accrued. Mot. 4–6, 9–10, 17.[12]

### C. Plaintiff's Remaining Theories Are Insufficient to Plead Scienter.

In an effort to confuse the issue, Plaintiff repeats several supposed circumstantial allegations (Opp'n 20–21), without responding to Defendants' explanations as to why they are irrelevant (Mot. 18–19). For example, the fact that an individual speaks to an issue or signs a SOX certificate (which is almost always present in a securities case) says nothing about scienter. *Id.* at 18.

As to Lynch's not-for-cause termination, it was not unusual or suspicious. Mot. 19. Plaintiff offers nonsensical responses. Plaintiff first asserts that Lynch's termination was "just after the end of Q2 2015" (Opp'n 20), but in fact it was in Q4 2016, several months after the last alleged accounting error. Plaintiff cites Lynch's 15-year tenure (*id.* at 21), but that hardly suggests that he was terminated for misconduct, contrary to what Interface disclosed at the time (Ex. P).

Plaintiff next says that the SEC Order's statement of facts "support[s] a claim for fraud." Opp'n 20 n.11. This argument underscores why allegations based on the SEC Order should be stricken. These are un-proven and un-adjudicated allegations. They do not support *any* charge: not the negligence charge the SEC alleged, and certainly not a fraud charge the SEC did not allege.

While scienter should be viewed "holistic[ally]" (Opp'n 3, 21), that "does not permit Plaintiff 'to combine inadequate allegations of motive with inadequate allegations of recklessness.'" *In re Diebold Nixdorf, Inc., Sec. Litig.*, 2021 WL 1226627, at *15 (S.D.N.Y. Mar. 30, 2021) (citation and ellipsis omitted). "After all, zero plus zero (plus zero plus zero plus zero) cannot equal one." *Id.*[13]

---

[12] Plaintiff also argues that the SEC and internal investigations, which began in 2017, are indicative of scienter. Opp'n 19–20. Such investigations do not as a general matter suggest scienter in any period—much less in 2015 or 2016, when the accounting judgments were made. Mot. 17–18. To the extent Plaintiff's brief suggests that Interface made accounting errors "after" the investigations had begun (Opp'n 19–20), that is not supported by the AC.

[13] Much of the AC alleges conduct by Bauer alone (*see*, *e.g.*, AC at ¶¶ 43, 68, 76) or else engages in group pleading that fails to distinguish between Bauer and Lynch (*e.g.*, *id.* at ¶¶ 4, 63, 67, 74, 87). The AC fails to allege scienter as to Bauer for the reasons described above (including lack of motive or conscious misbehavior). *Supra* Part II.A–B. And, as controller,

8

**III.     The AC Fails to Allege Loss Causation.**

Plaintiff fails to allege loss causation because: (i) both alleged corrective disclosures were, at most, "negative characterizations" of prior accounting charges that had been corrected years earlier; and (ii) on the second corrective disclosure date, Interface's stock price went up. Mot. 20–21.

As to the first issue, Plaintiff does not dispute that the accounting entries were booked, and any balance-sheet effects disclosed, in 2015 and 2016. Mot. 20. In response, Plaintiff says that the final accounting charges failed to disclose that there were prior errors. Opp'n 24. That argument at most alleges a "negative characterization" of previously disclosed facts and does not constitute a corrective disclosure. *In re Omnicom Grp., Inc. Sec. Litig.*, 597 F.3d 501, 512 (2d Cir. 2010); *see Fila* v. *Pingtan Marine Enter. Ltd.*, 195 F. Supp. 3d 489, 496–97 (S.D.N.Y. 2016).[14]

The additional information Plaintiff identifies in the 2019 disclosure was not "corrective." Mot. 21. Plaintiff concedes that Interface had no duty to disclose the SEC investigation itself. Opp'n 25 n.16. Nor did the disclosure of the SEC's investigation amount to revelation of the underlying issues. As explained in *Janbay* v. *Canadian Solar, Inc.*, 2012 WL 1080306, at *15 (S.D.N.Y. Mar. 30, 2012) (Opp'n 24), a corrective disclosure must "reveal" the "'relevant truth' about the purported fraud," not "just the existence of a subpoena or investigation." *Id.*[15]

---

he was below the management level. Thus, any scienter by him cannot be imputed to Interface. Mot. 14 n.12 (citing *Thomas* v. *Shiloh Indus.*, 2017 WL 2937620, at *3–5 (S.D.N.Y. July 7, 2017)). *Pa. Pub. Sch. Emps.' Ret. Sys.* v. *Bank of Am. Corp.*, 874 F. Supp. 2d 341, 372 (S.D.N.Y. 2012) (Opp'n 22 n.12), does not hold otherwise. It did not involve a controller, but rather current and former CEOs and CFOs. And *In re Sonus Networks, Inc. Sec. Litig.*, 2006 WL 1308165, at *23 (D. Mass. May 10, 2006) (Opp'n 22), did not hold that the controller was at the management level, but rather found corporate scienter sufficiently alleged where more "senior management" "reckless[ly] fail[ed]" to supervise the controller.

[14] While *Omnicom* was a summary judgment case, its standard applies at all stages of the case, and can be applied on a motion to dismiss. *See, e.g.*, *Turner* v. *MagicJack VocalTec, Ltd.*, 2014 WL 406917, at *13 (S.D.N.Y. Feb. 3, 2014) (granting MTD); *In re CRM Holdings, Ltd. Sec. Litig.*, 2012 WL 1646888, at *30–31 (S.D.N.Y. May 10, 2012) (same).

[15] Plaintiff's purportedly contrary cases are distinguishable because they involve disclosures of facts revealing misconduct. *See In re Take-Two Interactive Sec. Litig.*, 551 F. Supp. 2d 247,

9

As for the 2020 date, Plaintiff cites three cases (Opp'n 25) that do not rebut the efficient market hypothesis, which requires a stock price drop on the first trading day. Mot. 21–22. *First*, Plaintiff cites *Basic Inc.* v. *Levinson*, 485 U.S. 224 (1988), as "rejecting a bright-line rule for loss causation that a stock price must instantly react"; but *Basic* addresses materiality, not loss causation. *Second*, *Carpenters Pension Trust Fund of St. Louis* v. *Barclays PLC*, 750 F.3d 227 (2d Cir. 2014), does not address how long it takes an efficient market to absorb information. The issue raised was whether information had been disclosed earlier. *Id.* at 234. *Third*, citing *In re Cannavest Corp. Sec. Litig.*, 307 F. Supp. 3d 222 (S.D.N.Y. 2018), Plaintiff argues that the Court need not address that the price of a stock recovered soon after the relevant disclosure. However, in that case, the stock price dropped 20% *on the day* of the disclosure. *Id.* at 247. Here, Interface's stock price *rose* the day of the disclosure. Plaintiff's reliance on a delayed market reaction and its failure to explain the rebound both warrant dismissal. *In re Manulife Fin. Corp. Sec. Litig.*, 276 F.R.D. 87, 104 (S.D.N.Y. 2011).

**IV.    The AC Fails to Allege a Control Person Claim.**

Because Plaintiff fails to allege a primary violation or the Individual Defendants' culpable participation, Plaintiff's section 20(a) control claim also should be dismissed. Mot. 23.

## Conclusion

Defendants respectfully submit that the AC should be dismissed entirely, with prejudice.[16]

---

258, 282–90 (S.D.N.Y. 2008) (Opp'n 24) (announcement of SEC investigation corrective where it was closely preceded by publication of special committee report and news articles concerning company's option back-dating); *In re Gentiva Secs. Litig.*, 932 F. Supp. 2d 352, 363–64 (E.D.N.Y. 2013) (Opp'n 24) (announcement of SEC investigation revealed truth where Senate Finance Committee disclosed documents suggestive of wrongdoing).

[16]  Because Plaintiff fails to identify facts that would cure the deficiencies in the AC, and failed to request leave to amend at the pre-motion conference, Plaintiff's request to amend should be denied. *TechnoMarine SA* v. *Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014); *In re Ferrellgas Partners, L.P., Sec. Litig.*, 2018 WL 2081859, at *20 (S.D.N.Y. Mar. 30, 2018); *McClean* v. *County of Westchester*, 2018 WL 6329420, at *24 (S.D.N.Y. Dec. 3, 2018).

Date:  August 2, 2021                          Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By:  */s/ Daniel J. Kramer*
Daniel J. Kramer
Harris Fischman
Shane D. Avidan
1285 Avenue of the Americas
New York, NY  10019-6064
Phone:  (212) 373-3000
Fax:  (212) 757-3990
dkramer@paulweiss.com
hfischman@paulweiss.com
savidan@paulweiss.com

*Counsel for Interface, Inc., Daniel T. Hendrix, Bruce A. Hausmann and Patrick C. Lynch*

SQUIRE PATTON BOGGS (US) LLP

By:  */s/ David Long-Daniels*
David Long-Daniels
(*pro hac vice*)
1230 Peachtree Street NE, Suite 1700
Atlanta, GA 30309
Phone:  (678) 272-3200
Fax:  (678) 272-3211
david.long-daniels@squirepb.com

*Counsel for Jay D. Gould*

11