**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| THOMAS S. SWANSON, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    - v. -<br><br>INTERFACE, INC., DANIEL T. HENDRIX, JAY D. GOULD, BRUCE A. HAUSMANN, and PATRICK C. LYNCH,<br><br>        Defendants. | Case No. 1:20-cv-05518-BMC |

**DEFENDANTS' ANSWER TO PLAINTIFF'S
AMENDED COMPLAINT**

In responding to the allegations in the Amended Complaint For Violations of the Federal Securities Law ("Amended Complaint"), Defendants Interface, Inc., Daniel T. Hendrix, Jay D. Gould, Bruce A. Hausmann, and Patrick C. Lynch (collectively, the "Defendants") (i) incorporate into each response a denial of any allegations in the Amended Complaint to the extent such allegations assert or suggest that Defendants made any untrue statement of material fact or omitted to state a material fact necessary to make the statements made not misleading, and (ii) to the extent that any response is required, deny any allegations or averments in the introductory paragraphs, headings, and subheadings of the Amended Complaint.  Defendants, by and through their respective undersigned attorneys Paul, Weiss, Rifkind, Wharton & Garrison LLP and Squire Patton Boggs LLP, respond to the specific allegations in the Amended Complaint as follows:

1.  Paragraph 1 contains Plaintiff's description of its own claims to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations in paragraph 1.

2.     Defendants admit the allegations in paragraph 2.

3.     Defendants refer to the SEC Order, as defined in footnote 1 of the Amended Complaint, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 3. Footnote 1 creates a defined term to which Defendants are not required to respond.

4.     Defendants deny the allegations in paragraph 4.

5.     Defendants refer to the SEC Order, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 5.

6.     Defendants refer to the SEC Order, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 6.

7.     Paragraph 7 contains Plaintiff's description of its own claims to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations in paragraph 7.

8.     Defendants deny the allegations in paragraph 8.

9.     Defendants refer to Interface's April 24, 2019 Form 8-K, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 9.

10.     Defendants refer to Interface's stock price movement, which speaks for itself, for its complete movement, and otherwise deny the allegations in paragraph 10.

11.     Defendants refer to Interface's stock price movement, which speaks for itself, for its complete movement, and otherwise deny the allegations in paragraph 11.

12.     Paragraph 12 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 12.

13.    Paragraph 13 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 13.

14.    Paragraph 14 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 14.

15.    Paragraph 15 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 15.

16.    Paragraph 16 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 16.

17.    Defendants admit the allegations in paragraph 17.

18.    Paragraph 18 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 18.

19.    Defendants deny the allegations in paragraph 19, except admit that during the purported class period, Interface's shares traded under the ticker "TILE" on NASDAQ.

20.    Defendants deny the allegations in paragraph 20, except admit that Mr. Hendrix served as Interface's President and Chief Executive Officer ("CEO") from January 19, 2020 to April 18, 2022; is Chairman of the Board of Interface; and previously served as the Company's CEO from 2001 to 2017.

21.     Defendants refer to Interface's January 21, 2020 Form 8-K, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 21, except admit that Mr. Gould succeeded Mr. Hendrix as Interface's CEO and served in that role from March 3, 2017 to January 19, 2020.

22.     Defendants deny the allegations in paragraph 22, except admit that Mr. Hausmann has served as Interface's Chief Financial Officer ("CFO") since 2017.

23.     Defendants deny the allegations in paragraph 23, except admit that Mr. Lynch served as Interface's CFO from 2001 to December 15, 2016.

24.     Paragraph 24 creates a defined term to which Defendants are not required to respond.

25.     Defendants deny the allegations in paragraph 25.

26.     Paragraph 26 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 26.

27.     Defendants deny the allegations in paragraph 27.

28.     Defendants deny the allegations in paragraph 28.

29.     Paragraph 29 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 29.

30.     Defendants deny the allegations in paragraph 30.

31.     Defendants deny the allegations in paragraph 31.

32.     Defendants admit the allegations in paragraph 32.

33.     Defendants admit the allegations in paragraph 33.

34.     Defendants admit the allegations in paragraph 34.

35.     Defendants refer to Interface's public financial reports, which speak for themselves, for their complete contents, and otherwise deny the allegations in paragraph 35.

36.     Defendants deny the allegations in paragraph 36.

37.     Defendants deny the allegations in paragraph 37.

38.     Defendants deny the allegations in paragraph 38.

39.     Paragraph 39 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 39.

40.     Paragraph 40 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 40.

41.     Defendants deny the allegations in paragraph 41.

42.     Defendants refer to Interface's quarterly earnings release dated July 29, 2015, which speaks for itself, for its complete contents,  and otherwise deny the allegations in paragraph 42.

43.     Defendants deny the allegations in paragraph 43.

44.     Defendants deny the allegations in paragraph 44.

45.     Defendants refer to Interface's management bonus policy, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 45.

46.     Defendants deny the allegations in paragraph 46.

47.     Defendants deny the allegations in paragraph 47.

48.     Defendants deny the allegations in paragraph 48.

49.    Defendants refer to the BB&T Capital Markets report dated July 30, 2015, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 49.

50.    Defendants refer to Interface's quarterly earnings release dated October 28, 2015, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 50.

51.    Defendants deny the allegations in paragraph 51.

52.    Defendants refer to Interface's collateral split dollar life insurance agreement with the Consultant, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 52.

53.    Defendants refer to Interface's collateral split dollar life insurance agreement with the Consultant, which speaks for itself, for its complete contents, and otherwise deny the allegations in the first sentence of paragraph 53.  The allegations in the second sentence of paragraph 53 state a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations in the second sentence of paragraph 53.

54.    Paragraph 54 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 54.

55.    Defendants refer to Interface's relevant books and records, which speak for themselves, for their complete contents, regarding the asset's recorded value and otherwise deny the allegations in paragraph 55.

56.     Defendants refer to Interface's relevant books and records, which speak for themselves, for their complete contents, regarding the asset's recorded value and otherwise deny the allegations in paragraph 56.

57.     Defendants deny the allegations in paragraph 57.

58.     Defendants deny the allegations in paragraph 58.

59.     Defendants deny the allegations in paragraph 59.

60.     Defendants deny the allegations in paragraph 60.

61.     Defendants deny the allegations in paragraph 61.

62.     Defendants deny the allegations in paragraph 62.

63.     Defendants deny the allegations in paragraph 63.

64.     Defendants deny the allegations in paragraph 64.

65.     Defendants refer to Interface's quarterly earnings release dated February 24, 2016, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 65.

66.     Defendants deny the allegations in paragraph 66.

67.     Defendants refer to Interface's relevant books and records, which speak for themselves, for their complete contents, regarding the Consultant's bonus accrual and otherwise deny the allegations in paragraph 67.

68.     Defendants refer to the quoted communication from Mr. Bauer, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 68.

69.     Defendants refer to Interface's relevant books and records, which speak for themselves, for its complete contents, and otherwise deny the allegations in paragraph 69.

70.     Defendants deny the allegations in paragraph 70.

71.     Defendants deny the allegations in paragraph 71.

72.     Defendants deny the allegations in paragraph 72.

73.     Defendants refer to Interface's quarterly earnings release dated April 27, 2016, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 73.

74.     Defendants deny the allegations in paragraph 74.

75.     Defendants deny the allegations in paragraph 75.

76.     Defendants refer to the quoted communications from Mr. Bauer, which speak for themselves, for their complete contents, and otherwise deny the allegations in paragraph 76.

77.     Defendants deny the allegations in paragraph 77.

78.     Defendants deny the allegations in paragraph 78.

79.     Defendants deny the allegations in paragraph 79.

80.     Defendants refer to the BB&T Capital Markets report dated April 28, 2016, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 80.

81.     Defendants deny the allegations in paragraph 81.

82.     Defendants refer to Interface's quarterly earnings release dated July 27, 2016 and earnings call transcript dated July 28, 2016, which speak for themselves, for their complete contents, and otherwise deny the allegations in paragraph 82.

83.     Defendants refer to Interface's quarterly earnings release dated July 27, 2016, which speaks for itself, for its complete contents, and otherwise deny the allegations in the first sentence of paragraph 83.  The allegations in the second sentence of paragraph 83 state a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in the second sentence of paragraph 83.

8

Defendants refer to Interface's relevant books and records, which speak for themselves, regarding the asset's recorded value and otherwise deny the allegations in paragraph 83.

84.     Defendants refer to Interface's relevant books and records, which speak for themselves, for their complete contents, regarding the asset's recorded value and otherwise deny the allegations in paragraph 84.

85.     Defendants deny the allegations in paragraph 85.

86.     Defendants deny the allegations in paragraph 86.

87.     Defendants deny the allegations in paragraph 87.

88.     Defendants deny the allegations in paragraph 88.

89.     Defendants deny the allegations in paragraph 89.

90.     Defendants refer to the SunTrust Robinson Humphrey report dated July 29, 2016, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 90.

91.     Defendants admit the allegations in paragraph 91.

92.     Defendants admit the allegations in paragraph 92.

93.     Defendants deny the allegations in paragraph 93, except admit that Mr. Hausmann was appointed CFO effective April 10, 2017.

94.     Defendants lack knowledge or information as to the allegations in paragraph 94 and otherwise deny the allegations in paragraph 94.

95.     Defendants deny the allegations in paragraph 95, except admit that the SEC served subpoenas on Interface in February 2018, July 2018, and April 2019; that the SEC requested an internal investigation; and that Interface publicly disclosed the existence of the SEC's investigation on or about April 24, 2019.

9

96. Defendants refer to Interface's Form 8-K dated April 24, 2019, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 96.

97. Defendants refer to Interface's Form 8-K dated April 24, 2019, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 97.

98. Defendants refer to Interface's stock price movement, which speaks for itself, for its complete movement, and otherwise deny the allegations in paragraph 98.

99. Defendants deny the allegations in paragraph 99.

100. Defendants refer to the SEC Order, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 100.

101. Defendants refer to the SEC Order, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 101.

102. Defendants refer to the SEC Order, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 102.

103. Defendants refer to the SEC Order, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 103.

104. Defendants refer to the SEC Order, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 104.

105. Defendants refer to Interface's stock price movement, which speaks for itself, for its complete movement, and otherwise deny the allegations in paragraph 105.

106. Paragraph 106 states a legal conclusion to which Defendants are not required to respond. To the extent a response is required, Defendants deny the allegations contained in paragraph 106.

107.    Defendants refer to Interface's quarterly earnings release dated July 29, 2015, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 107.

108.    Defendants refer to Interface's quarterly earnings release dated July 29, 2015, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 108.

109.    Defendants refer to the transcript of Interface's July 30, 2015 quarterly earnings call, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 109.

110.    Paragraph 110 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 110.

111.    Defendants refer to Interface's Form 10-Q for the second quarter of 2015, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 111.

112.    Defendants refer to Interface's Form 10-Q for the second quarter of 2015, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 112.

113.    Defendants refer to Exhibits 31.1 and 31.2 to Interface's Form 10-Q for the second quarter of 2015, which speak for themselves, for their complete contents, and otherwise deny the allegations in paragraph 113.

114.    Defendants refer to Exhibits 31.1 and 31.2 to Interface's Form 10-Q for the second quarter of 2015, which speak for themselves, for their complete contents, and otherwise deny the allegations in paragraph 114.

115. Paragraph 115 states a legal conclusion to which Defendants are not required to respond. To the extent a response is required, Defendants deny the allegations contained in paragraph 115.

116. Defendants refer to Interface's quarterly earnings release dated October 28, 2015, which speaks for itself, for their complete contents, and otherwise deny the allegations in paragraph 116.

117. Defendants refer to the transcript of Interface's October 29, 2015 quarterly earnings call, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 117.

118. Paragraph 118 states a legal conclusion to which Defendants are not required to respond. To the extent a response is required, Defendants deny the allegations contained in paragraph 118.

119. Defendants refer to Interface's Form 10-Q for the third quarter of 2015, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 119.

120. Defendants refer to Interface's Form 10-Q for the third quarter of 2015, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 120.

121. Defendants refer to Exhibits 31.1 and 31.2 to Interface's Form 10-Q for the third quarter of 2015, which speak for themselves, for their complete contents, and otherwise deny the allegations in paragraph 121.

122. Paragraph 122 states a legal conclusion to which Defendants are not required to respond. To the extent a response is required, Defendants deny the allegations contained in paragraph 122.

123.    Defendants refer to Interface's quarterly earnings release dated February 24, 2016, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 123.

124.    Defendants refer to Interface's quarterly earnings release dated February 24, 2016, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 124.

125.    Defendants refer to the transcript of Interface's February 25, 2016 quarterly earnings call, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 125.

126.    Paragraph 126 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 126.

127.    Defendants refer to Interface's Form 10-K dated March 2, 2016, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 127.

128.    Defendants refer to Interface's Form 10-K dated March 2, 2016, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 128.

129.    Defendants refer to Exhibits 31.1, 31.2, 32.1, and 32.2 to Interface's Form 10-K dated March 2, 2016, which speak for themselves, for their complete contents, and otherwise deny the allegations in paragraph 129.

130.    Paragraph 130 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 130.

131.    Defendants refer to Interface's quarterly earnings release dated April 27, 2016, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 131.

132.    Defendants refer to Interface's quarterly earnings release dated April 27, 2016, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 132.

133.    Defendants refer to the transcript of Interface's April 28, 2016 quarterly earnings call, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 133.

134.    Paragraph 134 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 134.

135.    Defendants refer to Interface's quarterly earnings release dated July 29, 2015; the transcript of Interface's July 30, 2015 quarterly earnings call; Interface's Form 10-Q for the second quarter of 2015; Interface's quarterly earnings release dated October 28, 2015; the transcript of Interface's October 29, 2015 quarterly earnings call; Interface's Form 10-Q for the third quarter of 2015; Interface's quarterly earnings release dated February 24, 2016; the transcript of Interface's February 25, 2016 quarterly earnings call; and Interface's Form 10-K dated March 2, 2016, which speak for themselves, for their complete contents, and otherwise deny the allegations in paragraph 135.

136.    Defendants refer to Interface's Form 10-Q dated May 12, 2016, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 136.

14

137.    Defendants refer to Interface's Form 10-Q dated May 12, 2016, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 137.

138.    Defendants refer to Exhibits 31.1, 31.2, 32.1, and 32.2 to Interface's Form 10-Q dated May 12, 2016, which speak for themselves, for their complete contents, and otherwise deny the allegations in paragraph 138.

139.    Paragraph 139 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 139.

140.    Defendants refer to Interface's quarterly earnings release dated July 27, 2016, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 140.

141.    Defendants refer to Interface's quarterly earnings release dated July 27, 2016, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 141.

142.    Defendants refer to the transcript of Interface's July 28, 2016 quarterly earnings call, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 142.

143.    Defendants refer to the transcript of Interface's July 28, 2016 quarterly earnings call, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 143.

144.    Defendants refer to the transcript of Interface's July 28, 2016 quarterly earnings call, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 144.

145.    Paragraph 145 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 145.

146.    Defendants refer to Interface's Form 10-Q dated August 11, 2016, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 146.

147.    Defendants refer to Interface's Form 10-Q dated August 11, 2016, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 147.

148.    Defendants refer to Exhibits 31.1, 31.2, 32.1, and 32.2 to Interface's Form 10-Q dated August 11, 2016, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 148.

149.    Paragraph 149 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 149.

150.    Defendants refer to Interface's Form 8-K dated November 2, 2016, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 150.

151.    Paragraph 151 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 151.

152.    Defendants refer to Interface's Form 10-Q dated November 10, 2016, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 152.

153.    Defendants refer to Interface's Form 10-Q dated November 10, 2016, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 153.

154. Defendants refer to Exhibits 31.1, 31.2, 32.1, and 32.2 to Interface's Form 10-Q dated November 10, 2016, which speak for themselves, for their complete contents, and otherwise deny the allegations in paragraph 154.

155. Paragraph 155 states a legal conclusion to which Defendants are not required to respond. To the extent a response is required, Defendants deny the allegations contained in paragraph 155.

156. Defendants refer to the transcript of Interface's February 23, 2017 quarterly earnings call, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 156.

157. Defendants refer to the transcript of Interface's February 23, 2017 quarterly earnings call, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 157.

158. Paragraph 158 states a legal conclusion to which Defendants are not required to respond. To the extent a response is required, Defendants deny the allegations contained in paragraph 158.

159. Defendants refer to Interface's Form 10-K dated March 2, 2017, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 159.

160. Defendants refer to Interface's Form 10-K dated March 2, 2017, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 160.

161. Defendants refer to Exhibits 31.1, 31.2, 32.1, and 32.2 to Interface's Form 10-K dated March 2, 2017, which speak for themselves, for their complete contents, and otherwise deny the allegations in paragraph 161.

162.    Paragraph 162 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 162.

163.    Defendants refer to Interface's Form 10-Q dated May 11, 2017, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 163.

164.    Defendants refer to Interface's Form 10-Q dated May 11, 2017, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 164.

165.    Defendants refer to Exhibits 31.1, 31.2, 32.1, and 32.2 to Interface's Form 10-Q dated May 11, 2017, which speak for themselves, for their complete contents, and otherwise deny the allegations in paragraph 165.

166.    Paragraph 166 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 166.

167.    Defendants refer to Interface's Form 8-K dated July 26, 2017, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 167.

168.    Defendants refer to Interface's Form 8-K dated July 26, 2017, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 168.

169.    Defendants refer to the transcript of Interface's July 27, 2017 earnings call, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 169.

170.    Paragraph 170 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 170.

18

171. Defendants refer to Interface's Form 10-Q dated August 10, 2017, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 171.

172. Defendants refer to Interface's Form 10-Q dated August 10, 2017, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 172.

173. Defendants refer to Exhibits 31.1, 31.2, 32.1, and 32.2 to Interface's Form 10-Q dated August 10, 2017, which speak for themselves, for their complete contents, and otherwise deny the allegations in paragraph 173.

174. Paragraph 174 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 174.

175. Defendants refer to Interface's Form 8-K dated October 25, 2017, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 175.

176. Defendants refer to Interface's Form 8-K dated November 6, 2017, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 176.

177. Paragraph 177 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 177.

178. Defendants refer to Interface's Form 10-Q dated November 9, 2017, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 178.

179. Defendants refer to Interface's Form 10-Q dated November 9, 2017, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 179.

180.    Defendants refer to Exhibits 31.1, 31.2, 32.1, and 32.2 to Interface's Form 10-Q dated November 9, 2017, which speak for themselves, for their complete contents, and otherwise deny the allegations in paragraph 180.

181.    Paragraph 181 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 181.

182.    Defendants refer to the transcript of Interface's February 22, 2018 quarterly earnings call, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 182.

183.    Defendants refer to Interface's Form 8-K dated February 28, 2018, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 183.

184.    Paragraph 184 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 184.

185.    Defendants refer to Interface's Form 10-K dated March 1, 2018, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 185.

186.    Defendants refer to Interface's Form 10-K dated March 1, 2018, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 186.

187.    Defendants refer to Exhibits 31.1, 31.2, 32.1, and 32.2 to Interface's Form 10-K dated March 1, 2018, which speak for themselves, for their complete contents, and otherwise deny the allegations in paragraph 187.

188.    Paragraph 188 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 188.

189.    Defendants refer to Interface's financial statements and financial disclosures during the purported Class Period, which speak for themselves, for their complete contents, and otherwise deny the allegations in paragraph 189.

190.    Defendants refer to 17 C.F.R. § 210.4-01(a)(1) and 17 C.F.R. § 210.10-01, which speak for themselves, for their complete contents, and otherwise deny the allegations in paragraph 190.

191.    Defendants refer to Statement of Financial Accounting Concepts No. 2, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 191.

192.    Defendants refer to the SEC Order, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 192.

193.    Paragraph 193 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 193.

194.    Paragraph 194 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 194.

195.    Paragraph 195 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 195.

196.    Paragraph 196 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 196.

197.    Paragraph 197 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 197.

198.    Paragraph 198 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 198.

199.    Paragraph 199 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 199.

200.    Paragraph 200 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 200.

201.    Paragraph 201 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 201.

202.    Paragraph 202 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 202.

203.    Paragraph 203 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 203.

204.    Paragraph 204 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 204.

205.    Paragraph 205 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 205.

206.    Paragraph 206 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 206.

207.    Paragraph 207 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 207.

208.    Paragraph 208 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 208.

209.    Paragraph 209 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 209.

210.    Paragraph 210 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 210.

211.    Paragraph 211 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 211.

212.    Paragraph 212 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 212.

213.    Defendants refer to the SEC's Codification of Staff Accounting Bulletins Topic 1M, Materiality, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 213.

214.    Defendants refer to the SEC's Codification of Staff Accounting Bulletins Topic 1M, Materiality, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 214.

215.    Paragraph 215 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 215.

216.    Defendants refer to the SEC's Codification of Staff Accounting Bulletins Topic 1M, Materiality, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 216.

217.    The first sentence of paragraph 217 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in the first sentence of paragraph 217.  Defendants refer to the SEC's Codification of Staff Accounting Bulletins Topic 1M, Materiality, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 217.

218.    Paragraph 218 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 218.

219.    Paragraph 219 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 219.

220.    Defendants refer to Interface's financial statements, which speak for themselves, for their complete contents, and otherwise deny the allegations in the first sentence of paragraph 220.  The second sentence of paragraph 220 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in the second sentence of paragraph 220.

221.    Paragraph 221 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 221.

222.    Defendants refer to the Statement of Financial Accounting Concepts No. 5, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 222.

223. Defendants refer to Accounting Standards Codification Topic Nos. 450, 710, and 718, which speak for themselves, for their complete contents, and otherwise deny the allegations in paragraph 223.

224. Paragraph 224 states a legal conclusion to which Defendants are not required to respond. To the extent a response is required, Defendants deny the allegations contained in paragraph 224.

225. Defendants refer to Item 7 of Form 10-K and Item 2 Form 10-Q, which speak for themselves, for their complete contents, and otherwise deny the allegations in paragraph 225.

226. Defendants refer to the SEC's interpretive guidance associated with the requirements of Item 303 of Regulation S-K, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 226.

227. Paragraph 227 states a legal conclusion to which Defendants are not required to respond. To the extent a response is required, Defendants deny the allegations contained in paragraph 227.

228. Paragraph 228 states a legal conclusion to which Defendants are not required to respond. To the extent a response is required, Defendants deny the allegations contained in paragraph 228.

229. Paragraph 229 states a legal conclusion to which Defendants are not required to respond. To the extent a response is required, Defendants deny the allegations contained in paragraph 229.

230. Paragraph 230 states a legal conclusion to which Defendants are not required to respond. To the extent a response is required, Defendants deny the allegations contained in paragraph 230.

231.    Paragraph 231 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 231.

232.    Paragraph 232 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 232.

233.    Paragraph 233 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 233.

234.    Paragraph 234 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 234.

235.    Defendants refer to Interface's Form 4s, which speak for themselves, for their complete contents, and otherwise deny the allegations in paragraph 235.

236.    Defendants deny the allegations in paragraph 236.

237.    Defendants refer to Interface's quarterly earnings release dated February 24, 2016, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 237.

238.    Defendants refer to Interface's quarterly earnings release dated February 24, 2016, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 238.

239.    Defendants refer to the transcript of Interface's July 28, 2016 earnings call, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 239.

240.    Defendants refer to the transcript of Interface's February 22, 2018 quarterly earnings call, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 240.

241.    Defendants refer to Interface's SEC filings, quarterly earnings releases, and transcripts of earnings calls, which speak for themselves, for their complete contents, and otherwise deny the allegations in paragraph 241.

242.    Paragraph 242 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 242.

243.    Paragraph 243 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 243.

244.    Defendants refer to the SEC Order, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 244.

245.    Defendants refer to the SEC Order, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 245.

246.    Defendants refer to Interface's Form 8-K dated April 24, 2019, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 246, except admit that the SEC first contacted Interface in November 2017.

247.    Defendants deny the allegations in paragraph 247, except admit that the SEC served subpoenas on Interface in February 2018, July 2018, and April 2019.

248.    Defendants refer to the transcript of Interface's February 22, 2018 quarterly earnings call, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 248.

249.    Defendants refer to Interface's Form 8-K dated November 2, 2016, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 249.

250.    Paragraph 250 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 250.

251.    Defendants deny the allegations in paragraph 251.

252.    Paragraph 252 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 252.

253.    Defendants deny the allegations in paragraph 253.

254.    Defendants refer to Interface's restated and amended Omnibus Stock Incentive Plan dated February 18, 2015, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 254.

255.    Defendants refer to Interface's restated and amended Omnibus Stock Incentive Plan dated February 18, 2015, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 255.

256.    Defendants refer to Interface's restated and amended Omnibus Stock Incentive Plan dated February 18, 2015, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 256.

257.    Defendants Interface, Hendrix, Hausmann, and Gould lack knowledge or information as to the allegations in paragraph 257 and otherwise deny the allegations in paragraph 257.  Defendant Lynch admits that at least some of the shares that Mr. Lynch sold were granted to him under the Omnibus Stock Incentive Plan and otherwise denies the allegations in paragraph 257.

258.    Paragraph 258 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 258.

259.    Paragraph 259 contains Plaintiff's description of its own claims to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations in paragraph 259.

260.    Paragraph 260 states a legal conclusion to which Defendants are not required to respond.  Defendants further lack knowledge or information as to the allegations in the third sentence of paragraph 260.  To the extent a response is required, Defendants deny the allegations in paragraph 260, except admit that throughout the purported Class Period Interface common stock was traded on the NASDAQ.

261.    Paragraph 261 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 261.

262.    Paragraph 262 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 262.

263.     Paragraph 263 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 263.

264.     Paragraph 264 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 264.

265.     Paragraph 265 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 265.

266.     Paragraph 266 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 266.

267.     Paragraph 267 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 267.

268.     Paragraph 268 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 268.

269.     Paragraph 269 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 269.

270.     Defendants refer to Interface's Form 8-K dated April 24, 2019, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 270.

271.    Defendants refer to Interface's stock price movement, which speaks for itself, for its complete movement, and otherwise deny the allegations in paragraph 271.

272.    Paragraph 272 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 272.

273.    Defendants refer to the SEC Order, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 273.

274.    Defendants refer to the SEC Order, which speaks for itself, for its complete contents, and otherwise deny the allegations in paragraph 274.

275.    Defendants refer to Interface's stock price movement, which speaks for itself, for its complete movement, and otherwise deny the allegations in paragraph 275.

276.    The first sentence of paragraph 276 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in the first sentence of paragraph 276.  Defendants deny the allegations in the second sentence of paragraph 276.

277.    Paragraph 277 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 277.

278.    Paragraph 278 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 278.

279.    Paragraph 279 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 279.

280.    Paragraph 280 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 280.

281.    Paragraph 281 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 281.

282.    Defendants hereby repeat, reallege, and incorporate herein by reference their responses to the allegations in paragraphs 1 through 281.

283.    Paragraph 283 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 283.

284.    Paragraph 284 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 284.

285.    Paragraph 285 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 285.

286.    Paragraph 286 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 286.

287.    Defendants hereby repeat, reallege, and incorporate herein by reference their responses to the allegations in paragraphs 1 through 286.

288.    Paragraph 288 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 288.

289.    Paragraph 289 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 289.

290.    Paragraph 290 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 290.

291.    Paragraph 291 states a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in paragraph 291.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants hereby repeat, reallege, and incorporate herein by reference their responses to the allegations in Paragraphs 1 through 291 of the Amended Complaint and plead their Affirmative and Other Defenses, without assuming the burden of proof, persuasion, or production not otherwise legally assigned to them, and without prejudice to their Answer. Defendants hereby reserve the right to amend or add additional defenses upon further investigation and discovery.

## FIRST DEFENSE

Plaintiff fails, in whole or in part, to state a claim against Defendants upon which relief may be granted or for which the damages sought may be awarded.

## SECOND DEFENSE

Plaintiff fails, in whole or in part, to plead facts underlying the alleged fraudulent conduct with sufficient particularity as required by Federal Rule of Procedure 9(b) and the Private Securities Litigation Reform Act of 1995.

## THIRD DEFENSE

Defendants are not liable to Plaintiff because Defendants' statements were accurate in all material respects.

## FOURTH DEFENSE

Plaintiff's claims against Defendants are barred, in whole or in part, because Defendants did not make any statements or omissions of material fact that they knew, or deliberately or recklessly disregarded, to be fraudulent or misleading.

## FIFTH DEFENSE

Defendants are not liable to Plaintiff because Defendants' statements did not contain any misrepresentations or omissions.

## SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part because Defendants did not make or cause to be made any statements that were false or misleading with respect to material facts when made, or any misleading, actionable omissions of material fact.

35

**SEVENTH DEFENSE**

Defendants are not liable to Plaintiff because Defendants did not act with the requisite scienter.

**EIGHTH DEFENSE**

Defendants acted at all times in good faith and had no knowledge, and were not reckless in not knowing, that any alleged misstatement or omission was false or misleading.

**NINTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Interface's management relied, in good faith, and was entitled to rely, on advice and information provided by Interface's accountants, auditors, consultants, and professional advisors, both within and outside of Interface.

**TENTH DEFENSE**

Plaintiff's claims against Defendants are barred, in whole or in part, because any alleged misstatements or omissions were immaterial to the investment decisions of a reasonable investor.

**ELEVENTH DEFENSE**

Plaintiff's claims against Defendants are barred, in whole or in part, by the safe harbor provisions for forward-looking statements in the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-5).

**TWELFTH DEFENSE**

The claims asserted in the Amended Complaint are barred, in whole or in part, by the bespeaks caution doctrine.

36

## THIRTEENTH DEFENSE

The claims asserted in the Amended Complaint are barred, in whole or in part, because Defendants did not intentionally make any misleading statement or misleading, actionable omission.

## FOURTEENTH DEFENSE

The claims asserted in the Amended Complaint are barred, in whole or in part, because at all times, and with respect to all matters contained herein, Defendants acted in good faith, exercised reasonable care and did not know, and in the exercise of reasonable care could not have known, of the purported untruths, misstatements, and/or omissions alleged in the Amended Complaint.

## FIFTEENTH DEFENSE

The claims asserted in the Amended Complaint are barred, in whole or in part, because Defendants did not negligently make any misleading statement or misleading, actionable omission.  At all times, and with respect to all matters contained herein, Defendants acted in good faith, exercised reasonable care and did not know, and in the exercise of reasonable care could not have known, of the purported untruths, misstatements, and/or omissions alleged in the Amended Complaint.

## SIXTEENTH DEFENSE

Plaintiff's claims against Defendants are barred, in whole or in part, because the statements challenged constitute immaterial puffery or corporate optimism that are not actionable.

## SEVENTEENTH DEFENSE

Defendants are not liable to Plaintiff because Defendants had no duty to disclose any facts allegedly not disclosed.

## EIGHTEENTH DEFENSE

Plaintiff's claims against Defendants are barred, in whole or in part, because the risks of investing in Interface securities that ultimately came to pass, if any, were adequately disclosed, and thus Plaintiff was warned of all the risks that Plaintiff alleges were misstated or omitted.

## NINETEENTH DEFENSE

Plaintiff's claims against Defendants are barred, in whole or in part, because Plaintiff's alleged injuries were not legally or proximately caused by any statements or omissions of Defendants.

## TWENTIETH DEFENSE

Plaintiff's claims against Defendants are barred, in whole or in part, because of the lack of loss causation, or any conduct that caused a purported artificial inflation and subsequent deflation of the price of Interface's common stock.

## TWENTY-FIRST DEFENSE

Plaintiff's claims against Defendants are barred, in whole or in part, because the Amended Complaint fails to adequately plead transaction causation, and in fact, Plaintiff cannot prove transaction causation.

## TWENTY-SECOND DEFENSE

Defendants are not liable for control person liability under Section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t(a), as Defendants acted in good faith and

did not disseminate any false or misleading statements or omit any material facts required to be disclosed.

## TWENTY-THIRD DEFENSE

Defendants are not liable for control person liability under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), as Defendants did not directly or indirectly induce any act alleged to constitute a violation of Section 20(a) of the Exchange Act.

## TWENTY-FOURTH DEFENSE

Defendants are not liable for control person liability under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), because Defendants did not culpably participate in any fraud.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff did not rely detrimentally and/or reasonably upon the purported misrepresentations or omissions alleged in the Amended Complaint.

## TWENTY-SIXTH DEFENSE

Any recovery for damages allegedly incurred by Plaintiff is subject to offset in the amount of any value gained through the investment (including tax benefits actually received), 15 U.S.C. § 78u-4(e).

## TWENTY-SEVENTH DEFENSE

Any recovery for damages allegedly incurred by Plaintiff is subject to the "90-day-bounce-back" damages limitation, 15 U.S.C. § 78u-4(e).

## TWENTY-EIGHTH DEFENSE

The damages for which Plaintiff claims Defendants is responsible arise from a depreciation in share price that was not the result of any material misrepresentation or actionable

39

omission by Defendants and were otherwise caused or contributed to by persons or entities for whom Defendants is not responsible and for whom Defendants is not liable, or by factors other than any alleged misrepresentations or omissions for which Defendants may be responsible.

## TWENTY-NINTH DEFENSE

Plaintiff's alleged damages were the result of intervening or superseding events, acts, or omissions of other parties, or industry or market conditions over which Defendants had no control and for which they cannot be held liable to Plaintiff.

## THIRTIETH DEFENSE

To the extent asserted by a putative class, Plaintiff's claims against Defendants are barred, in whole or in part, because they cannot satisfy any of the requirements for certification of a class under Federal Rule of Civil Procedure 23.

## THIRTY-FIRST DEFENSE

The putative class period is overbroad and, therefore, many of the putative class members are not entitled to any recovery.

## THIRTY-SECOND DEFENSE

Plaintiff is not entitled to recover attorney's fees, experts' fees, or other costs and expenses.

## THIRTY-THIRD DEFENSE

Defendants are not liable to the extent Plaintiff or putative class members did not purchase shares of Interface common stock during the purported Class Period, or purchased shares not subject to a registration statement or prospectus covered by the Securities Act of 1933.

## THIRTY-FOURTH DEFENSE

Plaintiff's and putative class members' claims are barred in whole or in part because Plaintiff and putative class members lack standing to pursue some or all of their claims

40

against Defendants.

## THIRTY-FIFTH DEFENSE

Plaintiff's and putative class members' claims are barred in whole or in part to the extent Plaintiff and putative class members failed to make reasonable efforts to mitigate their alleged injury or damage.

## THIRTY-SIXTH DEFENSE

Defendants hereby provide notice that they may rely on other defenses if and when such defenses become known during the course of the litigation, and hereby reserve the right to amend their Answer and to assert any additional defenses, cross-claims, counterclaims, and third-party claims as they become known or available.

Dated: July 21, 2022
      New York, New York

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP


By: */s/ Harris Fischman*

Daniel J. Kramer
Harris Fischman
Shane D. Avidan
1285 Avenue of the Americas
New York, NY  10019-6064
Phone:  (212) 373-3000
Fax:  (212) 757-3990
dkramer@paulweiss.com
hfischman@paulweiss.com
savidan@paulweiss.com

*Counsel for Interface, Inc., Daniel T. Hendrix,
Bruce A. Hausmann, and Patrick C. Lynch*



SQUIRE PATTON BOGGS (US) LLP


By:  */s/ David Long-Daniels*

David Long-Daniels (*pro hac vice*)
1230 Peachtree Street NE, Suite 1700
Atlanta, GA 30309
Phone: (678) 272-3200
Fax: (678) 272-3211
david.long-daniels@squirepb.com

*Counsel for Jay D. Gould*