**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THOMAS S. SWANSON, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>       - v. -<br><br>INTERFACE, INC., DANIEL T. HENDRIX, JAY D. GOULD, BRUCE A. HAUSMANN, and PATRICK C. LYNCH,<br><br>          Defendants. | Case No. 1:20-cv-05518-BMC |

**STIPULATION AND [PROPOSED] ORDER OF CONFIDENTIALITY**

IT IS HEREBY STIPULATED AND AGREED, pursuant to Fed. Rule of Civil Procedure 26(c), by and among the undersigned attorneys for the parties to this action (the "Litigation"), that this Stipulation and Order of Confidentiality (the "Order") shall govern the handling of discovery in this Litigation as further provided herein, including, but not limited to, documents, responses to document requests, deposition testimony, deposition exhibits, answers to interrogatories, responses to requests to admit, electronically stored information ("ESI"), and certain other written, recorded or graphic matter ("Discovery Material"), where applicable, produced by or obtained from any party or non-party from whom Discovery Material may be sought (the "Producing Party") during this Litigation.

1.      All Discovery Material designated as "Confidential" or information derived therefrom shall be used solely for the prosecution or defense of this Litigation, including any appeal and retrial, or the enforcement of insurance rights with respect to this Litigation, and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or any other litigation.

2.      In producing Discovery Material, any party may designate as "Confidential" pursuant to this Order any material or testimony and information contained therein that it reasonably and in good faith believes to contain information that requires the protections provided in this Order ("Confidential Discovery Material"), as set forth in Paragraph 4 below.

3.      In submitting Discovery Material to the Court in connection with any submissions or filings, any party may designate as "Confidential" pursuant to this Order any material or testimony and information contained therein that it reasonably and in good faith believes to contain Confidential Discovery Material, as set forth in Paragraph 4 below, such that the party believes

1

that good cause exists for the filing and maintenance of such documents and information under seal.

4.      For purposes of this Order, Discovery Material that may be designated as "Confidential Discovery Material" includes, but is not limited to, all non-public materials containing or constituting information related to:

(a)      personal information of a sensitive nature;

(b)      proprietary information;

(c)      personnel-related information;

(d)      business information;

(e)      information constituting or relating to trade secrets;

(f)      personal and business financial information;

(g)      financial or business plans and strategies;

(h)      projections or analyses;

(i)      studies or analyses by internal or outside experts, attorneys or consultants;

(j)      competitive analyses;

(k)      organizational development and planning;

(l)      marketing plans and strategies;

(m)     pricing of goods and services;

(n)      financial, tax, or accounting results or data; or

(o)      any other information for which applicable federal, state or foreign law requires confidential treatment.

5.      Public disclosure of information designated as Confidential Discovery Material, not in violation of this Order, may provide a basis for de-designation through the process set out herein.

2

6.      Nothing in this Order shall be construed to provide less protection to confidential information designated by the parties than the Federal Rules of Civil Procedure or the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

7.      The designation by any party of any Discovery Material as "Confidential" shall constitute a representation that such Discovery Material has been reviewed by an attorney for the designating party and that there is a good faith basis for such designation.

8.      The designation of Discovery Material as "Confidential" Discovery Material for purposes of this Order shall be made in the following manner by the Producing Party:

(a)      In the case of electronic or paper documents or other materials (apart from depositions or other pre-trial testimony), designation shall be made by affixing the legend "Confidential" to each page containing any Confidential Discovery Material (or, in the event that any documents are produced in native format, by affixing such notice to the slip sheet for such document).  ESI designated as "Confidential" shall be so designated by including such notice in the body of the electronic document or by affixing a stamp with such notice on the medium (including, but not limited to, tapes, CDs, DVDs and flash drives) on which the electronic data is stored before copies are delivered to any party receiving such information. Print-outs of any such electronic information designated as Confidential Discovery Material shall be treated in accordance with the terms of this Order.

(b)      In the case of depositions or other pre-trial testimony, designation of the portion of the transcript (including exhibits) that contains Confidential Discovery Material shall be made (i) by a statement to such effect on the record during the proceeding in which the testimony is received, and/or (ii) by written notice served on counsel of record in this Litigation and any court reporter within fourteen (14) days after the receipt of the official transcript of such

3

proceeding, provided that all testimony, exhibits and transcripts of depositions or other testimony shall be treated as "Confidential" before such fourteen (14) day period has expired. The designating party shall direct the court reporter that the confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential Discovery Material. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.

(c)     The inadvertent failure to designate Discovery Material as "Confidential" in accordance with Paragraphs 8(a) and (b) herein does not constitute a waiver of such claim and may be corrected by supplemental written notice at any time, with the effect that such Discovery Material will be subject to the protections of this Order from the time it is designated "Confidential."

9.     Other than upon the prior written consent of the Producing Party or order of the Court, no person subject to this Order (including any witness to whom Confidential Discovery Material has been provided pursuant to subparagraph (g) below) shall disclose, summarize, describe, characterize or otherwise communicate or make available Confidential Discovery Material in whole or in part to any other person whomsoever, except to the individuals described in the below subparagraphs. Any disclosure permitted by this paragraph may be made only to the following persons and only to the extent reasonably necessary to prosecute and defend the Litigation:

(a)     counsel who represent parties to this Litigation, including any in-house counsel, and regular or temporary employees and service vendors of such counsel (including outside copying and litigation support services) assisting in the conduct of the Litigation for use in accordance with this Order;

(b)    subject to Paragraph 10, the parties' experts, consultants, or outside investigators (including their professional staff) assisting counsel for parties to this Litigation who execute a signed exhibit agreeing to be bound by the terms of this Order and agreeing not to disclose or use any Confidential Discovery Material in a manner or for purposes other than those permitted herein; provided that under no circumstances shall an expert or consultant who is known to be a competitor or an employee of a known competitor of a party, or who is providing services to any of the foregoing be provided access to Confidential information absent further order of the Court or consent of the Producing Party. "Competitors" are persons or entities endeavoring to engage in the same or similar line of business, provide the same or similar services, sell the same or similar products, and/or operate in the same markets, as well as any persons who are actually engaged in any of these activities;

(c)    the Court and its employees, any appellate court in this Litigation, and jurors, pursuant to this Order;

(d)    court reporters, stenographers, or videographers employed in connection with this Litigation and their support personnel;

(e)    deposition stenographers or videographers recording testimony and their support personnel;

(f)    any fact witness called to testify at a deposition in this Litigation who (i) is indicated on the face of a document or accompanying written correspondence or other documents to be the author, addressee, or a copy recipient (including "bcc" recipient) of the document, or any other person who otherwise is shown to have previously received a copy of the document not in violation of this Order or any other obligation of confidentiality; or (ii) has executed a signed

5

exhibit agreeing to be bound by the terms of this Order and agreeing not to disclose or use any Confidential Discovery Material in a manner or for purposes other than those permitted herein;

(g)    any fact witness called to testify at a trial in this Litigation (and their counsel), during the course of his or her testimony in this Litigation, for use in accordance with this Order, provided such person, prior to disclosure, has been advised of the contents of this Order;

(h)    outside photocopying, data processing, graphic production services, litigation support services, or employed by the parties or their counsel to assist in the Litigation, and outside computer personnel performing duties in relation to a computerized litigation system;

(i)    special masters, mediators or arbitrators appointed by the Court or retained by the parties for settlement purposes or resolution of discovery or other disputes and their staff;

(j)    any insurers and reinsurers of the parties to these proceedings, and counsel to such insurers and reinsurers; and

(k)    any other person upon order of the Court or upon stipulation of the party that designated the Discovery Material as "Confidential."

10.    Confidential Discovery Material may be provided to those parties identified in Paragraphs 9(b), (f), (h) and (i), provided that such parties sign an undertaking in the form attached as Exhibit A hereto, agreeing in writing to be bound by the terms and conditions of this Order and agreeing not to disclose or use any Confidential Discovery Material in a manner or for purposes other than those permitted herein.

11.    Confidential Discovery Material may be provided to those identified in Paragraph 9(b) to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this Litigation, provided that: (i) the retaining party believes in good faith, following reasonable inquiry, that such expert or consultant

is not otherwise currently an employee of, or advising or discussing employment with, or consultant to, any party to or any person known or reasonably believed to be a competitor of any party to this Litigation; (ii) such expert or consultant is using said Confidential Discovery Material solely in connection with this Litigation; and (iii) any report created by such expert or consultant relying on or incorporating Confidential Discovery Material in whole or in part shall be designated as "Confidential" by the party responsible for its creation.

12.     Counsel for the party showing or disclosing Confidential Discovery Material to any person required to execute an undertaking pursuant to Paragraph 10 shall be responsible for obtaining such signed undertaking and retaining an executed copy thereof.  Confidential Discovery Material filed with the Court, and portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. Any party may challenge such sealing in accordance with applicable law.

13.     All pleadings, briefs or memoranda which reproduce, paraphrase or disclose any documents which have been designated as Confidential Discovery Material shall identify such documents by the production number ascribed to them at the time of production.

14.     Notwithstanding any other provision of this Order, a recipient of Confidential Discovery Material may, at any time, notify the Producing Party and all other parties to the Litigation that the recipient does not concur in the designation of a document or other material as Confidential Discovery Material. The objecting party must notify the Producing Party in writing of that objection, and counsel for the Producing Party and the objecting party shall meet and confer in an effort to resolve any disagreement regarding the Producing Party's designation of the

Discovery Material as Confidential.  If they are unable to resolve any dispute about the proper designation of such Discovery Material, counsel for all affected persons will address their dispute to the Court to obtain a ruling. If no request to de-designate documents is made to the Court, such documents or materials shall continue to be treated as Confidential Discovery Material. If such request to the Court is made, the documents or other materials shall maintain their status as Confidential Discovery Material, in accordance with the Producing Party's designation, unless and until the Court rules otherwise. Pursuant to such ruling, the Producing Party shall provide to each other party replacement versions of such Discovery Material that reflects the de-designation within a reasonable time after resolution by the Court of any dispute

15. Entering into, agreeing to and/or producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Order shall not:

(a) operate as an admission by any party that any particular Confidential Discovery Material contains or reflects the type of information that might warrant designation as Confidential Discovery Material under the terms of this Order;

(b) prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material;

(c) prejudice in any way the rights of any party to object to the production of any document requested on confidentiality, relevance or any other grounds;

(d) prejudice in any way the rights of any party to assert that any Confidential Discovery Material is subject to any applicable claim of privilege or protection, including, but not

8

limited to, the attorney-client privilege and attorney work product doctrine, and is without prejudice to any other party's right to contest such a claim of privilege or protection;

(e)    constitute a waiver of the right to object to the authenticity or admissibility of any document subject to this Order;

(f)    prejudice in any way the rights of a party to obtain a determination by the Court whether any Discovery Material is, should be, or should not continue to be, subject to the terms of this Order;

(g)    prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information; or

(h)    prevent the parties from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

16.    Each party must promptly advise the Producing Party through counsel of any losses, or compromises of the confidentiality, of the Confidential Discovery Material governed by this Order. If any person receiving documents covered by this Order (the "Receiver") learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery Material to any person or in any circumstance not authorized under this Order, the Receiver must, as soon as practicable, (a) notify counsel of record for the party who provided the documents to the Receiver of the unauthorized disclosures, (b) make reasonable efforts to retrieve all copies of the Confidential Discovery Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute Exhibit A.

17.    This Order has no effect upon, and shall not apply to, any party's use or disclosure of its own Confidential Discovery Material for any purpose.

18.     If a Producing Party inadvertently discloses information in the context of this Litigation that the Producing Party believes in good faith is subject to a claim of attorney-client privilege, attorney work product protection, or any other ground upon which production of such information may be lawfully withheld from any party ("Inadvertently Disclosed Information"), such disclosure shall be without prejudice to any claim that such material is privileged or protected from disclosure under the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or protection, and shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.  The process for handling and return of disclosed Privileged Material shall be as follows:

(a)     If the Producing Party has disclosed or made available to a party (the "Receiving Party") information it claims to be Privileged Material, the Producing Party may notify the Receiving Party of its claim and the basis for it.

(b)     Upon such notification, the Receiving Party must:

(i)     take reasonable efforts pursuant to Rule 26 of the Federal Rules of Civil Procedure to promptly return, sequester, or destroy the Inadvertently Disclosed Information, any reasonably accessible copies it has, and any work product reflecting the contents of the Inadvertently Disclosed Information;

(ii)     not use or disclose the information until the privilege claim is resolved; and

(iii)     take reasonable steps to retrieve the information if the Receiving Party disclosed it to any other person or entity before receiving notice.

(c)    For purposes of this Order, Inadvertently Disclosed Information that is not reasonably accessible because of undue burden or cost is sequestered.

(d)    Upon the request of the Producing Party, the Receiving Party shall provide a certification to the Producing Party that it has undertaken the foregoing efforts, and that it will cease further review, dissemination, and use of the Inadvertently Disclosed Information.

19.    In the event additional parties join or are joined in this Litigation, the newly-joined parties shall not have access to Confidential Discovery Material produced by or obtained from the Producing Party until their counsel has executed and, at the request of any party, filed with the Court their agreement to be fully bound by this Order.

20.    The provisions of this Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this Litigation, including without limitation any appeals therefrom, subject to the rules of any appellate court which may override this Order in any or all respects. Within sixty (60) business days after receiving notice of the entry of an order, judgment or decree finally disposing of all litigation in which Confidential Discovery Material is used, including the exhaustion of all possible appeals and other review, each person having received Confidential Discovery Material shall, upon the request of the Producing Party, undertake reasonable efforts to: (i) return such material and all copies thereof to counsel for the Producing Party; or (ii) destroy all such Confidential Discovery Material. Outside counsel for the parties shall be entitled to retain court papers, correspondence, pleadings, deposition transcripts, trial transcripts, expert reports, exhibits and any attorney work product which includes reference to Confidential Discovery Material. All Discovery Material returned to the parties or their counsel by the Court and all Discovery Material in the possession of outside copying and litigation support services likewise shall be disposed of in accordance with

this Paragraph. Notwithstanding the foregoing, no party is obligated to return or destroy Confidential Discovery Material that is not reasonably accessible. Furthermore, neither the parties nor the Court shall be obliged to return or destroy any production documents or production things (or any photocopies thereof) that were admitted into evidence at trial or any hearing; incorporated (as an exhibit, appendix, or otherwise) as part of a document filed with or submitted to the Court; or incorporated (as an exhibit, appendix, or otherwise) as part of an expert report.

21.    Counsel for the parties shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings. If counsel for the parties cannot agree on an approach, the matter shall be presented to the Court.

22.    If a Receiver is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand seeks Discovery Material that was produced or designated as "Confidential" by someone other than the Receiver, the Receiver shall (i) give written notice (and include with that notice a copy of the subpoena or request) by hand, overnight delivery, facsimile transmission or e-mail promptly, and in no event later than three (3) business days after receipt of such subpoena or document demand, to those who produced or designated as "Confidential" the material and, (ii) except as ordered otherwise by a court of competent jurisdiction, refrain from producing any Discovery Material that has been designated "Confidential" in response to such a subpoena or document demand until the earlier of (x) receipt of written notice from the Producing Party that such party does not object to production of the designated Discovery Material or (y) resolution of any objection asserted by the Producing Party, either by agreement or by order of the court with jurisdiction over the objection of the Producing Party. The person to whom the subpoena is directed shall make all reasonable good faith efforts to

12

provide the Producing Party a reasonable period of time in which to seek to quash the subpoena, or to move for any protection for the Confidential Discovery Materials, before the person to whom the subpoena is directed takes any action to comply with the subpoena. The burden of opposing the enforcement of the subpoena shall fall solely upon the Producing Party, and in no event shall such Discovery Materials subject to this Order be produced by a person receiving a subpoena without providing the Producing Party an opportunity to quash or object, absent a court order to do so. Notwithstanding the foregoing, unless the Producing Party submits a timely written objection seeking an order that the subpoena not be complied with, and serves such objection upon the Receiver by hand, overnight delivery, facsimile transmission or email before the production pursuant to the subpoena, the Receiver shall be permitted to produce documents responsive to the subpoena on the subpoena response date. Compliance by the Receiver with any order directing production pursuant to the subpoena of any Confidential Discovery Material shall not constitute a violation of this Order. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Order to challenge or appeal any order directing production of Confidential Discovery Material covered by this Order, or to subject himself or itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

23.     Any party may designate as Confidential any Discovery Materials that contain Confidential Discovery Material produced by another party or non-party, provided that such Discovery Materials contain the designating party's own confidential information, in either original or summarized form. Any such designation of a document shall be made promptly after the date of its production to the designating party, unless good cause is shown for a later designation. Such designations shall be accomplished by providing written notice to all parties

13

identifying (by production number, transcript line and page number, or other individually identifiable information) the document, testimony or other information so designated.

24.     Confidential Discovery Material that the Producing Party has produced, whether voluntarily, under subpoena or otherwise, to any regulator (including any division of any federal, state or local government in the U.S. or abroad, any division of any foreign government, or any industry self-governing, licensing or insuring entity), or that is subsequently produced by the Producing Party to any such regulator, shall nonetheless continue to be subject to this Order and shall not cease to be Confidential Discovery Material regardless of whether such regulator made or makes such Confidential Discovery Material available to one or more third parties. Notwithstanding the foregoing, the Receiver may challenge the continued confidentiality of such Confidential Discovery Material on the ground that it was produced to a regulator or other third party or for any other reason, pursuant to the procedures set forth in Paragraph 14.

25.     This Order applies to all Discovery Material produced in this Litigation, whether produced before or after the entry of this Order and whether produced by a party or non-party to the Litigation. This Order may be enforced by any party or non-party to the Litigation by application to the Court, and references to "party" or ''parties" herein shall include any producing or designating party or non-party regardless of whether such Producing Party is a party to the Litigation.

26.     The parties agree that this Order is effective upon its filing with the Court.  During the pendency of the Court's review of this Order, the parties agree to comply with its terms.

27.     Except as expressly set forth herein, this Order may be modified only by further agreement of all parties hereto in writing or by order of the Court, and is without prejudice to the rights of any party to seek modification of this Order by application to the Court.

14

28.     Nothing in this Order shall preclude any party from seeking judicial relief with regard to any provision hereof.

29.     This Order is governed by, interpreted under, and construed and enforced in accordance with New York law, without regard to the conflicts of law principles of the State of New York. Any dispute between the parties regarding this Order, shall be resolved by making an appropriate application to this Court in accordance with the Rules thereof.

30.     This Order may be executed in counterparts. This Order shall become effective as a stipulation among the parties immediately upon its execution.

DATED: October 21, 2022

ROBBINS GELLER RUDMAN
  & DOWD LLP
Samuel H. Rudman
David A. Rosenfeld
Philip T. Merenda
Natalie Bono
58 South Service Road, Suite 200
Melville, New York 11747
Telephone:  631/367-7100
Email:  srudman@rgrdlaw.com
Email:  drosenfeld@rgrdlaw.com
Email:  pmerenda@rgrdlaw.com
Email:  nbono@rgrdlaw.com

*Lead Counsel for Lead Plaintiff*

*/s/ Harris Fischman*

PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP
Daniel J. Kramer
Harris Fischman
Shane D. Avidan
1285 Avenue of Americas
New York, New York 10019-6064
Telephone: 212/373-3000
Email:  dkramer@paulweiss.com
Email:  hfischman@paulweiss.com
Email:  savidan@paulweiss.com

*Counsel for Defendants Interface, Inc.,*
*Daniel T. Hendrix, Bruce A. Hausmann, and*
*Patrick C. Lynch*

SQUIRE PATTON BOGGS (US) LLP
David Long-Daniels (*pro hac vice*)
1230 Peachtree Street NE, Suite 1700
Atlanta, Georgia 30309
Telephone: 678/272-3200
Email:  david.long-daniels@squirepb.com

*Counsel for Defendant Jay D. Gould*

IT IS SO ORDERED.

DATED:  _____     _____
                                      THE HONORABLE BRIAN M. COGAN

16

**EXHIBIT A**

I, _____ state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulation and Order of Confidentiality (the "Order") executed in the above-captioned action (the "Litigation").

5. I have read and understand the provisions of the Order.

6. I will comply with the provisions of the Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Order, and will use only for purposes of this Litigation, any Confidential Discovery Information (as defined in the Order) that is disclosed to me.

8. In accordance with the terms of the Order, I will destroy or, upon request, return to counsel for the party by whom I am employed or retained, all Confidential Discovery Information that comes into my possession.

9. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Order in this Litigation.

Dated:_____

_____
[INSERT]