# Exhibit C-1



September 23, 2022

**<u>VIA EMAIL</u>**
([hfischman@paulweiss.com](mailto:hfischman@paulweiss.com))
Harris Fischman, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064

Re:     *Thomas S. Swanson* v. *Interface, Inc., Daniel T. Hendrix, Jay D. Gould, Bruce A. Hausmann, and Patrick C. Lynch.,* No. I :20-cv-05518-BMC (E.D.N.Y.)

Dear Mr. Fischman:

We write regarding the Subpoena *Duces Tecum* dated August 25, 2022 (the "Subpoena") directed to Chartwell Investment Partners ("Chartwell"). Chartwell responds and objects to the Subpoena and the requests set forth therein (the "Requests," and each a "Request") as follows:

### GENERAL RESPONSES AND OBJECTIONS

Chartwell incorporates by reference each and every General Objection set forth below into each specific response herein. A specific response may repeat a General Objection for emphasis or some other reason. However, the omission of any General Objection in any specific response is not intended to and shall not be construed as a waiver of any General Objection.

Furthermore, by responding to any Request, Chartwell does not waive any objection that may be applicable to:  (a) the use, for any purpose, by any party, of any documents produced in response to the Request; or (b) the admissibility, relevance, or materiality of any of the documents in this case.

1. Chartwell objects to each and every Request to the extent that it seeks to impose obligations beyond those set forth in the applicable rules and regulations.

2. Chartwell objects to each and every Request to the extent that it is overbroad, vague, ambiguous, and confusing, and would require Chartwell to speculate as to the nature and scope of the documents sought thereby.

3. Chartwell objects to each and every Request to the extent that it seeks documents that are neither relevant to the subject matter of the underlying action nor reasonably calculated to lead to the discovery of admissible evidence.

4. Chartwell objects to each and every Request to the extent that responding to the Request would impose an undue burden on Chartwell and require it to engage in an excessive expenditure of time and/or money.  Chartwell will respond to each Request based on information currently and readily available to it through reasonable investigation.  Chartwell expressly disclaims any greater obligation to obtain information in response to each Request.

1205 Westlakes Drive     |   Suite 100   |   Berwyn, Pa   |   19312   |   610-296-1400



5. Chartwell objects to each and every Request to the extent that it calls for the production of documents subject to a claim of privilege and/or immunity, including, without limitation, the attorney-client privilege, work product doctrine, and/or any other applicable statutory or common law privilege or protection. The inadvertent production of any document disclosing any information subject to such privileges and/or protections is not intended to relinquish any privilege and/or protection and shall not be deemed to constitute a waiver of any applicable privilege and/or protection.

6. Chartwell objects to each and every Request to the extent that it implies the existence of facts or circumstances that do not or did not exist, and to the extent that it states or assumes legal conclusions. In responding, Chartwell does not admit the factual or legal premise of any Request.

7. The objection, failure to object, or an agreement to produce responsive documents or information does not constitute a representation by Chartwell that any such documents or information exist or are within its possession, custody, or control.

8. To the extent that each and every Request calls for the production of documents or things that contain information of which only a part is responsive or discoverable, Chartwell objects and reserves the right not to produce documents or things in response to the Request except on a redacted basis.

9. Chartwell objects to each and every Request to the extent that it seeks the production of documents that are unreasonably cumulative, duplicative, or that are otherwise obtainable from some other source that is more convenient, less burdensome, or less expensive, including publicly available sources.

10. Chartwell objects to each and every Request to the extent that it purports to require the production of documents in the possession, custody, or control of persons or entities other than Chartwell. Chartwell will only produce documents within its possession, custody, or control.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO 19:**

All Documents concerning any policies or procedures for the review or authorization of investment transactions by You or on Steamfitters' behalf during the Relevant Time Period, including Documents evidencing the identity of any Person who was or was to be involved in such review or authorization.

**RESPONSE TO REQUEST NO 19:**

Chartwell objects to Request No. 19 on the grounds that it seeks highly confidential and proprietary information and analyses the disclosure of which would harm Chartwell.



**REQUEST NO 20:**

All Documents, including but not limited to structured data, containing: (i) the date(s) and time(s) of any Purchase or Sale by Steamfitters' of any Securities of any company other than Interface; (ii) the number of units exchanged in each such transaction; (iii) the price that Steamfitters' paid or received for each such transaction; (iv) the Person, including brokers or agents, from or through whom Steamfitters made each such transaction; and (v) whether each investment position was registered to Steamfitters' and held in its own name or held in "street name" by Steamfitters' broker or agent on its behalf. This covers the Relevant Time Period.

**RESPONSE TO REQUEST NO 20:**

Chartwell objects to Request No. 20 on the grounds that it is ambiguous, overly broad, unduly burdensome, and unreasonably requires Chartwell to speculate as to the nature and scope of the information sought thereby. Notwithstanding these objections we will produce in this case monthly account statements provided to Steamfitters covering the subject matter and Relevant Time Period.

**REQUEST NO 21:**

All Documents that constitute, record, or in any way memorialize any actual, recommended, or contemplated Purchase or Sale of, or decision to hold, any Securities of any company other than Interface by Steamfitters or by any other Person on Steamfitters' behalf.

**RESPONSE TO REQUEST NO 21:**

Chartwell objects to Request No. 21 on the grounds that it is ambiguous, overly broad, unduly burdensome, and unreasonably requires Chartwell to speculate as to the nature and scope of the information sought thereby. Notwithstanding these objections we will produce in this case monthly account statements provided to Steamfitters covering the subject matter and Relevant Time Period.

**REQUEST NO 22:**

All Documents that explain or describe any actual, recommended, or contemplated Purchase or Sale of, or decision to hold, any Securities of any company other than Interface by Steamfitters or by any other Person on Steamfitters' behalf.

**RESPONSE TO REQUEST NO 22:**

Chartwell objects to Request No. 22 on the grounds that it is ambiguous, overly broad, unduly burdensome, and unreasonably requires Chartwell to speculate as to the nature and scope of the information sought thereby. Notwithstanding these objections we will produce in this case monthly account statements provided to Steamfitters covering the subject matter and Relevant Time Period.



**REQUEST NO 23:**

All Documents, other than those responsive to Request No. 21 or 22, that in any way relate to, or were used or relied upon in connection with, any actual, recommended, or contemplated Purchase or Sale of, or decision to hold, any Securities of any company other than Interface by Steamfitters or by any other Person on Steamfitters' behalf.

**RESPONSE TO REQUEST NO 23:**

Chartwell objects to Request No. 23 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and unreasonably requires Chartwell to speculate as to the nature and scope of the information sought thereby.

**REQUEST NO 24:**

All Documents concerning or analyzing the performance of, or realized or unrealized gains or losses on, Steamfitters' investment in any Securities of any company other than Interface, including the methodology that Steamfitters or You used to calculate any realized or unrealized gain or loss.

**RESPONSE TO REQUEST NO 24:**

Chartwell objects to Request No. 24 on the grounds that it is ambiguous, overly broad, unduly burdensome, and unreasonably requires Chartwell to speculate as to the nature and scope of the information sought thereby. Notwithstanding these objections we will produce in this case monthly account statements provided to Steamfitters covering the subject matter and Relevant Time Period.

Notwithstanding all above objections, we will continue the effort to timely produce all non-objected subpoena requests pertaining to the subject matter by your production extension date of October 25, 2022.

Sincerely,

LuAnn Molino
Chief Compliance Officer

Cc:     Robert Morrison (Robert.Morrison@RaymondJames.com)

1205 Westlakes Drive     |   Suite 100   |   Berwyn, Pa   |   19312   |   610-296-1400