# Exhibit D-1

**From:** Avidan, Shane D
**To:** Chaila Restall; Chakraborty, Amitav; Sandra Hill
**Cc:** Fischman, Harris; Robert Morrison; Molino, LuAnn
**Subject:** RE: Chartwell
**Date:** Monday, November 21, 2022 4:22:39 PM
**Attachments:** image001.png

Chaila,

Thank you.  We will proceed accordingly

**Shane D. Avidan** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3476 (Direct Phone) | 832 618 0948 (Cell)
savidan@paulweiss.com | www.paulweiss.com
*Pronouns: He/Him/His*

---

**From:** Chaila Restall <Chaila.Restall@RaymondJames.com>
**Sent:** Monday, November 21, 2022 3:27 PM
**To:** Avidan, Shane D <savidan@paulweiss.com>; Chakraborty, Amitav <achakraborty@paulweiss.com>; Sandra Hill <Sandra.Hill@RaymondJames.com>
**Cc:** Fischman, Harris <hfischman@paulweiss.com>; Robert Morrison <Robert.Morrison@RaymondJames.com>; Molino, LuAnn <molino@chartwellip.com>
**Subject:** RE: Chartwell

Shane,

You can represent to the Court that we agree to the motion and opposition being heard in the Eastern District.  We do not consent or agree to the relief sought and will be filing an opposition.

Thanks,

Chaila Restall

Counsel

Raymond James Legal Department
T 727.567.7706 // F 866.205.4639 // raymondjames.com
880 Carillon Parkway, St. Petersburg, FL 33716

**RAYMOND JAMES**

The information transmitted is intended only for the person to whom or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination, or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, is prohibited. If you received this in error, please contact the sender and then delete and destroy all copies of the material. Thank you.

---

**From:** Avidan, Shane D <savidan@paulweiss.com>
**Sent:** Friday, November 18, 2022 2:47 PM
**To:** Chaila Restall <Chaila.Restall@RaymondJames.com>; Chakraborty, Amitav <achakraborty@paulweiss.com>; Sandra Hill <Sandra.Hill@RaymondJames.com>
**Cc:** Fischman, Harris <hfischman@paulweiss.com>; Robert Morrison <Robert.Morrison@RaymondJames.com>; Molino, LuAnn <molino@chartwellip.com>
**Subject:** RE: Chartwell

Chaila,

We plan to file our motion to compel early next week.

Per Rules 37 and 45, we are required to file our motion in the Southern District of New York, because that is where the subpoena called for production.  Rule 45(f) allows the motion to be transferred to the Eastern District of New York, where the underlying action is pending, if Chartwell consents or the court finds exceptional circumstances.  We plan to suggest transfer to the Eastern District of New York, in light of Judge Cogan's familiarity with the underlying action.  Please let us know if Chartwell consents to the transfer of the motion to the Eastern District of New York.

Please let us know your position by 5pm on Monday.

Thanks,
Shane

**Shane D. Avidan** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3476 (Direct Phone) | 832 618 0948 (Cell)
savidan@paulweiss.com | www.paulweiss.com
*Pronouns: He/Him/His*

---

**From:** Chaila Restall <Chaila.Restall@RaymondJames.com>
**Sent:** Tuesday, November 8, 2022 1:52 PM
**To:** Avidan, Shane D <savidan@paulweiss.com>; Chakraborty, Amitav <achakraborty@paulweiss.com>; Sandra Hill <Sandra.Hill@RaymondJames.com>
**Cc:** Fischman, Harris <hfischman@paulweiss.com>; Robert Morrison <Robert.Morrison@RaymondJames.com>; Molino, LuAnn <molino@chartwellip.com>
**Subject:** RE: Chartwell

Shane,

There are no "preconditions" or "demands".

Chartwell is going to have to engage a third party vendor to load the emails (RJ cannot load the emails internally  onto a platform it uses and already has in place).  Chartwell is not going to pay out of pocket to do that if there is no agreement to pay for the review.  That would seem like a pointless and costly exercise.  I'm sure I already said that, but I hope it provides the clarification you are looking for.  I have no objection to your filing a motion for the court's determination on this issue.

Thanks,

Chaila Restall

Counsel

Raymond James Legal Department
T 727.567.7706 // F 866.205.4639 // raymondjames.com
880 Carillon Parkway, St. Petersburg, FL 33716

**RAYMOND JAMES**

The information transmitted is intended only for the person to whom or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination, or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, is prohibited. If you received this in error, please contact the sender and then delete and destroy all copies of the material. Thank you.

**From:** Avidan, Shane D <savidan@paulweiss.com>
**Sent:** Monday, November 7, 2022 4:40 PM
**To:** Chaila Restall <Chaila.Restall@RaymondJames.com>; Chakraborty, Amitav <achakraborty@paulweiss.com>; Sandra Hill <Sandra.Hill@RaymondJames.com>
**Cc:** Fischman, Harris <hfischman@paulweiss.com>; Robert Morrison <Robert.Morrison@RaymondJames.com>; Molino, LuAnn <molino@chartwellip.com>
**Subject:** RE: Chartwell

Chaila,

Following up on my questions below.

Will Chartwell load the emails to a review platform without preconditions?  If so, please do so and let us know the correct hit counts.

If not, to what are you demanding that we agree to before you will load them?

Please advise.

Shane

**Shane D. Avidan** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3476 (Direct Phone) | 832 618 0948 (Cell)
savidan@paulweiss.com | www.paulweiss.com
*Pronouns: He/Him/His*

**From:** Avidan, Shane D
**Sent:** Wednesday, November 2, 2022 1:23 PM
**To:** Chaila Restall <Chaila.Restall@RaymondJames.com>; Chakraborty, Amitav <AChakraborty@paulweiss.com>; Sandra Hill <Sandra.Hill@RaymondJames.com>
**Cc:** Fischman, Harris <hfischman@paulweiss.com>; Robert Morrison <Robert.Morrison@RaymondJames.com>; Molino, LuAnn <molino@chartwellip.com>
**Subject:** RE: Chartwell

Chaila,

What I said was accurate.  You told us that, for example, Rackspace can't search for "TILE" without returning hits for other words like "reptile" and that Rackspace can't give a deduplicated total hit count for a multi-term review.  It follows that the individual hit counts are inflated, because they include hits that would not be included in a hit count run on a review platform, and that adding together all the individual hit counts to get to 30k would be further inflated, because it double counts documents that hit on multiple terms (e.g. Interface and TILE).  Thus, we know the real hit count is less than 30k and perhaps much less.  $40k was my rough, worst-case estimate for what it could cost to review 30k hypothetical emails.  Since 30k isn't a real hit count, $40k isn't a real estimate.  Chartwell is the party in control of the emails, and you've never given us your estimate of what the review would cost.

I don't believe I've misstated your position on cost-shifting, either, but if so, I'm happy to be wrong.  Please clarify your position.  Will Chartwell load the emails to a review platform without preconditions?  If not, to what are you demanding that we agree to before you will load them?

You may be right that we are heading to a motion to compel, but first we need clarity on your position.  And we should speak at least once more in an effort to resolve this without burdening the Court.

Thanks,
Shane

**Shane D. Avidan** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3476 (Direct Phone) | 832 618 0948 (Cell)
savidan@paulweiss.com | www.paulweiss.com
*Pronouns: He/Him/His*

**From:** Chaila Restall <Chaila.Restall@RaymondJames.com>
**Sent:** Wednesday, November 2, 2022 12:14 PM
**To:** Avidan, Shane D <savidan@paulweiss.com>; Chakraborty, Amitav <achakraborty@paulweiss.com>; Sandra Hill <Sandra.Hill@RaymondJames.com>
**Cc:** Fischman, Harris <hfischman@paulweiss.com>; Robert Morrison <Robert.Morrison@RaymondJames.com>; Molino, LuAnn <molino@chartwellip.com>
**Subject:** RE: Chartwell

Hi Shane,

You have inaccurately reframed the issues and our position again.

1. There is nothing to suggest the hit counts returned are inflated or unreliable.  Rather, the limitations discussed affect the ability to narrow the search further; Rackspace just doesn't have all of the same functions as an e-discovery platform.

2. There has been no demand for an upfront agreement to cost-shifting as a precondition to Chartwell's production.  Rather, we both agreed we are at a point where the production needs to go to a 3rd party platform.  You estimated the cost would be around 40k for the approximately 30k emails.  What I said was, I don't see a court ordering RJ to pay 40k out of pocket to perform the review.  I don't see RJ writing that check; RJ would be in a different financial position if it were required to pay out of pocket upfront for subpoenas as you suggest.  The case law you provided does not support your position whatsoever.

3. I did not say your clients must agree upfront to pay all of Chartwell's costs before RJ would load emails to a review platform.  Rather, I stated if you expect RJ to incur the 40k cost out of pocket upfront, I didn't see a point in loading them.

We are willing to move forward, but we are not willing to pay 40k out of pocket to respond to your subpoena.  I understand from your perspective it is unfortunate the Rackspace platform is limited and there are no contractual indemnity provisions to support your position.  It is what is however, and we have complied and remain willing to comply with discovery requests that are reasonable.  We seem to be at an impasse, and I have no objection to you filing a motion with the court to determine whether RJ has to pay 40k out of pocket to respond to your subpoena.

I apologize for not getting back to you sooner, I was unexpectedly out of the office.

Thanks,


Chaila Restall

Counsel

Raymond James Legal Department
T 727.567.7706 // F 866.205.4639 // raymondjames.com
880 Carillon Parkway, St. Petersburg, FL 33716

**RAYMOND JAMES**

The information transmitted is intended only for the person to whom or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination, or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, is prohibited. If you received this in error, please contact the sender and then delete and destroy all copies of the material. Thank you.

**From:** Avidan, Shane D <savidan@paulweiss.com>
**Sent:** Tuesday, November 1, 2022 5:25 PM
**To:** Chaila Restall <Chaila.Restall@RaymondJames.com>; Chakraborty, Amitav <achakraborty@paulweiss.com>; Sandra Hill <Sandra.Hill@RaymondJames.com>
**Cc:** Fischman, Harris <hfischman@paulweiss.com>; Robert Morrison <Robert.Morrison@RaymondJames.com>; Molino, LuAnn <molino@chartwellip.com>
**Subject:** RE: Chartwell

Chaila,

Thank you for the below information.

To recap what we discussed Friday, we believe the limitations of the Rackspace platform are inflating the below hit counts and that they are not a reliable indication of the true hit counts that a standard ediscovery platform would return for these terms.   In addition, although we understand that these changes are not possible to implement on Rackspace, we would be willing to compromise on the email search terms by changing "and" to a "within paragraph" connector for the EPS rounding term and to consider reasonable "and not" limitations for each of the Interface and TILE terms.   Finally, while we continue to believe strongly that zero cost-shifting is appropriate, if you will drop your demand for an upfront agreement to cost-shifting as a precondition to Chartwell's production of emails, we would agree to defer the issue of cost-shifting and to each reserve our rights on that issue until after Chartwell's response to the subpoena is complete.

As of Friday, your position was still that our clients must agree upfront to pay all of Chartwell's costs before you will load emails to a review platform.  But you said you would consider the issue further and get back to us Monday.  Please let us know promptly if Chartwell is willing to move forward with its production of emails.

Feel free to call me directly at my office number to discuss.

Thanks,
Shane

**Shane D. Avidan** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3476 (Direct Phone) | 832 618 0948 (Cell)
savidan@paulweiss.com | www.paulweiss.com
*Pronouns: He/Him/His*

**From:** Chaila Restall <Chaila.Restall@RaymondJames.com>
**Sent:** Friday, October 28, 2022 12:46 PM
**To:** Chakraborty, Amitav <achakraborty@paulweiss.com>; Avidan, Shane D <savidan@paulweiss.com>; Sandra Hill <Sandra.Hill@RaymondJames.com>
**Cc:** Fischman, Harris <hfischman@paulweiss.com>; Robert Morrison <Robert.Morrison@RaymondJames.com>; Molino, LuAnn <molino@chartwellip.com>
**Subject:** RE: Chartwell

Shane,

On two items we discussed this morning related to the production:

In lieu of a new agreement after the merger, the client signed a consent to assignment, which was included in our initial production.

2 of the custodians -Dalrymple & Harkins were employed by Chartwell through the entire discovery period requested (i.e. Feb 2016 – December 2020).  Binder, the 3rd custodian, was employed by Columbia Partners prior to and became a Chartwell employee on 4/9/2018 – the Columbia deal close date.

Thanks,

Chaila Restall

Counsel

Raymond James Legal Department
T 727.567.7706 // F 866.205.4639 // raymondjames.com
880 Carillon Parkway, St. Petersburg, FL 33716

**RAYMOND JAMES**

The information transmitted is intended only for the person to whom or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination, or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, is prohibited. If you received this in error, please contact the sender and then delete and destroy all copies of the material. Thank you.

**From:** Chakraborty, Amitav <achakraborty@paulweiss.com>
**Sent:** Thursday, October 27, 2022 7:53 PM
**To:** Chaila Restall <Chaila.Restall@RaymondJames.com>; Avidan, Shane D <savidan@paulweiss.com>; Sandra Hill <Sandra.Hill@RaymondJames.com>
**Cc:** Fischman, Harris <hfischman@paulweiss.com>; Robert Morrison <Robert.Morrison@RaymondJames.com>; Molino, LuAnn <molino@chartwellip.com>
**Subject:** RE: Chartwell

Thanks, Chaila. Shane will be joining from our end as well, so I will circulate a dial-in for that time.

Amitav

**Amitav Chakraborty** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3242 (Direct Phone) | 212 492 0242 (Direct Fax)
achakraborty@paulweiss.com | www.paulweiss.com

**From:** Chaila Restall <Chaila.Restall@RaymondJames.com>
**Date:** Thursday, Oct 27, 2022, 7:43 PM
**To:** Chakraborty, Amitav <achakraborty@paulweiss.com>, Avidan, Shane D <savidan@paulweiss.com>, Sandra Hill <Sandra.Hill@RaymondJames.com>
**Cc:** Fischman, Harris <hfischman@paulweiss.com>, Robert Morrison <Robert.Morrison@RaymondJames.com>, Molino, LuAnn <molino@chartwellip.com>
**Subject:** RE: Chartwell

Amitav,

You can give me a call at 9:30.  The rest of my team does not need to be involved.

Thanks,

Chaila Restall

Counsel

Raymond James Legal Department
T 727.567.7706 // F 866.205.4639 // raymondjames.com
880 Carillon Parkway, St. Petersburg, FL 33716

**RAYMOND JAMES**

The information transmitted is intended only for the person to whom or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination, or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, is prohibited. If you received this in error, please contact the sender and then delete and destroy all copies of the material. Thank you.

**From:** Chakraborty, Amitav <achakraborty@paulweiss.com>
**Sent:** Thursday, October 27, 2022 6:09 PM
**To:** Chaila Restall <Chaila.Restall@RaymondJames.com>; Avidan, Shane D <savidan@paulweiss.com>; Sandra Hill <Sandra.Hill@RaymondJames.com>
**Cc:** Fischman, Harris <hfischman@paulweiss.com>; Robert Morrison <Robert.Morrison@RaymondJames.com>; Molino, LuAnn <molino@chartwellip.com>
**Subject:** RE: Chartwell

Chaila,

Thank you for following up.  We are available for a call tomorrow any time between 9:30-10:30 am, and again from 11am-1:30 pm.  Please let us know if there is a window that works for your team, and I will circulate an invite.

Thank you,
Amitav
**Amitav Chakraborty** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3242 (Direct Phone) | 212 492 0242 (Direct Fax)
achakraborty@paulweiss.com | www.paulweiss.com

**From:** Chaila Restall <Chaila.Restall@RaymondJames.com>
**Sent:** Thursday, October 27, 2022 5:07 PM
**To:** Avidan, Shane D <savidan@paulweiss.com>; Sandra Hill <Sandra.Hill@RaymondJames.com>
**Cc:** Fischman, Harris <hfischman@paulweiss.com>; Robert Morrison <Robert.Morrison@RaymondJames.com>; Molino, LuAnn <molino@chartwellip.com>; Chakraborty, Amitav

<achakraborty@paulweiss.com>
**Subject:** RE: Chartwell

Shane,

I apologize for the delay in getting back to you.  We have discovered limitations to searching in the Rackspace archive system; these limitations affect the ability to conduct searches and reduce the number of hits.  We will need to turn this over to a third party vendor to further modify the searches and perform the extraction and email review, unless there are some "AND" terms you would like to add at this point.  Trust Point has been discussed as a potential option.  Here are the specific responses to your points and an updated hit count with additional pertinent information.

1. Yes the hits are deduplicated as to custodian.
2. The dates have been changed as requested.
3. The Rackspace platform does not allow an "and not" limitation or exclusion.  Please note that the platform also does not functionally allow the use of quotation marks as you would expect from email archiving platforms.  For example, a search of "tile" also returns results including "tiles" or any word containing "tile."  It functions more like a google search where anything with the root word will be included in the results, thereby increasing the number of hits and false positives.
4. We have modified the search as requested.
5. We have performed the search as requested.
6. The Rackspace platform does not allow for a total single deduplicated hit count.

The results are as follows:

| | |
|---|---|
| Dalrymple, Harkins, Binder emails to&from, keywords: "TILE" , date range: 2/12/16-12/27/20 | 6,303 |

| | |
|---|---|
| Dalrymple, Harkins, Binder emails to&from, keywords: "Interface" , date range: 2/12/16-12/27/20 | 9,290 |
| Dalrymple, Harkins, Binder emails to-from, keywords: ("EPS" or "earnings per share") AND ("rounded" or "rounding") | 13,794 |

| | |
|---|---|
| Dalrymple, Harkins, Binder emails to&from, keywords: "quadraphobia" , date range: 2/12/16-12/27/20 | 0 |

| | |
|---|---|
| Dalrymple, Harkins, Binder emails to&from, keywords: "@cdsadmin.com" , date range: 2/12/16-12/27/20 | 2 |
| Dalrymple, Harkins, Binder emails to&from, keywords: "@ua449.com" , date range: 2/12/16-12/27/20 | 6 |

Please give me a call to discuss moving forward.

Thanks,

Chaila Restall

Counsel

Raymond James Legal Department
T 727.567.7706 // F 866.205.4639 // raymondjames.com
880 Carillon Parkway, St. Petersburg, FL 33716

**RAYMOND JAMES**

The information transmitted is intended only for the person to whom or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination, or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, is prohibited. If you received this in error, please contact the sender and then delete and destroy all copies of the material. Thank you.

**From:** Avidan, Shane D <savidan@paulweiss.com>
**Sent:** Friday, October 21, 2022 6:08 PM
**To:** Chaila Restall <Chaila.Restall@RaymondJames.com>; Sandra Hill <Sandra.Hill@RaymondJames.com>
**Cc:** Fischman, Harris <hfischman@paulweiss.com>; Robert Morrison <Robert.Morrison@RaymondJames.com>; Molino, LuAnn <molino@chartwellip.com>; Chakraborty, Amitav <achakraborty@paulweiss.com>
**Subject:** RE: Chartwell

Chaila,

Thank you your email.  Unfortunately, it does not have the information that we need to address the issue of burden:

1. Please confirm that these hits counts are deduplicated with respect to custodians.  In other words, if Dalrymple, Harkins, and Binder each received the same email, it should only count as one hit, not three.

2. The time period requested by our subpoena was February 12, 2016 to December 27, 2020.  Your email shows a variety of time periods, all of which are wider than that.  Thus, correcting the time period should reduce the hits.

3. It is not clear from your email whether is Chartwell objecting to "Interface" and "TILE", which were terms that Chartwell itself suggested on 9/23.  We believe that it would be reasonable for you to review the documents hitting on these terms without further modification.  Nevertheless, we are willing to consider any modifications you wish to propose in a timely manner.  If you see evidence that these terms are returning significant number of false positives (i.e., hits not related to our client Interface), we would consider the inclusion of a Boolean "and not" limitation to exclude the false positives.  For example, if you are seeing a large number of hits about a restaurant called "Tile Pizza" would agree to modify the second term to *TILE and not "Tile Pizza"*.  Since we do not have access to the documents hitting on these terms, we would need you to suggest any such limitation.

| | |
|---|---|
| Dalrymple, Harkins, Binder emails to&from, keywords: "Interface" , date range: 2/1/16-3/31/21 | 9,333 |
| Dalrymple, Harkins, Binder emails to&from, keywords: "TILE" , date range: 2/1/16-3/31/21 TOTAL (had to search 1yr at a time) | 6,338 |

4. This term -- *(EPS OR "earnings per share") and (rounding OR rounded)* – has not been run correctly.  What we proposed was a single term expressed in Boolean logic, not three separate terms.  In other words, our request was for documents hitting on both a part of the first parenthetical and also a part of the second parenthetical.  The good news is that the hits for the correct term will be significantly less than the hit counts below.  Please let us know the hits for this term as originally requested.

| | |
|---|---|
| Dalrymple, Harkins, Binder emails to&from, keywords: "EPS" , date range: 2/1/16-3/31/21 | 163,545 |
| Dalrymple, Harkins, Binder emails to&from, keywords: "Earnings Per Share" , date range: 2/1/16-12/31/20 TOTAL (2yrs at a time) | 6,958 |
| Dalrymple, Harkins, Binder emails to&from, keywords: "rounding" or "rounded" , date range: 2/1/16-12/31/20 | 24,691 |

5. We also requested that you run as a term the email domain for Steamfitters Local 449 Pension Fund, which is not included in this hit count report.  Please tell us the hits for that domain.  To be clear, this refers to a URL with an @ in front of it; for example, the email domain for Paul Weiss is @paulweiss.com.  We suggest that Mr. Binder, your client relationship manager for Steamfitters, will know the email domain of the persons with whom he communicates on behalf of Steamfitters.

6. To assess the total burden, we also need a single deduplicated hit count total for all terms.  For example, many of the documents that hit on TILE will likely also hit on Interface.  Thus, the burden of running those two terms is not 9,333+6,338.

In light of the issues above, which will affect the hit counts, it does not sense make get a cost estimate for these hit counts.  Please provide us with the above information as soon as possible.

If helpful discuss by phone, I am available any time Monday (except 1-2pm and 4:30 ET).

Best,
Shane

**Shane D. Avidan** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3476 (Direct Phone) | 832 618 0948 (Cell)
savidan@paulweiss.com | www.paulweiss.com
*Pronouns: He/Him/His*

**From:** Chaila Restall <Chaila.Restall@RaymondJames.com>
**Sent:** Friday, October 21, 2022 4:48 PM
**To:** Avidan, Shane D <savidan@paulweiss.com>; Sandra Hill <Sandra.Hill@RaymondJames.com>
**Cc:** Fischman, Harris <hfischman@paulweiss.com>; Robert Morrison <Robert.Morrison@RaymondJames.com>; Molino, LuAnn <molino@chartwellip.com>; Chakraborty, Amitav <achakraborty@paulweiss.com>
**Subject:** RE: Chartwell

Shane,

Here are the hit results running each term separately as requested.  Please let me know if you would like us to get a cost estimate from Legility, or whether you would like to work on narrowing the search.

Thanks,

| | |
|---|---|
| Dalrymple, Harkins, Binder emails to&from, keywords: "Interface" , date range: 2/1/16-3/31/21 | 9,333 |
| Dalrymple, Harkins, Binder emails to&from, keywords: "TILE" , date range: 2/1/16-3/31/21 TOTAL (had to search 1yr at a time) | 6,338 |
| Dalrymple, Harkins, Binder emails to&from, keywords: "EPS" , date range: 2/1/16-3/31/21 | 163,545 |
| Dalrymple, Harkins, Binder emails to&from, keywords: "Earnings Per Share" , date range: 2/1/16-12/31/20 TOTAL (2yrs at a time) | 6,958 |
| Dalrymple, Harkins, Binder emails to&from, keywords: "quadrophobia" , date range: 2/1/16-12/31/20 | ZERO |
| Dalrymple, Harkins, Binder emails to&from, keywords: "rounding" or "rounded" , date range: 2/1/16-12/31/20 | 24,691 |

Chaila Restall

Counsel

Raymond James Legal Department
T 727.567.7706 // F 866.205.4639 // raymondjames.com
880 Carillon Parkway, St. Petersburg, FL 33716

**RAYMOND JAMES**

The information transmitted is intended only for the person to whom or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination, or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, is prohibited. If you received this in error, please contact the sender and then delete and destroy all copies of the material. Thank you.

**From:** Avidan, Shane D <savidan@paulweiss.com>
**Sent:** Thursday, October 20, 2022 8:43 PM
**To:** Chaila Restall <Chaila.Restall@RaymondJames.com>; Sandra Hill <Sandra.Hill@RaymondJames.com>
**Cc:** Fischman, Harris <hfischman@paulweiss.com>; Robert Morrison <Robert.Morrison@RaymondJames.com>; Molino, LuAnn <molino@chartwellip.com>; Chakraborty, Amitav <achakraborty@paulweiss.com>
**Subject:** RE: Chartwell

Chaila,

Following up on my 10/13 email, to which I've received no response, please provide with us the hit count and cost estimate information.  If we do not receive this information promptly, we will file a motion to enforce the subpoena.  That should not be necessary, but unfortunately Chartwell is making it necessary by refusing to commit to a production timeline that is compatible with the case schedule, and by failing to provide this basic information necessary to address its objection of burden.

Separately, attached is the draft protective order that we plan to execute with plaintiffs.  We trust that this order would resolve the concern about confidentiality.

Thanks,
Shane

**Shane D. Avidan** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3476 (Direct Phone) | 832 618 0948 (Cell)
savidan@paulweiss.com | www.paulweiss.com
*Pronouns: He/Him/His*

---

**From:** Avidan, Shane D
**Sent:** Thursday, October 13, 2022 3:22 PM
**To:** 'Chaila Restall' <Chaila.Restall@RaymondJames.com>; Sandra Hill <Sandra.Hill@RaymondJames.com>
**Cc:** Fischman, Harris <hfischman@paulweiss.com>; Robert Morrison <Robert.Morrison@RaymondJames.com>; Molino, LuAnn <molino@chartwellip.com>; Chakraborty, Amitav <AChakraborty@paulweiss.com>
**Subject:** RE: Chartwell

Chaila,

We are disappointed by this response, but remain willing to consider modifications to five search terms (including the two that Chartwell itself proposed) to further reduce the burden on Chartwell.  But we are unable to have a meaningful conversation about burden until we receive hit counts for the terms.  Please let us know when we can expect that information and the other information that you mention.

Regarding your request for the basis for our position that Chartwell is not entitled to cost shifting, we would highlight the following circumstances:

Chartwell entered into a voluntary, contractual, for-profit relationship with the Steamfitters Local 449 Pension Fund, the plaintiff that commenced the lawsuit necessitating the discovery.  At the time Chartwell sought Steamfitters' business, it was foreseeable that Chartwell would be subjected to discovery of this sort if Steamfitters were to initiate affirmative litigation concerning the investments that Chartwell made on Steamfitters' behalf.  Chartwell had the opportunity to bargain for indemnification from Steamfitters, as is customary in investment management agreements for this reason.  In all likelihood, Chartwell in fact has a right to indemnification from Steamfitters.  Further, Chartwell has reason to be interested in a favorable outcome for its client and in defending its own decision to invest in Interface stock.  *See, e.g., In re Honeywell Int'l, Inc. Sec. Litig.*, 230 F.R.D. 293 (S.D.N.Y. 2003) (in securities fraud case, compelling substantial discovery from third-party PwC and denying PwC's request for cost-shifting because PwC "is not a classic disinterested non-party" as a result of its relationship with Honeywell as auditor); *Viacom Int'l, Inc.* v. *YouTube, Inc.*, 2009 WL 102808, *5-6 (N.D. Cal. Jan. 14, 2009) (in copyright infringement case, compelling substantial discovery from third-party vendor hired by Viacom and denying cost-shifting, despite absence of a "written undertaking" by Viacom to indemnify the vendor for the subpoena response specifically).

The relevance of the discovery sought is clear.  Reliance is an element of Steamfitters' claim, and Chartwell's reliance (or non-reliance) will be imputed to Steamfitters.  *See, e.g., Villella* v. *Chem. & Mining Co. of Chile Inc.*, 2018 WL 2958361 (S.D.N.Y. June 13, 2018).  Indeed, your R&O made no specific objection to the majority of the Requests, numbers 1-18 and 25-27.  Any burden on Chartwell – which, as yet, Chartwell has not substantiated – can be addressed through ordinary measures such as custodians and search terms, as we are endeavoring to do.

Chartwell has more than sufficient means to bear its own cost.  We understand that Chartwell has an AUM of >$10 billion, and that Raymond James, its parent, has an AUM of nearly $900 billion.

If you want us to consider any authority that supports cost-shifting in these circumstances, please provide it.  Further, if you deny that Chartwell has a right to indemnification from Steamfitters, please let us know, and please provide us with the text of the relevant contractual provisions.

We remain optimistic that we can work through these issues without the Court's assistance, as we have always been able to do with third-party investment managers for plaintiffs in other securities cases.  But to do that, we need to promptly restore Chartwell's response to a timetable that is consistent with the Court's scheduling order.

Best,
Shane

**Shane D. Avidan** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3476 (Direct Phone) | 832 618 0948 (Cell)
savidan@paulweiss.com | www.paulweiss.com
*Pronouns: He/Him/His*

---

**From:** Chaila Restall <Chaila.Restall@RaymondJames.com>
**Sent:** Tuesday, October 11, 2022 3:20 PM
**To:** Avidan, Shane D <savidan@paulweiss.com>; Sandra Hill <Sandra.Hill@RaymondJames.com>
**Cc:** Fischman, Harris <hfischman@paulweiss.com>; Robert Morrison <Robert.Morrison@RaymondJames.com>; Molino, LuAnn <molino@chartwellip.com>; Chakraborty, Amitav <achakraborty@paulweiss.com>
**Subject:** RE: Chartwell

Shane,

I don't agree with all of the statements in your email, but don't intend to respond to them individually.  In summary however, we don't have any kind of agreement at this point as far as Chartwell is concerned.  Things have also evolved.  Here is what we are doing at this point regarding the emails:

1. We are working towards ensuring we are effectively and accurately searching and viewing results on the rackspace archives platform, as we have encountered some questions there;
2. We are having IT people look into providing guidance on the above;
3. We will run those searches and get back to you with hit reports, it will probably not happen by the end of the week based on 1 above and schedules;
4. We will gather those hits and have a third party (legality is who we use) provide a cost estimate.
5. We will then provide you with the estimate and it will need to be paid before we start the review.

We will perform the searches based on the 3 custodians discussed yesterday.  We can run the hit report on all of the search terms proposed at this point independently as you have asked; however if you want to work towards a reasonable volume of documents to review, I would suggest you remove EPS / earnings per share and rounded / rounding (we did not discuss those terms yesterday but I think we all understand that would return irrelevant and voluminous results).  Also, I would suggest adding some modifiers and/or proximity search parameters to the other terms.  You would need to give us some suggestions, as it is your client that knows what it is looking for and what it believes is relevant.  Perhaps some

proximity parameters with interface and the other terms would work.  As I understand it, you are seeking stand alone searches for all of the terms and that is incredibly overbroad and undoable, and that must be apparent.

Further, if your client is not prepared to pay any costs for the email review then I don't think we are going to get very far.  We will not agree to absorbing the costs; if you think you have a legal basis please get it to me and I will review it.

Please get back to me on the terms and costs and we will keep working on things in the meantime.  I'd rather not spend a lot of time on emails and positioning.

Thanks,

Chaila Restall

Counsel

Raymond James Legal Department
T 727.567.7706 // F 866.205.4639 // raymondjames.com
880 Carillon Parkway, St. Petersburg, FL 33716

**RAYMOND JAMES**

The information transmitted is intended only for the person to whom or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination, or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, is prohibited. If you received this in error, please contact the sender and then delete and destroy all copies of the material. Thank you.

---

**From:** Avidan, Shane D <savidan@paulweiss.com>
**Sent:** Tuesday, October 11, 2022 10:41 AM
**To:** Sandra Hill <Sandra.Hill@RaymondJames.com>
**Cc:** Fischman, Harris <hfischman@paulweiss.com>; Robert Morrison <Robert.Morrison@RaymondJames.com>; Molino, LuAnn <molino@chartwellip.com>; Chakraborty, Amitav <achakraborty@paulweiss.com>; Chaila Restall <Chaila.Restall@RaymondJames.com>
**Subject:** RE: Chartwell

Counsel:

I write to follow up on our conversation yesterday.

On the call, you proposed reducing Chartwell's email custodians – from the 11 custodians that you proposed on 9/23 -- to just three:  David Dalrymple, Ryan Harkins, and Steve Binder.  You represented that Dalrymple and Harkins were the only persons responsible for making investment decisions in Plaintiff's account; that none of the Analysts performed analysis of Interface stock because Harkins performed that analysis personally; and that Binder was the person primarily responsible for communicating with Plaintiff.  We appreciate this information.

You also indicated that, in addition to this custodian limitation, Chartwell wished to propose modifications to the search terms (as set out in Sandra's 9/23 email and my 10/4 email), including by providing deduplicated email hit counts for any search term that you propose to modify and the hit counts for the modification.  You said that you would aim to do so this week, and we await those modifications.

In an effort to reduce any burden on Chartwell while assuring a production timeline consistent with the case schedule, Defendants would accept your proposed reduction of email custodians on the following conditions:
1. Chartwell produces on a rolling basis and completes its production by November 8, 2022, which represents an addition extension of two weeks.
2. We would continue to discuss search terms.  In order to have a timely discussion, Chartwell will suggest any limitations to the search terms already proposed (and provide the associated hit count information) no later than this week.
3. Chartwell agrees not to seek cost-shifting from Defendants.
4. Defendants would reserve the right to seek additional email custodians if the evidence indicates the additional Chartwell personnel were substantially involved in making investment decisions for Plaintiff's account or in communicating with Plaintiff.

Please confirm that this is acceptable.

Thanks,
Shane

**Shane D. Avidan** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3476 (Direct Phone) | 832 618 0948 (Cell)
savidan@paulweiss.com | www.paulweiss.com
*Pronouns: He/Him/His*

---

**From:** Sandra Hill <Sandra.Hill@RaymondJames.com>
**Sent:** Monday, October 10, 2022 9:29 AM
**To:** Avidan, Shane D <savidan@paulweiss.com>
**Cc:** Fischman, Harris <hfischman@paulweiss.com>; Robert Morrison <Robert.Morrison@RaymondJames.com>; Molino, LuAnn <molino@chartwellip.com>; Chakraborty, Amitav <achakraborty@paulweiss.com>; Chaila Restall <Chaila.Restall@RaymondJames.com>
**Subject:** RE: Chartwell

Good afternoon Shane,

I have heard back from my team and due to prior engagements, unfortunately the only time available for everyone is between 3:00 – 4:00 p.m. today. Hopefully that will work for your team as well.  Please let me know if you would like my assistance in scheduling the meeting this afternoon.

Thank you.

**Sandra Hill**
Paralegal

Legal Department
880 Carillon Parkway, St. Petersburg, FL 33716
T 727.567.5146 // F 866.205.4639

Toll Free 800.248.8863
Sandra.Hill@RaymondJames.com

---

**From:** Avidan, Shane D <savidan@paulweiss.com>
**Sent:** Friday, October 7, 2022 4:18 PM
**To:** Sandra Hill <Sandra.Hill@RaymondJames.com>
**Cc:** Fischman, Harris <hfischman@paulweiss.com>; Robert Morrison <Robert.Morrison@RaymondJames.com>; Molino, LuAnn <molino@chartwellip.com>; Chakraborty, Amitav <achakraborty@paulweiss.com>; Chaila Restall <Chaila.Restall@RaymondJames.com>
**Subject:** RE: Chartwell

Sandra,

In light of the case schedule, we cannot agree to these additional requested extensions.  As I explained in agreeing to your first requested extension, Plaintiff's motion for class certification is scheduled to be filed December 1, and we need Chartwell to complete its production sufficiently in advance of that filing.

Further, while we are willing to meet and confer about ways to reduce any burden on Chartwell, in light of the relationship between Plaintiff and Chartwell, cost-shifting to Defendants would not be appropriate, and we cannot agree to it.  That said, we expect that Chartwell likely has contractual indemnification rights against Plaintiff.

We suggest that we discuss these issues promptly.  It cannot wait until the week of the 24th.  Please propose some times that work early next week.

Thanks,
Shane

**Shane D. Avidan** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3476 (Direct Phone) | 832 618 0948 (Cell)
savidan@paulweiss.com | www.paulweiss.com
*Pronouns: He/Him/His*

---

**From:** Sandra Hill <Sandra.Hill@RaymondJames.com>
**Sent:** Thursday, October 6, 2022 3:25 PM
**To:** Avidan, Shane D <savidan@paulweiss.com>
**Cc:** Fischman, Harris <hfischman@paulweiss.com>; Robert Morrison <Robert.Morrison@RaymondJames.com>; Molino, LuAnn <molino@chartwellip.com>; Chakraborty, Amitav <achakraborty@paulweiss.com>; Chaila Restall <Chaila.Restall@RaymondJames.com>
**Subject:** RE: Chartwell

Good afternoon Shane,

In regard to the protective order you mention, we prefer that order applies to all response submissions we provide and our legal counsel needs to preview the draft before it is finalized.

We are now realizing we'll need an additional two weeks to provide our initial production of documents that respond to the various request items and request an extension to November 8, 2022. As a boutique investment adviser, we have a small two-person team authorized to fulfill this request on top of an already heavy quarter-end compliance testing and reporting schedule.

In addition, I'm sure you understand the undertaking involved in searching and reviewing email communications related to the investment and divestment of Interface security in prep for submittal. Thus, we will require an additional two months to complete this portion of our response. Before beginning that search, we'd like to schedule a call between Paul Weiss representatives and us, including our legal counsel, to further discuss the search terms, our strategy in using them and charge-back costs involved.  It is better timing for our schedules to have this call during the week of October 24th and we'll reach out with our availability.

Thank you.

**Sandra Hill**
Paralegal

Legal Department
880 Carillon Parkway, St. Petersburg, FL 33716
T 727.567.5146 // F 866.205.4639
Toll Free 800.248.8863
Sandra.Hill@RaymondJames.com

---

**From:** Avidan, Shane D <savidan@paulweiss.com>
**Sent:** Tuesday, October 4, 2022 9:12 PM
**To:** Sandra Hill <Sandra.Hill@RaymondJames.com>
**Cc:** Fischman, Harris <hfischman@paulweiss.com>; Robert Morrison <Robert.Morrison@RaymondJames.com>; Molino, LuAnn <molino@chartwellip.com>; Chakraborty, Amitav <achakraborty@paulweiss.com>; Chaila Restall <Chaila.Restall@RaymondJames.com>
**Subject:** RE: Chartwell

Sandra,

Thank you for your September 23, 2022 email.  We would like to follow up on a few issues:

First, regarding request #19, we are in the process of preparing a Protective Order that we believe should resolve your concern.

Second, request #20 is important to us.  We believe that a structured data file will provide important information (such as the time of trades and the individual responsible for them) not available in the monthly account statements.  We are open to discussing how to reduce the burden on Chartwell of preparing this file.

Third, we request that you add the following search terms:

- [The email domain for Plaintiff (e.g., @steamfitters.com), which we would need you to identify as it unknown to us at this time]
- (EPS OR "earnings per share") and (rounding OR rounded)
- Quadrophobia

Finally, we assume that your production will include documents from sources other than emails.  In particular, we believe that a non-email collection will be necessary for requests

#11, 14, 17, 18, 24, and 25.  Please let us know if you anticipate any issues in collecting these documents.

We are available to meet and confer at your convenience on these issues.

Thanks,
Shane

**Shane D. Avidan** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3476 (Direct Phone) | 832 618 0948 (Cell)
savidan@paulweiss.com | www.paulweiss.com
*Pronouns: He/Him/His*

---

**From:** Sandra Hill <Sandra.Hill@RaymondJames.com>
**Sent:** Friday, September 23, 2022 3:06 PM
**To:** Avidan, Shane D <savidan@paulweiss.com>
**Cc:** Fischman, Harris <hfischman@paulweiss.com>; Robert Morrison <Robert.Morrison@RaymondJames.com>; Molino, LuAnn <molino@chartwellip.com>; Chakraborty, Amitav <achakraborty@paulweiss.com>; Chaila Restall <Chaila.Restall@RaymondJames.com>
**Subject:** Chartwell

Good afternoon Shane,

Thank you again for the extending the response date to October 25, 2022.  Pursuant to your request with regard to submitting any objections as soon as possible in order to resolve any disputes, attached is our objection letter regard a few of the document requests. In the meantime, we are continuing to gather the requested documents and will provide those as soon as possible.

Below is a list of the Custodians and search terms for review of emails:

**Custodians**:
David Dalrymple, Senior Portfolio Manager
Ryan Harkins, Senior Portfolio Manager
Reid Halloran, Research Analyst
Mark Goodman,
Jared Marks, Research Analyst
Thomas Mattson, Research Analyst
Michael Nalevanko, Head Trader 2016-2017 of relevant period
Shawn Connor, Trader, relevant period
Luis Sepulveda, Trader 04/2016-2017 of relevant period
Jason Teti, Trader, relevant period
Steve Binder, Client Relationship Manager

**Search Terms:**
Interface, TILE

Please feel free to contact me with any questions.  Thank you.

**Sandra Hill**
Paralegal

Legal Department
880 Carillon Parkway, St. Petersburg, FL 33716
T 727.567.5146 // F 866.205.4639
Toll Free 800.248.8863
Sandra.Hill@RaymondJames.com

This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.