# Exhibit D-2

| | |
|---|---|
| **From:** | Avidan, Shane D |
| **To:** | David Rosenfeld; Philip Merenda; Natalie Bono |
| **Cc:** | Fischman, Harris; Vance, Emily A; Chakraborty, Amitav; Glavin, Emily M |
| **Subject:** | RE: Swanson v. Interface - Chartwell |
| **Date:** | Tuesday, November 15, 2022 6:42:08 PM |

David,

We believe it is clear that the equitable factors traditionally considered under Rule 45 favor either no cost-shifting or cost-shifting to plaintiff.  Those factors include the relationship between Chartwell and plaintiff; the fact that the discovery concerns plaintiff's reliance, adequacy, and typicality; the fact that plaintiff would have had to provide this discovery if it had not outsourced its investment decisions to Chartwell; and the high burden of discovery already borne by defendants compared to plaintiff.

We are not aware of another case in which the investment advisor for a lead plaintiff in a securities class action demanded cost-shifting from defendants.  In our experience, defendants obtain discovery from a plaintiff's advisor without any payments from defendant to the advisor.

Please let us know promptly if you wish to meet and confer again before we file our motion early next week.

If we cannot resolve this issue without court intervention, we reserve all rights, including to challenge at class certification the adequacy of lead plaintiff for failing to ensure that appropriate discovery from lead plaintiffs investment advisor was made available.

Thanks,
Shane

**Shane D. Avidan** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3476 (Direct Phone) | 832 618 0948 (Cell)
savidan@paulweiss.com | www.paulweiss.com
*Pronouns: He/Him/His*

**From:** David Rosenfeld <drosenfeld@rgrdlaw.com>
**Sent:** Monday, November 14, 2022 11:40 AM
**To:** Avidan, Shane D <savidan@paulweiss.com>; Philip Merenda <PMerenda@rgrdlaw.com>; Natalie Bono <NBono@rgrdlaw.com>
**Cc:** Fischman, Harris <hfischman@paulweiss.com>; Vance, Emily A <evance@paulweiss.com>; Chakraborty, Amitav <achakraborty@paulweiss.com>; Glavin, Emily M <eglavin@paulweiss.com>
**Subject:** RE: Swanson v. Interface - Chartwell

Thanks for following up Shane. Please send us some cases that support your position and we can then get back to you on whether a m/c would be helpful. Thanks.

**From:** Avidan, Shane D <savidan@paulweiss.com>
**Sent:** Friday, November 11, 2022 4:09 PM
**To:** David Rosenfeld <drosenfeld@rgrdlaw.com>; Philip Merenda <PMerenda@rgrdlaw.com>; Natalie Bono <NBono@rgrdlaw.com>
**Cc:** Harris Fischman <hfischman@paulweiss.com>; Vance, Emily A <evance@paulweiss.com>; Chakraborty, Amitav <achakraborty@paulweiss.com>; Glavin, Emily M <eglavin@paulweiss.com>
**Subject:** Swanson v. Interface - Chartwell

EXTERNAL SENDER
Counsel,

We are preparing to file a motion to compel regarding the subpoena that we served on lead plaintiff's investment manager, Chartwell. Our primary position will be that Chartwell should comply with the subpoena without any cost-shifting. In the alternative, we will argue that any costs shifted from Chartwell should be shifted to lead plaintiff, not defendants.

When we last discussed this issue on October 20, you indicated that lead plaintiff was not willing to pay Chartwell's costs of responding to the subpoena and that lead plaintiff was not otherwise willing to assist defendants in obtaining this discovery from Chartwell. Please let us know if you have reconsidered your position or wish to meet and confer further on this issue – in which case please propose some times that work for early next week.

Best,
Shane

**Shane D. Avidan** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3476 (Direct Phone) | 832 618 0948 (Cell)
savidan@paulweiss.com | www.paulweiss.com
*Pronouns: He/Him/His*

This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.