# Exhibit D-3

| | |
|---|---|
| **From:** | Fischman, Harris |
| **To:** | Avidan, Shane D; David Rosenfeld |
| **Cc:** | Philip Merenda; Natalie Bono; Vance, Emily A; Chakraborty, Amitav; Glavin, Emily M |
| **Subject:** | RE: Swanson v. Interface - Chartwell |
| **Date:** | Wednesday, November 23, 2022 3:21:28 PM |

David,

I'm going to be offline for the holiday shortly. Want to set a time for Monday? Let us know when is good. If I don't speak to you first, hope you and your family have a very happy Thanksgiving.

Harris

**Harris Fischman** | Partner
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3306 (Direct Phone)
212 492 0306 (Direct Fax)
hfischman@paulweiss.com | www.paulweiss.com

**From:** Avidan, Shane D <savidan@paulweiss.com>
**Sent:** Wednesday, November 23, 2022 12:15 PM
**To:** David Rosenfeld <drosenfeld@rgrdlaw.com>
**Cc:** Philip Merenda <PMerenda@rgrdlaw.com>; Natalie Bono <NBono@rgrdlaw.com>; Fischman, Harris <hfischman@paulweiss.com>; Vance, Emily A <evance@paulweiss.com>; Chakraborty, Amitav <achakraborty@paulweiss.com>; Glavin, Emily M <eglavin@paulweiss.com>
**Subject:** RE: Swanson v. Interface - Chartwell

David,

In light of the deadlines, and the doubt over whether you will consent to an extension, we would ask to talk today to make sure that we are moving this forward. Harris and I are free until 5pm. Please let me know when works, and I'll send a dial in.

Here's what we are seeking from Chartwell:
- Requests 1-18 and 25-27 from our subpoena to Chartwell
- Email custodians: Steve Binder (Client Relationship Manager) and David Dalrymple and Ryan Harkins (Portfolio Managers)
  - [This list is based on various representations from Chartwell, including that Binder was responsible for communicating with Plaintiff and that Dalrymple and Harkins were responsible for making investment decisions on behalf of Plaintiff. We reserve the right to seek additional email custodians if evidence suggests that other Chartwell personnel were substantially involved in communicating with Plaintiff or making relevant investment decisions.]
- Email search terms:
  - TILE
  - Interface

- ("EPS" or "earnings per share") AND ("rounded" or "rounding")
  - Quadraphobia
  - @cdsadmin.com
  - @ua449.com
- Email time period:  class period + 90 days on each end

Thanks,
Shane

**Shane D. Avidan** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3476 (Direct Phone) | 832 618 0948 (Cell)
savidan@paulweiss.com | www.paulweiss.com
*Pronouns: He/Him/His*

---

**From:** David Rosenfeld <drosenfeld@rgrdlaw.com>
**Sent:** Wednesday, November 23, 2022 11:50 AM
**To:** Avidan, Shane D <savidan@paulweiss.com>
**Cc:** Philip Merenda <PMerenda@rgrdlaw.com>; Natalie Bono <NBono@rgrdlaw.com>; Fischman, Harris <hfischman@paulweiss.com>; Vance, Emily A <evance@paulweiss.com>; Chakraborty, Amitav <achakraborty@paulweiss.com>; Glavin, Emily M <eglavin@paulweiss.com>
**Subject:** Re: Swanson v. Interface - Chartwell

Shane - to be clear, I never would have said Plaintiff has no contractual right to request documents from Chartwell because I had not seen any such contract at the time.  What I assume I said was that I'm not aware of any such right. We will be happy to take a look at the clause you cite below, as well as your cases on assignment, and connect with you next week to discuss. Several of us are not in the office today. Also, to be clear, which documents of Chartwell are you still seeking? Is it the emails between our client and Chartwell? If so, to the extent those exist, are relevant and are non-privileged, our client will produce them. I'm also not sure why we would need to extend the briefing schedule on class cert because of this issue but am happy to discuss. If you still want to talk today, let me know. Otherwise, please let me know a time on Monday that works for you. Thanks.

On Nov 23, 2022, at 10:31 AM, Avidan, Shane D <savidan@paulweiss.com> wrote:

 EXTERNAL SENDER
David,

Based on our discussions, and your non-response to the below email, we believe we are at an impasse and plan to file a motion to compel against both Chartwell and Plaintiff.  Just so the written record is clear and complete, I will elaborate on two points below.  If there is any chance that these points would change your position, please let us know right away, and let's please find a time talk today even if briefly.  Harris and I are available any time until 5pm.

First, regarding plaintiff's possession, custody, and control of Chartwell's emails, we had discussed whether plaintiff has a contractual information right from Chartwell.  You denied any such right.  We assume you had access to the contract at that time, but defendants did not yet.  Chartwell has now produced it.  To be clear, defendants plan to cite Paragraph 6 of the advisory agreement, which says:  "Manager will provide such other information or reports as relates to the management of the Account as the Client or its duly authorized representative may reasonably request from time to time or as required by applicable law."  We believe that clause is sufficient for plaintiff to cause Chartwell to comply with the subpoena.  *See, e.g.*, *In re NTL, Inc. Sec. Litig.*, 244 F.R.D. 179, 195 (S.D.N.Y. 2007), *aff'd sub nom. Gordon Partners* v. *Blumenthal*, No. 02 CIV 7377 LAK, 2007 WL 1518632 (S.D.N.Y. May 17, 2007).  If plaintiff is willing to exercise its rights under that clause to cause Chartwell to comply with the subpoena, please let us know.

Second, regarding your request for authority, we also plan to cite cases involving assignments.  Although this case does not involve an assignment, we believe the facts are analogous in that the third party (whether the assignor or the adviser) is the person alleged to have relied.  In that context, courts have held that, even when a plaintiff lacks possession, custody, and control, principles of fairness require plaintiff rather than defendant to purchase the cooperation of the third party.  *See, e.g.*, *JPMorgan Chase Bank* v. *Winnick*, 228 F.R.D. 505, 507 (S.D.N.Y. 2005) (Lynch, J.); *Blackrock Balanced Capital Portfolio (FI)* v. *HSBC Bank USA*, No. 14-CV-09366 (LGS)(SN), 2016 WL 1187259 (S.D.N.Y. June 2, 2016).   We've already asked plaintiff to pay Chartwell's costs, and you declined.  But, if you are now willing to pay Chartwell, please let us know.

Finally, as Harris has mentioned to you, as a result of both plaintiff's and Chartwell's refusal without motion practice to produce emails regarding Chartwell's investment decisions on behalf of plaintiff, the deadline for defendants' opposition to class certification will need to be extended.  We should discuss the schedule soon -- if not today, then after the holiday.  We are willing to consider an extension of time for your class certification motion as well.

We hope you and your team have a Happy Thanksgiving.

Regards,
Shane

**Shane D. Avidan** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3476 (Direct Phone) | 832 618 0948 (Cell)
savidan@paulweiss.com | www.paulweiss.com
*Pronouns: He/Him/His*

**From:** Avidan, Shane D
**Sent:** Tuesday, November 15, 2022 6:42 PM
**To:** David Rosenfeld <drosenfeld@rgrdlaw.com>; Philip Merenda <PMerenda@rgrdlaw.com>; Natalie Bono <NBono@rgrdlaw.com>
**Cc:** Fischman, Harris <hfischman@paulweiss.com>; Vance, Emily A <EVance@paulweiss.com>; Chakraborty, Amitav <AChakraborty@paulweiss.com>; Glavin, Emily M <eglavin@paulweiss.com>
**Subject:** RE: Swanson v. Interface - Chartwell

David,

We believe it is clear that the equitable factors traditionally considered under Rule 45 favor either no cost-shifting or cost-shifting to plaintiff.  Those factors include the relationship between Chartwell and plaintiff; the fact that the discovery concerns plaintiff's reliance, adequacy, and typicality; the fact that plaintiff would have had to provide this discovery if it had not outsourced its investment decisions to Chartwell; and the high burden of discovery already borne by defendants compared to plaintiff.

We are not aware of another case in which the investment advisor for a lead plaintiff in a securities class action demanded cost-shifting from defendants.  In our experience, defendants obtain discovery from a plaintiff's advisor without any payments from defendant to the advisor.

Please let us know promptly if you wish to meet and confer again before we file our motion early next week.

If we cannot resolve this issue without court intervention, we reserve all rights, including to challenge at class certification the adequacy of lead plaintiff for failing to ensure that appropriate discovery from lead plaintiffs investment advisor was made available.

Thanks,
Shane

**Shane D. Avidan** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3476 (Direct Phone) | 832 618 0948 (Cell)
savidan@paulweiss.com | www.paulweiss.com
*Pronouns: He/Him/His*

---

**From:** David Rosenfeld <drosenfeld@rgrdlaw.com>
**Sent:** Monday, November 14, 2022 11:40 AM
**To:** Avidan, Shane D <savidan@paulweiss.com>; Philip Merenda <PMerenda@rgrdlaw.com>; Natalie Bono <NBono@rgrdlaw.com>
**Cc:** Fischman, Harris <hfischman@paulweiss.com>; Vance, Emily A

<evance@paulweiss.com>; Chakraborty, Amitav <achakraborty@paulweiss.com>;
Glavin, Emily M <eglavin@paulweiss.com>
**Subject:** RE: Swanson v. Interface - Chartwell

Thanks for following up Shane. Please send us some cases that support your position
and we can then get back to you on whether a m/c would be helpful. Thanks.

---

**From:** Avidan, Shane D <savidan@paulweiss.com>
**Sent:** Friday, November 11, 2022 4:09 PM
**To:** David Rosenfeld <drosenfeld@rgrdlaw.com>; Philip Merenda
<PMerenda@rgrdlaw.com>; Natalie Bono <NBono@rgrdlaw.com>
**Cc:** Harris Fischman <hfischman@paulweiss.com>; Vance, Emily A
<evance@paulweiss.com>; Chakraborty, Amitav <achakraborty@paulweiss.com>;
Glavin, Emily M <eglavin@paulweiss.com>
**Subject:** Swanson v. Interface - Chartwell

EXTERNAL SENDER
Counsel,

We are preparing to file a motion to compel regarding the subpoena that we served on
lead plaintiff's investment manager, Chartwell.  Our primary position will be that
Chartwell should comply with the subpoena without any cost-shifting.  In the
alternative, we will argue that any costs shifted from Chartwell should be shifted to
lead plaintiff, not defendants.

When we last discussed this issue on October 20, you indicated that lead plaintiff was
not willing to pay Chartwell's costs of responding to the subpoena and that lead
plaintiff was not otherwise willing to assist defendants in obtaining this discovery from
Chartwell.  Please let us know if you have reconsidered your position or wish to meet
and confer further on this issue – in which case please propose some times that work
for early next week.

Best,
Shane

**Shane D. Avidan** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3476 (Direct Phone) | 832 618 0948 (Cell)
savidan@paulweiss.com | www.paulweiss.com
*Pronouns: He/Him/His*

This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**