# Exhibit D-6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---
THOMAS S. SWANSON, Individually and on
Behalf of All Others Similarly Situated,

                        Plaintiff,

      vs.

INTERFACE, INC., DANIEL T. HENDRIX,
JAY D. GOULD, BRUCE A. HAUSMANN
and PATRICK C. LYNCH,

                     Defendants.

: Civil Action No. 1:20-cv-05518-BMC-RER

: <u>CLASS ACTION</u>

---

**LEAD PLAINTIFF'S RESPONSES AND OBJECTIONS
TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFFS**

Pursuant to Federal Rules of Civil Procedure 26 and 33 and the applicable Local Civil Rules of the United States District Court for the Eastern District of New York (the "Local Rules"), Lead Plaintiff Steamfitters Local 449 Pension Fund ("Lead Plaintiff"), by and through its undersigned counsel, hereby responds and objects to Defendants' First Set of Interrogatories to Plaintiffs (the "Interrogatories"), dated August 25, 2022, as follows:

**PRELIMINARY STATEMENT**

Lead Plaintiff's investigation and discovery are ongoing and are not complete as of the date of these responses.  Therefore, these responses are limited to the information presently available to Lead Plaintiff as of the date signed below.  Lead Plaintiff reserves the right to conduct further investigation and discovery, and specifically reserves the right to produce evidence or any subsequently discovered facts at any time during this Action, including at summary judgment or trial.

Lead Plaintiff responds to these Interrogatories pursuant and subject to the accompanying General Objections, without waiving, and expressly preserving, all such objections and the right to raise any other objections not expressly set forth herein.  The General Objections are incorporated into each response below as though set forth fully therein.

No incidental or implied admissions are intended in these responses.  Lead Plaintiff's responses to all or any part of the Interrogatories should not be taken as an admission that Lead Plaintiff accepts the existence of any fact(s) set forth or assumed by any such Interrogatory, or that Lead Plaintiff's responses constitute admissible evidence.  Lead Plaintiff's responses to all or any part of an Interrogatory is not intended to be – and shall not be – a waiver by Lead Plaintiff of all or any part of its objection(s) to that request.

Lead Plaintiff invites Defendants to meet and confer regarding the scope of these Interrogatories.

- 1 -

## GENERAL OBJECTIONS

Lead Plaintiff generally objects to the Interrogatories on the following grounds. Lead Plaintiff further incorporates by reference all General Objections and Objections to the Instructions and Definitions contained in Lead Plaintiff's Responses and Objections to Defendants' First Requests for Production of Documents to Lead Plaintiff. All individual responses set forth herein are subject to and without waiver of any of these General Objections:

1.     Lead Plaintiff objects to the Interrogatories and the Definitions and Instructions contained therein to the extent they purport to impose any obligations upon Lead Plaintiff that are not imposed by law or are otherwise broader than or inconsistent with Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules.

2.     Lead Plaintiff objects to the Interrogatories and the Definitions and Instructions contained therein to the extent that they seek confidential or proprietary information, information protected by the attorney-client privilege, the attorney work-product doctrine, the right to privacy, or any other applicable privilege, protection or immunity. In the event that any privileged or protected information is disclosed, such disclosure is inadvertent and shall not constitute a waiver of any applicable privilege, protection or immunity, in whole or in part.

3.     Lead Plaintiff objects to the Interrogatories and the Definitions and Instructions contained therein to the extent they are overbroad, unduly burdensome, and seek information that is not relevant to the claims and/or defenses of any party.

4.     Lead Plaintiff objects to the Interrogatories to the extent they seek information that is available through public sources or that is equally available to Defendants from some other source that is more convenient, less burdensome and less expensive.

5.     Lead Plaintiff objects to the Interrogatories and the Definitions and Instructions contained therein to the extent they purport to impose an obligation on Lead Plaintiff to conduct

- 2 -

anything other than a reasonable and diligent search pursuant to the requirements of the Federal Rules of Civil Procedure where responsive information reasonably would be expected to be found, including to the extent that they seek responses from electronically stored information from sources that are not reasonably accessible under Federal Rule of Civil Procedure 26(b)(2)(B), or otherwise seek information that exceeds the scope of Federal Rule of Civil Procedure 26(b)(5)(A).  Lead Plaintiff will limit its responses to information that is reasonably accessible and can be located, identified and produced after a reasonable inquiry without undue burden or expense.

6.      Lead Plaintiff objects to the Interrogatories to the extent they are vague, ambiguous, harassing, overly broad, unduly burdensome, or contain terms that are undefined or lack sufficient definition to permit a response, and do not specifically describe or reasonably particularize the information requested.

7.      Lead Plaintiff objects to the Interrogatories insofar as they seek information prematurely, including to the extent they call for disclosure of information concerning factual and legal contentions in this Action when discovery is ongoing and the record has not yet been fully developed, and to the extent they seek information which is the subject of expert opinion.

8.      Lead Plaintiff objects to the Interrogatories to the extent that they seek information that could result in harassment or retribution against any individuals described therein.

9.      Lead Plaintiff objects to the Interrogatories to the extent they seek information that is not proportional to the needs of the case, in light of the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the information in resolving the issues in the Action, and the burden or expense of obtaining the information.

10. Lead Plaintiff objects to the definition of "Plaintiffs" to the extent it is overly broad, unduly burdensome, and imposes any obligations upon Lead Plaintiff that are not imposed by law or are otherwise broader than or inconsistent with Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules. Lead Plaintiff will construe "Plaintiffs" to refer to Lead Plaintiff Steamfitters Local 449 Pension Fund.

11. Lead Plaintiff objects to the term "Security" as overbroad, unduly burdensome, disproportionate and seeking irrelevant information, insofar as it is defined to include "without limitation common stock, preferred stock, calls to buy stock, puts to sell stock, bonds, or any other securities, including any equity, debt, investments, swaps, forward contracts, futures contracts, structured securities, and special purpose entities, including credit derivatives, total return swaps, and any individual option positions, including those entered into as part of an arbitrage or risk management strategy." Lead Plaintiff represents a class of investors who purchased Interface common stock. In responding to the Requests, Lead Plaintiff will construe "Security" to mean Interface common stock.

12. Lead Plaintiff objects to the definition of "You" or "Your" to the to the extent it is overly broad, unduly burdensome, and imposes any obligations upon Lead Plaintiff that are not imposed by law or are otherwise broader than or inconsistent with Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules. Lead Plaintiff will construe "You" or "Your" to refer to Lead Plaintiff Steamfitters Local 449 Pension Fund.

13. Lead Plaintiff objects to the definition of "Relevant Time Period" as overbroad, unduly burdensome, disproportionate and seeking irrelevant information, insofar as it is defined to include the 90 day period prior to the inception of the Class Period and 90 days after the end of the

- 4 -

Class Period.  Lead Plaintiff will construe the Relevant Time Period to be May 12, 2016 through September 28, 2020.

14.    Lead Plaintiff objects to the Interrogatories to the extent they fail to specify any time limitation, or specify an overbroad time period for the information sought.

15.    By responding to the Interrogatories, Lead Plaintiff does not concede, or waive any rights to subsequently object to, the relevance, materiality, or admissibility as evidence of any of the information sought.

## SPECIFIC OBJECTIONS AND RESPONSES

INTERROGATORY NO. 1:

Identify all Advisors, including the name of the individual(s), job title(s), and company names of all Advisors.

RESPONSE TO INTERROGATORY NO. 1:

In addition to the General Objections, Lead Plaintiff specifically objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege, protection or immunity.  Lead Plaintiff further objects to this Interrogatory to the extent that it is overbroad, unduly burdensome, and disproportionate to the extent it does not impose any temporal limitation or require any connection to the transactions at issue in this litigation.  Lead Plaintiff further objects to this Interrogatory insofar as it calls for information within the possession, custody, or control of third parties.

Subject to and without waiving the foregoing objections and the General Objections, Lead Plaintiff responds:

1.    Sharon Mastorovich, Administrator, CDS Administrators

2.    John E. Andruss, Director of Taft Hartley Services, Chartwell Investment Partners

INTERROGATORY NO. 2:

Identify all members of Your Board of Trustees, members of Your Finance Committee, Your directors, Your officers, You[r] employees, Advisors, or employees of Advisors who participated in or possess knowledge or information Concerning Your Purchase or Sale of, or decision to hold, Interface Securities, as well as the claims and allegations in this Action.

RESPONSE TO INTERROGATORY NO. 2:

In addition to the General Objections, Lead Plaintiff specifically objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege, protection or immunity. Lead Plaintiff further objects to this Interrogatory to the extent that it is overbroad, unduly burdensome, and disproportionate to the extent it does not impose any temporal limitation or require any connection to the transactions at issue in this litigation. Lead Plaintiff further objects to this Interrogatory insofar as it calls for information within the possession, custody, or control of third parties.

Subject to and without waiving the foregoing objections and the General Objections, Lead Plaintiff responds:

1.      Chartwell Investment Partners, Investment Manager

INTERROGATORY NO. 3:

For each Person listed in Your Initial Disclosures, state whether You Communicated with that Person, whether that Person did or did not provide documents or any other materials to You, whether that Person did or did not speak to You about the Action or the claims asserted, whether any information provided by that Person did or did not get included in the Complaint or Amended Complaint, and whether that Person declined to cooperate with You and/or provide assistance to You.

- 6 -

RESPONSE TO INTERROGATORY NO. 3:

In addition to the General Objections, Lead Plaintiff specifically objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or work-product doctrine. Lead Plaintiff further objects to this Interrogatory to the extent that it is overbroad, unduly burdensome, and disproportionate to the extent it does not impose any temporal limitation or require any connection to the transactions at issue in this litigation. Lead Plaintiff further objects to this Interrogatory insofar as it calls for information within the possession, custody, or control of third parties. Lead Plaintiff also objects to the term "For each Person listed in Your Initial Disclosures" as being overly broad and will construe it to mean those persons listed in Section II, parts 5 and 6, of Lead Plaintiff's Initial Disclosures.

Lead Plaintiff further responds that Lead Plaintiff did not Communicate with any Person listed in Lead Plaintiff's Initial Disclosures, no Person listed in Lead Plaintiff's Initial Disclosures provided documents or any other materials to Lead Plaintiff, no Person listed in Lead Plaintiff's Initial Disclosures spoke to Lead Plaintiff about the Action or the claims asserted, no information was provided by any Person listed in Lead Plaintiff's Initial Disclosures that was included in the Complaint or Amended Complaint, no Person listed in Lead Plaintiff's Initial Disclosures declined to cooperate with Lead Plaintiff and/or provide assistance to Lead Plaintiff.

INTERROGATORY NO. 4:

Identify any Person with a financial interest in this Action apart from members of the proposed Class and Your outside counsel, including any litigation funders.

RESPONSE TO INTERROGATORY NO. 4:

In addition to the General Objections set forth above, Lead Plaintiff specifically objects to this Interrogatory to the extent that it is overbroad, unduly burdensome, and disproportionate to the

- 7 -

extent it does not impose any temporal limitation or require any connection to the transactions at issue in this litigation.  Lead Plaintiff also objects to this Interrogatory as seeking information that is not relevant to any party's claims or defenses.  Lead Plaintiff further objects to this Interrogatory insofar as it calls for information that is within the possession, custody, or control of third parties.

Lead Plaintiff further responds that no such persons exist.

DATED:  October 10, 2022

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
PHILIP T. MERENDA
NATALIE BONO


*/s/ David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
pmerenda@rgrdlaw.com
nbono@rgrdlaw.com

Lead Counsel for Lead Plaintiff

## CERTIFICATE OF SERVICE

I, NATALIE BONO, hereby certify that on October 10, 2022, I caused a true and correct copy of the foregoing document to be served on all defense counsel of record by providing them with copies via electronic mail.

*/s/ Natalie Bono*
NATALIE BONO

## VERIFICATION OF INTERROGATORY RESPONSES

I, Joseph M. Little, am the Chairman Lead Plaintiff Steamfitters Local 449 Pension Fund (the "Fund"). I am authorized to make this verification on the Fund's behalf. I have read the foregoing responses to Lead Plaintiff's Responses and Objections to Defendants' First Set of Interrogatories, dated October 10, 2022 (the "Responses"). The Responses were prepared by the Fund's counsel. Based upon matters within my personal knowledge and on information that has been assembled and provided to me, the foregoing responses to the Interrogatories are correct, according to the best of my knowledge and belief. I verify under penalty of perjury that the foregoing is true and correct.

Executed this _10th__ day of October, 2022.

_____
Joseph M. Little