# Exhibit D-8

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THOMAS S. SWANSON, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>- v. -<br><br>INTERFACE, INC., DANIEL T. HENDRIX, JAY D. GOULD, BRUCE A. HAUSMANN, and PATRICK C. LYNCH,<br><br>                    Defendants. | Case No. 1:20-cv-05518-BMC |

**DEFENDANTS' FIRST REQUEST**
**FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Interface, Inc., Daniel T. Hendrix, Bruce A. Hausmann, Patrick C. Lynch, and Jay D. Gould (collectively, "Defendants") request that Lead Plaintiff Steamfitters Local 449 Pension Fund produce all of the documents called for by the requests below, in accordance with the instructions and definitions set forth below, within thirty (30) days of service of this request, at the offices of Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019-6064, or at such other time and place as may be agreed upon by counsel.

**DEFINITIONS**

Wherever used in the Defendants' First Request for Production of Documents to Plaintiffs (the "Request"), the following terms shall have the meanings indicated below:

1.      "Action" means the above-captioned putative class action pending in the U.S. District Court for the Eastern District of New York styled: *Swanson* v. *Interface, Inc.*, Case No. 1:20-cv-05518-BMC.

2.     "Advisor" means any firm, advisor, asset manager, analyst, consultant, broker, or brokerage firm that provided any advice, guidance, feedback, recommendations, or analysis relating to any actual, recommended, or contemplated transactions.

3.     "Class Period" means the period between May 12, 2016 and September 28, 2020, or any broader period contained in Plaintiffs' motion for class certification.

4.     "Communicate" or "Communication" means every manner or means of transmittal, disclosure, transfer, or exchange of information (in the form of facts, ideas, inquiries, or otherwise), whether orally, in writing, electronically, or otherwise.

5.     "Complaint" means the Complaint filed by Thomas Swanson in the Action on November 12, 2020 (Dkt. No. 1).

6.     "Concerning" means relating to, referring to, describing, evidencing, or constituting. "Refer," "relate," "reflect," "regard," or "concern" shall be construed to bring within the scope of all the requests all Documents that comprise, evidence, constitute, describe, explicitly or implicitly refer to, were reviewed in conjunction with, or were generated as a result of the subject matter of the Request, including but not limited to all Documents that reflect, record, memorialize, discuss, evaluate, consider, review, or report the subject matter of the Request.

7.     "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate Document within the meaning of this term.

8.     "Date" means the exact day, month, and year, if ascertainable, or if not, the best approximation (including relationship to other events).

9.     "First Amended Complaint" means the Amended Complaint for Violations of the Federal Securities Law filed by Plaintiffs in the Action on April 28, 2021. (Dkt. No. 30.)

10.     "Including" means including without limitation.

11.     "Interface" means Interface, Inc. and includes its subsidiaries, divisions, and affiliates, whether owned or controlled, directly or indirectly, in whole or in part, as well as its present and former directors, officers, and employees.

12.     "Person" has the meaning accorded to it under Local Civil Rule 26.3(c)(6) and is defined as any natural person or any legal entity, including without limitation any business or governmental entity or association.

13.     "Plaintiffs" means the Steamfitters Local 449 Pension Fund and, where applicable, any corporate parent, subsidiaries, affiliates, partners, present and former directors, officers, trustees, administrators, employees, agents, analysts, advisors, accountants, attorneys, consultants, representatives, or other Persons acting or purporting to act on their behalf.

14.     "Plaintiffs' Counsel" means Robbins Geller Rudman & Dowd LLP, any other counsel or investigators for Plaintiffs, and any agents acting or purporting to act on any of their behalf.

15.     "Purchase" means any contract to buy, purchase, or acquire, including, but not limited to, assignment, pledge, gift, or transfer.

16.     "Relevant Time Period" means the period commencing 90 days prior to the start and 90 days following the end of the period defining the putative Class as proposed in the Amended Complaint.

17.     "Sale" or "Sell" means any contract to sell or otherwise dispose of, including, but not limited to, assignment, pledge, gift, or transfer.

18.     "Security" has the meaning ascribed to it under the Securities Exchange Act of 1934, 15 U.S.C. § 78a, including without limitation common stock, preferred stock, calls to buy stock, puts to sell stock, bonds, or any other securities, including any equity, debt, investments, swaps, forward contracts, futures contracts, structured securities, and special purpose entities,

3

including credit derivatives, total return swaps, and any individual option positions, including those entered into as part of an arbitrage or risk management strategy.

19.    "You" or "Your" means Plaintiffs and any corporate parent, subsidiaries, affiliates, partners, present and former directors, officers, trustees, administrators, employees, agents, analysts, advisors, accountants, attorneys, consultants, representatives, or other Persons acting or purporting to act on their behalf.

20.    The use of the term "the" shall not be construed as limiting the scope of any Request.

21.    Whenever there is a reference in the Request to a named corporation, partnership, or association, the reference shall include: (i) the corporation, partnership, or association; (ii) its known subsidiaries, groups, divisions, affiliates, and other organizational units, predecessors, or successors; and (iii) any present and former directors, officers, trustees, administrators, employees, agents, representatives, or other Persons acting or purporting to act on behalf of the named corporation, partnership, or association.

## **INSTRUCTIONS**

1.    Unless otherwise specified, You are requested to produce Documents responsive to the Request that Concern, whether in whole or in part, the Relevant Time Period, even if dated, prepared, generated, used, or received prior to, or subsequent to, that period.

2.    Except as specified elsewhere in the Request, all electronically stored information (ESI) covered in the Request shall be produced in accordance with the ESI protocol that the Parties may agree upon.  Documents shall be produced as they are kept in the usual course of business in their original folders, binders, covers, and containers or facsimile thereof, or, with respect to ESI, in either TIFF or native format.  In addition to the production format identified in the protocol, any structured data should not be produced in a form that interferes with its

4

functionality or degrades the ability to search the data by electronic means.  No fields should be removed from structured data without Defendants' consent.

3.    All Documents covered in the Request shall be produced in an orderly manner (and with appropriate markings or other identification) so that the Defendants and their attorneys will be able to identify the source of the Document, the file in which it was maintained, the individual or group to whom such file belonged, and which Request the Document corresponds to.

4.    The Request should be construed to include all responsive Documents in the files of Plaintiffs' representatives, agents, employees, attorneys, accountants, outside investment advisors, brokers, traders, analysts, or consultants who advised on, possessed discretion to make investment decisions regarding, and/or monitored Plaintiffs' investments in Interface.  If Plaintiffs are taking the position that such Documents are not within their possession, custody, or control, Plaintiffs shall advise Defendants forthwith.

5.    Each requested Document should be produced in its entirety.  If a document responsive to a Request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.  If any requested document was, but no longer is, in Your possession, state whether a copy thereof is in the possession, custody, or control of some other person or entity.

6.    If there are no Documents responsive to any of the Requests, please provide a written response so stating.

7.    No Request shall be construed to limit the scope of any other Request.

8.    Unless otherwise stated herein, all Requests cover the Relevant Time Period.

## DOCUMENTS TO BE PRODUCED

1.    All Documents, including, but not limited to, structured data, containing: (i) the date(s) and time(s) of any Purchase or Sale by You of Interface Securities; (ii) the number of

units exchanged in each such transaction; (iii) the price that You paid or received for each such transaction; and (iv) the Person, including brokers or agents, from or through whom You made each such transaction. The spreadsheet should also identify whether each investment position was registered to You and held in Your own name or held in "street name" by Your broker or agent on Your behalf. This covers the Relevant Time Period.

2.      All Documents, including, but not limited to, structured data, containing the date and terms of any swap, derivative, hedge, or other transaction by which Your economic exposure to either (i) Your holdings of Interface Securities; or (ii) any transaction in Interface Securities identified in response to Request No. 1 was offset, reduced, or limited either directly or indirectly.

3.      All Documents relating to any investment of Plaintiffs in any position relating to Interface Securities identified in Request No. 1 or 2, including, but not limited to:

   a. trading records;
   b. receipts;
   c. brokerage account statements;
   d. confirmations of transactions; and
   e. contracts.

4.      All Communications relating to any investment of Plaintiffs in any position relating to Interface Securities identified in Request No. 1 or 2.

5.      All Documents that constitute, record, or in any way memorialize any actual, recommended, or contemplated Purchase or Sale of, or decision to hold, any Interface Securities by You or by any other Person on Your behalf.

6.      All Documents that explain or describe any actual, recommended, or contemplated Purchase or Sale of, or decision to hold, any Interface Securities by You or by any other Person on Your behalf, including not limited to all documents Concerning the reasons for or purposes of Your actual, recommended, or contemplated Purchase, Sale, or decision to hold Interface Securities.

6

7.      All Documents, other than those responsive to Request Nos. 3–5, that in any way relate to, or were used or relied upon in connection with, any actual, recommended, or contemplated Purchase or Sale of, or decision to hold, any Interface Securities by You or by any other Person on Your behalf.

8.      All Documents sufficient to identify all Persons (including both Your employees and Advisors) involved in evaluating whether You should buy, sell, or hold an investment in Interface Securities.

9.      All Communications with any Person identified in Request No. 8 Concerning Interface and its Securities, including, but not limited to, Communications Concerning: (i) the establishment of Your investment account with Your advisor; (ii) Your investment criteria for the Purchase or Sale of Securities; and (iii) Your risk tolerance for the Purchase or Sale of Securities.

10.     All Documents Concerning or analyzing the performance of, or realized or unrealized gains or losses on, Your investment in Interface Securities, including the methodology that You used to calculate any realized or unrealized gain or loss.

11.     All Documents relating to the accounting treatment of Your investment in Interface Securities.

12.     All Documents filed by You or on Your behalf reflecting the tax treatment of any Purchase or Sale of Interface Securities by You, including, but not limited to, income gains or losses from such transactions.

13.     All financial statements or profit and loss statements reflecting gains or losses from transactions in Interface Securities.

14.     All Documents Concerning Your allegation that the market for Interface Securities was efficient, as alleged in Paragraph 265 of the Amended Complaint.

15.     All Communications Concerning analyst coverage of Interface Securities.

16.     All Documents Concerning Interface's business and financial condition.

17.     All Documents Concerning Interface's Securities prices or movements thereof.

18.     All Documents that constitute, explain, describe, or in any way relate to Your reliance on or knowledge of Interface's Securities prices or movements thereof.

19.     All Documents, including, but not limited to, structured data, containing: (i) the date(s) and time(s) of any Purchase or Sale by You of any Securities of any company other than Interface; (ii) the number of units exchanged in each such transaction; (iii) the price that You paid or received for each such transaction; and (iv) the Person, including brokers or agents, from or through whom You made each such transaction.  The spreadsheet should also identify whether each investment position was registered to You and held in Your own name or held in "street name" by Your broker or agent on Your behalf.  This covers the Relevant Time Period.

20.     All Documents Concerning any investment portfolio monitoring services that You utilized, including, but not limited to, monitoring agreements Concerning Interface Securities and Communications Concerning the monitoring of Interface Securities.

21.     All Documents Concerning Your investment decision-making structure, including charters, by-laws, organizational charts, and any documents that describe any internal department, staff or employees that provide investment analysis, advice, reports, or guidance to You, or oversee or supervise any external individuals or organizations that provide investment analysis, advice, reports, or guidance to You, including, but not limited to. documents sufficient to show all individuals who had any involvement in making Your investment decisions.

22.     All Documents Concerning Your guidelines, policies, procedures, practices, rules, due diligent requirements, goals, or criteria for the Purchase, Sale, assignment, pledge, gift, transfer, or other acquisition or disposition of, or decision to hold, any Securities, in effect at the time during the Relevant Time Period.

23. All Documents sufficient to identify Your sources for investment analysis, advice, reports, or guidance Concerning Interface Securities, including, but not limited to, newsletters, newspapers, magazines, reports, services, or databases subscribed to or otherwise received by You.

24. All Documents establishing, implementing, reflecting, or otherwise relating to any policies or procedures for the review or authorization of investment transactions by You or on Your behalf during the Relevant Time Period (including Your agents or other Persons acting on Your behalf), including Documents evidencing the identity of any Person who was or was to be involved in such review or authorization.

25. All Communications between or among You, Plaintiffs' Counsel and any Current or Former Interface Employees.

26. All Documents Concerning any arrangement or agreement between You, Plaintiffs' Counsel, and any Current or Former Interface Employees.

27. All Documents Concerning Communications between or among You, Plaintiffs' Counsel, and any Person regarding Interface or the subject matter of this Action, including, but not limited to, any such Communications between or among You and any member of the putative class in this Action (or any Person acting on such putative class member's behalf), any other Person who transacted in Interface Securities, or any journalist, reporter, or other member of the press.

28. All Documents on which You intend to rely to: (i) establish the appropriateness of class certification in the Action; and (ii) demonstrate that You can satisfy the requirements of Rule 23 to serve as class representative, including Your adequacy and typicality as class representative.

29. All Documents Concerning any promised, proposed, or expected compensation to You for serving as a Lead Plaintiff in this Action.

9

30.    All Documents Concerning the terms under which Plaintiffs retained Plaintiffs' Counsel to represent them in the Class Action, including, but not limited to. retainer agreements, fee agreements, and litigation funding agreements.

31.    All Documents reflecting any promises or guarantees made to Plaintiffs in exchange for participating in the Action.

32.    All Documents relating to any litigation funding or any financial support or incentive that Plaintiffs or Plaintiffs' Counsel are receiving or are expected to receive, either jointly or individually, in connection with this Action.

33.    All agreements between or among the Plaintiffs related to the Action.

34.    All Documents sufficient to identify every instance over the prior 10 years in which You have served or sought to serve as a plaintiff or lead plaintiff in a derivative or class action litigation in federal or state court challenging the acts, statements, or omissions of a public company or the board of directors of a public company, whether under the federal or state securities law, for breach of fiduciary duty, or any other claim.

35.    Without respect to time period, all declarations, affidavits, affirmations, statements, deposition transcripts, and transcripts of any court testimony You have given in any lawsuit in which You sought to serve as a class representative, and any related exhibits.

36.    Without respect to time period, all declarations, affidavits, affirmations, statements, deposition transcripts, and transcripts of any court testimony that You have given in any lawsuit in which any investment strategies generally applicable to, among other things, Your transactions in Securities were discussed (even if there was no specific mention of Interface Securities), and any related exhibits.

37.    All Documents Concerning the claims in this Action that You have obtained from any non-party, whether by subpoena or otherwise.

38.   All Documents Concerning any alleged losses or damages claimed by You or the Class as a result of the allegations in the Amended Complaint, including, but not limited to, documents Concerning the causation of damages, the amount of damages, and the accounts in which these losses were allegedly occurred.

39.   All Documents sufficient to identify the nature and amount of all of Your claims against each Defendant.

40.   All documents relating to any injury You or the Class claim to have suffered as a result of the conduct alleged in the Amended Complaint.

41.   All Documents You intend to (1) introduce or rely on at trial in support of any claim or defense and/or (2) use as exhibits at any deposition or hearing.

42.   All documents You relied on in connection with preparing responses to these Requests.

43.   To the extent not covered by Documents responsive to any of the earlier Requests, all Documents Concerning Your claims in the Action.

11

Date:  August 25, 2022

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By:  */s/ Harris Fischman*
Daniel J. Kramer
Harris Fischman
Shane D. Avidan
1285 Avenue of the Americas
New York, NY  10019-6064
Phone:  (212) 373-3000
Fax:  (212) 757-3990
dkramer@paulweiss.com
hfischman@paulweiss.com
savidan@paulweiss.com

*Counsel for Interface, Inc., Daniel T. Hendrix, Bruce A. Hausmann, and Patrick C. Lynch*

SQUIRE PATTON BOGGS (US) LLP

By:  */s/ David Long-Daniels*
David Long-Daniels (*pro hac vice*)
1230 Peachtree Street NE, Suite 1700
Atlanta, GA 30309
Phone: (678) 272-3200
Fax: (678) 272-3211
david.long-daniels@squirepb.com

*Counsel for Jay D. Gould*

12