# Exhibit D-12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

—————————————————————— x

THOMAS S. SWANSON, Individually and on :    Civil Action No. 1:20-cv-05518-BMC-RER
Behalf of All Others Similarly Situated,    :

                              :    <u>CLASS ACTION</u>

          Plaintiff,    :

                              :

     vs.    :

INTERFACE, INC., DANIEL T. HENDRIX,    :
JAY D. GOULD, BRUCE A. HAUSMANN    :
and PATRICK C. LYNCH,    :

                              :

          Defendants.    :

—————————————————————— x

**LEAD PLAINTIFF'S RESPONSES AND OBJECTIONS
TO DEFENDANTS' FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFFS**

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the applicable Local Rules of the United States District Court for the Eastern District of New York (the "Local Rules"), Lead Plaintiff Steamfitters Local 449 Pension Fund ("Lead Plaintiff"), by and through its undersigned counsel, hereby responds and objects to Defendants' First Request for Production of Documents to Plaintiffs (the "Requests"), dated August 25, 2022, as follows:

## I.    INSTRUCTIONS

The objections and responses given herein are without prejudice to Lead Plaintiff's rights to produce evidence of any subsequently discovered facts or to add to, modify or otherwise change or amend the responses herein. The information set forth herein is true and correct at this time to the best of Lead Plaintiff's knowledge, and is subject to correction or supplementation for any errors or omissions. Lead Plaintiff specifically reserves the right to amend and/or supplement its responses.

Lead Plaintiff's responses to these Requests are made for the sole purpose of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privilege, privacy, and the like, and all objections are reserved and may be interposed at the time of trial. Nor shall any response be construed as a waiver or abridgement of any applicable privilege or any objection set forth herein.

No incidental or implied admissions are intended in these responses. Lead Plaintiff's responses to all or any part of the Requests should not be taken as an admission of any of the following: (a) Lead Plaintiff accepts or admits the existence of any fact(s) set forth or assumed by that request; (b) Lead Plaintiff has in its possession, custody or control any document responsive to that request; (c) documents responsive to that request exist; or (d) Lead Plaintiff's responses constitute admissible evidence. Lead Plaintiff's response to all or any part of an individual Request is not intended to be – and shall not be – a waiver by Lead Plaintiff of all or any part of its objection(s) to that request.

- 1 -

Lead Plaintiff has not yet completed its factual investigation, discovery or trial preparation. The following responses are based upon information known at this time. Lead Plaintiff reserves the right to make use of or introduce at any deposition, hearing, and/or trial documents responsive to the Requests but discovered subsequent to the date of service of Lead Plaintiff's response to the Requests, including, but not limited to, any documents obtained in discovery in this action. Lead Plaintiff reserves the right to amend, modify, and supplement these responses should additional discovery warrant such amendment, modification, or supplementation.

Lead Counsel is willing and able to meet and confer with counsel for Defendants regarding any of Lead Plaintiff's Responses herein.

## II.    GENERAL OBJECTIONS

Lead Plaintiff generally objects to the Requests on the following grounds, each of which is expressly incorporated by reference in each individual response to each Request below. All individual responses set forth herein are subject to and without waiver of any of these General Objections.

1.    Lead Plaintiff objects to the Requests and the Definitions and Instructions to the extent that they purport to impose any obligations upon Lead Plaintiff that are not imposed by law or are otherwise broader than or inconsistent with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules, the Individual Rules of the Court, and orders of the Court in this proceeding.

2.    Lead Plaintiff objects to the Requests and the Definitions and Instructions to the extent that they seek or require the production of confidential or proprietary information, information protected by the attorney-client privilege, the attorney work-product doctrine, the deliberative-process privilege, the joint-prosecution or common-interest privilege, the right to privacy, or any other applicable privilege, protection or immunity. Such production as may hereafter occur pursuant

- 2 -

to the Requests will not include any documents protected by such privileges or doctrines. In the event that any privileged or protected information is disclosed, such disclosure is inadvertent and shall not constitute a waiver of any applicable privilege, protection or immunity, in whole or in part.

3.      Lead Plaintiff objects to the Requests and the Definitions and Instructions to the extent the information sought is neither relevant to the claims or defenses in this action nor proportional to the needs of the case.

4.      Lead Plaintiff objects to the Requests and the Definitions and Instructions to the extent they are overbroad, unduly burdensome, harassing, and/or are outside the scope of Fed. R. Civ. P. 26(b)(1) and/or Fed. R. Civ. P. 34.

5.      Lead Plaintiff objects to the Requests and the Definitions and Instructions to the extent they are vague and ambiguous, contain terms that are undefined or lack sufficient definition to permit a response, and do not specifically describe or reasonably particularize the documents sought to be produced.

6.      Lead Plaintiff objects to the Requests and the Definitions and Instructions to the extent they seek documents that do not exist, or are not within Lead Plaintiff's exclusive possession, custody or control, but rather are within the possession, custody or control of Defendants or third parties.

7.      Lead Plaintiff objects to the Requests and the Definitions and Instructions contained therein to the extent they purport to impose an obligation on Lead Plaintiff to conduct anything other than a reasonable and diligent search pursuant to the requirements of the Federal Rules of Civil Procedure where responsive documents reasonably would be expected to be found, including to the extent that they seek electronically stored information ("ESI") from sources that are not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B). Lead Plaintiff will limit its responses to documents

- 3 -

that are reasonably accessible and can be located, identified and produced after a reasonable inquiry without undue burden or expense.

8. Lead Plaintiff objects to the Requests to the extent they seek information that is available through public sources or that is equally available to Defendants from some other source that is more convenient, less burdensome and less expensive. The production of such information by Lead Plaintiff would be duplicative and constitute an undue burden on Lead Plaintiff.

9. Lead Plaintiff objects to the Requests insofar as they seek information prematurely, including to the extent they call for disclosure of documents concerning factual and legal contentions in this action when discovery is ongoing and the record has not yet been fully developed, and to the extent they seek information which is the subject of expert opinion.

10. Lead Plaintiff objects to the Requests to the extent that they seek documents that are cumulative, duplicative or disproportionate. For example, by requesting "All Documents," or "All Communications," the Requests seek production of multiple copies, duplicate documents, and non-identical copies.

11. Lead Plaintiff objects to the Requests to the extent that they seek information that is not proportional to the needs of the case, in light of the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the information in resolving the issues in the action, and the burden or expense of obtaining the information.

12. Lead Plaintiff objects to the Requests to the extent that they fail to specify any time limitation, or specify an overbroad time period for the documents and information sought.

13. Lead Plaintiff objects to the Requests to the extent that they call for legal conclusions.

14. Lead Plaintiff objects to the Requests to the extent that they seek information from absent class members.

15. Lead Plaintiff objects to the Requests to the extent they seek information that is protected from disclosure by Lead Plaintiff's right to privacy, including financial privacy, including, but not limited to, personal financial and investment documentation, other confidential information regarding the financial affairs of Lead Plaintiff, or information concerning investments that are not relevant to the claims in this action.

16. Lead Plaintiff does not admit, adopt, or acquiesce in any factual or legal contention, assertion, characterization, or implication that is contained in the Requests.

17. By responding to the Requests, Lead Plaintiff does not concede, or waive any rights to subsequently object to, the relevance, materiality, or admissibility as evidence of any of the information sought.

18. The failure of Lead Plaintiff to make a specific objection to a Request is not – and shall not be construed as – an admission that responsive information or documents exist. Likewise, any statement herein that Lead Plaintiff will provide information or produce documents in response to a Request does not mean that any such information or documents exist or are within Lead Plaintiff's possession, custody or control. Rather, any such statement reflects the intention of Lead Plaintiff, subject to its objections, to conduct a reasonable search for, and to produce, responsive documents and information within its possession, custody and control should any such documents or information be found.

19. Any representation that Lead Plaintiff has no non-privileged documents responsive to a Request should not be construed as a representation that privileged documents responsive to the Request exist.

20.    By making a specific objection to a Request, Lead Plaintiff does not imply that the specific objection is not applicable in response to any other Request, or that the General Objections are not applicable to the Request.

21.    In providing information in response to the Requests, Lead Plaintiff does not in any way waive, or intend to waive, but rather intends to preserve, and is preserving:

(a)    all objections as to competency, proportionality, relevancy, materiality, authenticity, and admissibility of any Request, the responses, and their subject matter;

(b)    all objections as to vagueness, ambiguity or other infirmity in the form of the Requests, and any objections based on the undue burden imposed by the Requests and each individual Request contained therein;

(c)    all rights to object on any ground to the use of any of the documents produced in response to the Requests or their subject matter in any subsequent proceedings, including the trial of this or any other action;

(d)    all rights to object on any ground to any further document requests or other discovery involving or related to the subject matter of any Request;

(e)    all rights to amend, modify, supplement or clarify any of the responses or objections set forth herein at a later time; and

(f)    any and all privileges and rights under the applicable sections of the Federal Rules of Civil Procedure, the Local Rules, or other statutes, guidelines or common law.

## III.    OBJECTIONS TO DEFINITIONS, INSTRUCTIONS AND FORM OF PRODUCTION

(a)    Lead Plaintiff objects to the definition of "Communication" as overbroad, unduly burdensome, disproportionate and seeking irrelevant information because it is broader than, and inconsistent with, the uniform definition of "Communication" set forth in Local Civil Rule

26.3(c)(1). In responding to the Requests, Lead Plaintiff will construe "Communication" in accordance with the definition set forth in Local Civil Rule 26.3(c)(1).

(b)     Lead Plaintiff objects to the definition of "Document" as overbroad, unduly burdensome, disproportionate and seeking irrelevant information because it is broader than, and inconsistent with, the uniform definition of "Document" set forth in Local Civil Rule 26.3(c)(2). In responding to the Requests, Lead Plaintiff will construe "Document" in accordance with the definition set forth in Local Civil Rule 26.3(c)(2).

(c)     Lead Plaintiff objects to the definition of "Plaintiffs" to the extent it is overly broad, unduly burdensome, and imposes any obligations upon Lead Plaintiff that are not imposed by law or are otherwise broader than or inconsistent with Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules. Lead Plaintiff will construe "Plaintiffs" to refer to Lead Plaintiff Steamfitters Local 449 Pension Fund.

(d)     Lead Plaintiff objects to the definition of "Relevant Time Period" as overbroad, unduly burdensome, disproportionate and seeking irrelevant information, insofar as it is defined to include the 90 day period prior to the inception of the Class Period and 90 days after the end of the Class Period. Lead Plaintiff will construe the Relevant Time Period to be May 12, 2016 through September 28, 2020.

(e)     Lead Plaintiff objects to the definition of "Security" as overbroad, unduly burdensome, disproportionate and seeking irrelevant information, insofar as it is defined to include "without limitation common stock, preferred stock, calls to buy stock, puts to sell stock, bonds, or any other securities, including any equity, debt, investments, swaps, forward contracts, futures contracts, structured securities, and special purpose entities, including credit derivatives, total return swaps, and any individual option positions, including those entered into as part of an arbitrage or risk

- 7 -

management strategy." Lead Plaintiff represents a class of investors who purchased Interface common stock. In responding to the Requests, Lead Plaintiff will construe "Security" to mean Interface common stock.

(f)    Lead Plaintiff objects to the definition of "You" or "Your" to the to the extent it is overly broad, unduly burdensome, and imposes any obligations upon Lead Plaintiff that are not imposed by law or are otherwise broader than or inconsistent with Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules. Lead Plaintiff will construe "You" or "Your" to refer to Lead Plaintiff Steamfitters Local 449 Pension Fund.

## IV.    SPECIFIC OBJECTIONS AND RESPONSES

The following Specific Objections and Responses are subject to the General Objections. By setting forth specific objections, Lead Plaintiff does not intend to limit or restrict the General Objections. Lead Plaintiff incorporates the General Objections into its responses to each of the Requests. To the extent that Lead Plaintiff responds to the Requests, any stated objections are not waived by providing responses.

REQUEST FOR PRODUCTION NO. 1:

All Documents, including, but not limited to, structured data, containing: (i) the date(s) and time(s) of any Purchase or Sale by You of Interface Securities; (ii) the number of units exchanged in each such transaction; (iii) the price that You paid or received for each such transaction; and (iv) the Person, including brokers or agents, from or through whom You made each such transaction. The spreadsheet should also identify whether each investment position was registered to You and held in Your own name or held in "street name" by Your broker or agent on Your behalf. This covers the Relevant Time Period.

RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

In addition to the General Objections, Lead Plaintiff specifically objects to this Request to the extent that it is overbroad, unduly burdensome, and disproportionate.  Lead Plaintiff also objects to this Request as overbroad to the extent that it seeks "*All* Documents."  Lead Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, the right of privacy under state and federal law, or any other applicable privilege, protection or immunity.  Lead Plaintiff also objects to the term "structured data" as vague and undefined.

Subject to and without waiving the foregoing objections and the General Objections, Lead Plaintiff will conduct a reasonable search for and produce documents sufficient to disclose: (i) Lead Plaintiff's transactions in Interface common stock during the Relevant Time Period; and (ii) the investment guidelines and policies provided to, and agreements with, investment managers who purchased or sold Interface common stock on behalf of Lead Plaintiff during the Class Period.

REQUEST FOR PRODUCTION NO. 2:

All Documents, including, but not limited to, structured data, containing the date and terms of any swap, derivative, hedge, or other transaction by which Your economic exposure to either (i) Your holdings of Interface Securities; or (ii) any transaction in Interface Securities identified in response to Request No. 1 was offset, reduced, or limited either directly or indirectly.

RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

In addition to the General Objections, Lead Plaintiff specifically objects to this Request to the extent that it is overbroad, unduly burdensome, disproportionate, and requests irrelevant information. Lead Plaintiff also objects to this Request as overbroad to the extent that it seeks "*All* Documents." Lead Plaintiff further objects to this Request to the extent it seeks information protected by the

attorney-client privilege, work-product doctrine, the right of privacy under state and federal law, or any other applicable privilege, protection or immunity. Lead Plaintiff also objects to this Request as not relevant to the parties' claims and defenses, overbroad, unduly burdensome and disproportionate to the needs of this case to the extent it seeks documents concerning transactions other than Lead Plaintiff's transactions in Interface common stock during the Class Period. Lead Plaintiff also objects to this Request to the extent it requires Lead Plaintiff to obtain documents in the possession, custody, or control of third parties. Lead Plaintiff also objects to the term "structured data" as vague and undefined.

Subject to and without waiving the foregoing objections and the General Objections, Lead Plaintiff will conduct a reasonable search for and produce documents sufficient to show Lead Plaintiff's purchases and sales (including the prices and quantities), and holdings of Interface common stock during the Relevant Time Period.

REQUEST FOR PRODUCTION NO. 3:

All Documents relating to any investment of Plaintiffs in any position relating to Interface Securities identified in Request No. 1 or 2, including, but not limited to:

      (a)     trading records;

      (b)     receipts;

      (c)     brokerage account statements;

      (d)     confirmations of transactions; and

      (e)     contracts.

RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

In addition to the General Objections, Lead Plaintiff specifically objects to this Request to the extent that it is overbroad, unduly burdensome, disproportionate, and requests irrelevant information.

- 10 -

Lead Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, the right of privacy under state and federal law, or any other applicable privilege, protection or immunity. Lead Plaintiff also objects to this Request as overbroad to the extent that it seeks "*All* Documents." Lead Plaintiff also objects to this Request as not relevant to the parties' claims and defenses, overbroad, unduly burdensome and disproportionate to the needs of this case to the extent it seeks documents concerning transactions other than Lead Plaintiff's transactions in Interface common stock during the Class Period.

Subject to and without waiving the foregoing objections and the General Objections, Lead Plaintiff will conduct a reasonable search for and produce documents sufficient to show Lead Plaintiff's investments in Interface common stock during the Relevant Time Period.

REQUEST FOR PRODUCTION NO. 4:

All Communications relating to any investment of Plaintiffs in any position relating to Interface Securities identified in Request No. 1 or 2.

RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

In addition to the General Objections, Lead Plaintiff specifically objects to this Request to the extent that it is overbroad, unduly burdensome, disproportionate, and requests irrelevant information. Lead Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, the right of privacy under state and federal law, or any other applicable privilege, protection or immunity. Lead Plaintiff also objects to this Request as overbroad to the extent that it seeks "*All* Communications." Lead Plaintiff further objects to this Request as cumulative and duplicative to the extent that it seeks documents already sought by Request Nos. 1 and 2. Lead Plaintiff also objects to this Request as not relevant to the parties' claims and defenses, overbroad, unduly burdensome and disproportionate to the needs of this case to

the extent it seeks documents concerning transactions other than Lead Plaintiff's transactions in Interface common stock during the Class Period.

Subject to and without waiving the foregoing objections and the General Objections, Lead Plaintiff will conduct a reasonable search for and produce Communications concerning Lead Plaintiff's purchases or sales of Interface Common Stock, to the extent any exist.

REQUEST FOR PRODUCTION NO. 5:

All Documents that constitute, record, or in any way memorialize any actual, recommended, or contemplated Purchase or Sale of, or decision to hold, any Interface Securities by You or by any other Person on Your behalf.

RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

In addition to the General Objections, Lead Plaintiff specifically objects to this Request to the extent that it is overbroad, unduly burdensome, disproportionate, and requests irrelevant information without regard to the relevance of the information to any party's claim or defense, as Fed. R. Civ. P. 26(b)(1) requires. Lead Plaintiff also objects to this Request as overbroad to the extent that it seeks "*All* Documents." Lead Plaintiff also objects to this Request as not relevant to the parties' claims and defenses, overbroad, unduly burdensome and disproportionate to the needs of this case to the extent it seeks documents concerning transactions other than Lead Plaintiff's transactions in Interface common stock during the Class Period. Lead Plaintiff further objects to this Request to the extent it requires Lead Plaintiff to obtain documents in the possession, custody, or control of third parties.

Subject to and without waiving the foregoing objections and the General Objections, Lead Plaintiff will conduct a reasonable search for and produce non-privileged documents in its possession, custody, or control, if any exist, responsive to this Request.

REQUEST FOR PRODUCTION NO. 6:

All Documents that explain or describe any actual, recommended, or contemplated Purchase or Sale of, or decision to hold, any Interface Securities by You or by any other Person on Your behalf, including not limited to all documents Concerning the reasons for or purposes of Your actual, recommended, or contemplated Purchase, Sale, or decision to hold Interface Securities.

RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

In addition to the General Objections, Lead Plaintiff specifically objects to this Request to the extent that it is overbroad, unduly burdensome, disproportionate, and requests irrelevant information without regard to the relevance of the information to any party's claim or defense, as Fed. R. Civ. P. 26(b)(1) requires. Lead Plaintiff also objects to this Request as overbroad to the extent that it seeks "*All* Documents." Lead Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, the right of privacy under state and federal law, or any other applicable privilege, protection or immunity. Lead Plaintiff also objects to this Request as not relevant to the parties' claims and defenses, overbroad, unduly burdensome and disproportionate to the needs of this case to the extent it seeks documents concerning transactions other than Lead Plaintiff's transactions in Interface common stock during the Class Period. Lead Plaintiff further objects to this Request to the extent it requires Lead Plaintiff to obtain documents in the possession, custody, or control of third parties. Lead Plaintiff further objects to this Request to the extent that "contemplated" is vague and undefined.

Subject to and without waiving the foregoing objections and the General Objections, Lead Plaintiff will conduct a reasonable search for and produce non-privileged documents in its possession, custody, or control, if any exist, responsive to this Request.

REQUEST FOR PRODUCTION NO. 7:

All Documents, other than those responsive to Request Nos. 3–5, that in any way relate to, or were used or relied upon in connection with, any actual, recommended, or contemplated Purchase or Sale of, or decision to hold, any Interface Securities by You or by any other Person on Your behalf.

RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

In addition to the General Objections, Lead Plaintiff specifically objects to this Request to the extent that it is overbroad, unduly burdensome, disproportionate, and requests irrelevant information without regard to the relevance of the information to any party's claim or defense, as Fed. R. Civ. P. 26(b)(1) requires. Lead Plaintiff also objects to this Request as overbroad to the extent that it seeks "*All* Documents." Lead Plaintiff also objects to this Request as not relevant to the parties' claims and defenses, overbroad, unduly burdensome and disproportionate to the needs of this case to the extent it seeks documents concerning transactions other than Lead Plaintiff's transactions in Interface common stock during the Class Period. Lead Plaintiff further objects to this Request to the extent it requires Lead Plaintiff to obtain documents in the possession, custody, or control of third parties. Lead Plaintiff further objects to this Request to the extent that "contemplated" is vague and undefined.

Subject to and without waiving the foregoing objections and the General Objections, Lead Plaintiff will conduct a reasonable search for and produce non-privileged documents in its possession, custody, or control, if any exist, responsive to this Request.

REQUEST FOR PRODUCTION NO. 8:

All Documents sufficient to identify all Persons (including both Your employees and Advisors) involved in evaluating whether You should buy, sell, or hold an investment in Interface Securities.

- 14 -

RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

In addition to the General Objections, Lead Plaintiff specifically objects to this Request to the extent that it is overbroad, unduly burdensome, disproportionate to the needs of this case insofar as it seeks documents concerning transactions other than Lead Plaintiff's transactions in Interface common stock during the Class Period.  Lead Plaintiff also objects to this Request as overbroad to the extent that it seeks "*All* Documents."  Lead Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, the right of privacy under state and federal law, or any other applicable privilege, protection or immunity.  Lead Plaintiff further objects to this Request to the extent it requires Lead Plaintiff to obtain documents in the possession, custody, or control of third parties.

Subject to and without waiving the foregoing objections and the General Objections, Lead Plaintiff will conduct a reasonable search for and produce investment guidelines and policies provided to, and agreements with, investment managers who purchased or sold Interface common stock on behalf of Lead Plaintiff during the Class Period.

REQUEST FOR PRODUCTION NO. 9:

All Communications with any Person identified in Request No. 8 Concerning Interface and its Securities, including, but not limited to, Communications Concerning: (i) the establishment of Your investment account with Your advisor; (ii) Your investment criteria for the Purchase or Sale of Securities; and (iii) Your risk tolerance for the Purchase or Sale of Securities.

RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

In addition to the General Objections, Lead Plaintiff specifically objects to this Request to the extent that it is overbroad, unduly burdensome, disproportionate, and requests irrelevant information without regard to the relevance of the information to any party's claim or defense, as Fed. R. Civ. P.

- 15 -

26(b)(1) requires. Lead Plaintiff also objects to this Request as overbroad to the extent that it seeks "*All* Communications." Lead Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, the right of privacy under state and federal law, or any other applicable privilege, protection or immunity. Lead Plaintiff also objects to this Request as not relevant to the parties' claims and defenses, overbroad, unduly burdensome and disproportionate to the needs of this case to the extent it seeks documents concerning transactions other than Lead Plaintiff's transactions in Interface common stock during the Class Period.

Subject to and without waiving the foregoing objections and the General Objections, Lead Plaintiff will conduct a reasonable search for and produce non-privileged documents in its possession, custody, or control, if any exist, concerning its investment guidelines.

REQUEST FOR PRODUCTION NO. 10:

All Documents Concerning or analyzing the performance of, or realized or unrealized gains or losses on, Your investment in Interface Securities, including the methodology that You used to calculate any realized or unrealized gain or loss.

RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

In addition to the General Objections, Lead Plaintiff specifically objects to this Request to the extent that it is overbroad, unduly burdensome, disproportionate, and requests irrelevant information without regard to the relevance of the information to any party's claim or defense, as Fed. R. Civ. P. 26(b)(1) requires. Lead Plaintiff also objects to this Request as overbroad to the extent that it seeks "*All* Documents." Lead Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, the right of privacy under state and federal law, or any other applicable privilege, protection or immunity. Lead Plaintiff also objects to

this Request as not relevant to the parties' claims and defenses, overbroad, unduly burdensome and disproportionate to the needs of this case to the extent it seeks documents concerning transactions other than Lead Plaintiff's transactions in Interface common stock during the Class Period.

Subject to and without waiving the foregoing objections and the General Objections, Lead Plaintiff will conduct a reasonable search for and produce non-privileged documents in its possession, custody, or control, if any exist, responsive to this Request.

REQUEST FOR PRODUCTION NO. 11:

All Documents relating to the accounting treatment of Your investment in Interface Securities.

RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

In addition to the General Objections, Lead Plaintiff specifically objects to this Request to the extent that it is overbroad, unduly burdensome, disproportionate, and requests irrelevant information without regard to the relevance of the information to any party's claim or defense, as Fed. R. Civ. P. 26(b)(1) requires. Lead Plaintiff also objects to this Request as overbroad to the extent that it seeks "*All* Documents." Lead Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, the right of privacy under state and federal law, or any other applicable privilege, protection or immunity.

Lead Plaintiff is willing to meet and confer with Defendants concerning this Request.

REQUEST FOR PRODUCTION NO. 12:

All Documents filed by You or on Your behalf reflecting the tax treatment of any Purchase or Sale of Interface Securities by You, including, but not limited to, income gains or losses from such transactions.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 12</u>:

In addition to the General Objections, Lead Plaintiff specifically objects to this Request to the extent that it is overbroad, unduly burdensome, disproportionate, and requests irrelevant information. Lead Plaintiff also objects to this Request as overbroad to the extent that it seeks "*All* Documents." Lead Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, the right of privacy under state and federal law, or any other applicable privilege, protection or immunity. Lead Plaintiff also objects to this Request as not relevant to the parties' claims and defenses, overbroad, unduly burdensome and disproportionate to the needs of this case to the extent it seeks documents concerning transactions other than Lead Plaintiff's transactions in Interface common stock during the Class Period. Lead Plaintiff also objects to this Request to the extent it requires Lead Plaintiff to obtain documents in the possession, custody, or control of third parties.

Lead Plaintiff is willing to meet and confer with Defendants concerning this Request.

<u>REQUEST FOR PRODUCTION NO. 13</u>:

All financial statements or profit and loss statements reflecting gains or losses from transactions in Interface Securities.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 13</u>:

In addition to the General Objections, Lead Plaintiff specifically objects to this Request to the extent that it is overbroad, unduly burdensome, disproportionate, and requests irrelevant information. Lead Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, the right of privacy under state and federal law, or any other applicable privilege, protection or immunity. Lead Plaintiff also objects to this Request as overbroad to the extent that it seeks "*All* financial statements or profit and loss statements." Lead

- 18 -

Plaintiff also objects to this Request to the extent it requires Lead Plaintiff to obtain documents in the possession, custody, or control of third parties.

Subject to and without waiving the foregoing objections and the General Objections, Lead Plaintiff will conduct a reasonable search for and produce documents sufficient to show Lead Plaintiff's purchases and sales of Interface common stock during the Relevant Time Period.

REQUEST FOR PRODUCTION NO. 14:

All Documents Concerning Your allegation that the market for Interface Securities was efficient, as alleged in Paragraph 265 of the Amended Complaint.

RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

In addition to the General Objections, Lead Plaintiff specifically objects to this Request to the extent that it is overbroad, unduly burdensome, disproportionate, and requests irrelevant information, insofar as it seeks information that is not relevant to the claims or defenses of any party. Lead Plaintiff also objects to this Request as overbroad to the extent that it seeks "*All* Documents." Lead Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, the right of privacy under state and federal law, or any other applicable privilege, protection or immunity. Lead Plaintiff further objects to this Request on the grounds that it seeks documents that are publicly available, are in Defendants' possession, custody, or control, or are equally available to Defendants. Lead Plaintiff also objects to this Request to the extent that it prematurely calls for legal conclusions and/or expert opinion.

Subject to and without waiving the foregoing objections and General Objections, Lead Plaintiff: (i) will make expert disclosures at an appropriate time pursuant to Rule 26(a)(2); and (ii) anticipates providing information on this issue in connection with its motion for class certification.

REQUEST FOR PRODUCTION NO. 15:

All Communications Concerning analyst coverage of Interface Securities.

RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

In addition to the General Objections, Lead Plaintiff specifically objects to this Request to the extent that it is overbroad, unduly burdensome, disproportionate, and requests irrelevant information, insofar as it seeks information that is not relevant to the claims or defenses of any party. Lead Plaintiff also objects to this Request as overbroad to the extent that it seeks "*All* Communications." Lead Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, the right of privacy under state and federal law, or any other applicable privilege, protection or immunity. Lead Plaintiff objects to this Request as not relevant to the parties' claims and defenses, overbroad, unduly burdensome and disproportionate to the needs of this case to the extent it seeks documents concerning transactions other than Lead Plaintiff's transactions in Interface common stock during the Class Period. Lead Plaintiff further objects to this Request on the grounds that it seeks documents that are publicly available, are in Defendants' possession, custody, or control, or are equally available to Defendants.

Subject to and without waiving the foregoing objections and General Objections, Lead Plaintiff will produce documents responsive to this request, if any exist.

REQUEST FOR PRODUCTION NO. 16:

All Documents Concerning Interface's business and financial condition.

RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

In addition to the General Objections, Lead Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to the claims or defenses of any party. Lead Plaintiff also objects to this Request as overbroad to the extent that it

- 20 -

seeks "*All* Documents." Lead Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege, protection or immunity. Lead Plaintiff further objects to this Request on the grounds that it seeks documents that are publicly available, are in Defendants' possession, custody, or control, or are equally available to Defendants. Lead Plaintiff further objects to this Request to the extent "business," and "financial condition" are vague and undefined.

Lead Plaintiff is willing to meet and confer with Defendants concerning this Request.

REQUEST FOR PRODUCTION NO. 17:

All Documents Concerning Interface's Securities prices or movements thereof.

RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

In addition to the General Objections, Lead Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to the claims or defenses of any party. Lead Plaintiff also objects to this Request as overbroad to the extent that it seeks "*All* Documents." Lead Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege, protection or immunity. Lead Plaintiff further objects to this Request on the grounds that it seeks documents that are publicly available, are in Defendants' possession, custody, or control, or are equally available to Defendants. Lead Plaintiff also objects to this Request to the extent that it prematurely calls for legal conclusions and/or expert opinion.

Subject to and without waiving the foregoing objections and General Objections, Lead Plaintiff will make expert disclosures at an appropriate time pursuant to Rule 26(a)(2).

<u>REQUEST FOR PRODUCTION NO. 18</u>:

All Documents that constitute, explain, describe, or in any way relate to Your reliance on or knowledge of Interface's Securities prices or movements thereof.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 18</u>:

In addition to the General Objections, Lead Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to the claims or defenses of any party.  Lead Plaintiff also objects to this Request as overbroad to the extent that it seeks "*All* Documents."  Lead Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege, protection or immunity.  Lead Plaintiff also objects to this Request to the extent that it prematurely calls for legal conclusions and/or expert opinion.

Subject to and without waiving the foregoing objections and General Objections, Lead Plaintiff will make expert disclosures at an appropriate time pursuant to Rule 26(a)(2).

<u>REQUEST FOR PRODUCTION NO. 19</u>:

All Documents, including, but not limited to, structured data, containing: (i) the date(s) and time(s) of any Purchase or Sale by You of any Securities of any company other than Interface; (ii) the number of units exchanged in each such transaction; (iii) the price that You paid or received for each such transaction; and (iv) the Person, including brokers or agents, from or through whom You made each such transaction.  The spreadsheet should also identify whether each investment position was registered to You and held in Your own name or held in "street name" by Your broker or agent on Your behalf.  This covers the Relevant Time Period.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 19</u>:

In addition to the General Objections, Lead Plaintiff specifically objects to this Request to the extent that it is overbroad, unduly burdensome, disproportionate, and requests irrelevant information. Lead Plaintiff also objects to this Request as overbroad to the extent that it seeks "*All* Documents." Lead Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, the right of privacy under state and federal law, or any other applicable privilege, protection or immunity. Lead Plaintiff objects to this Request as not relevant to the parties' claims and defenses, overbroad, unduly burdensome and disproportionate to the needs of this case to the extent it seeks documents concerning transactions other than Lead Plaintiff's transactions in Interface common stock during the Class Period. Lead Plaintiff further objects to this Request to the extent it is duplicative of, at minimum, Request Nos. 1-5. Lead Plaintiff also objects to the term "structured data" as vague and undefined.

Subject to and without waiving the foregoing objections and the General Objections, Lead Plaintiff will produce documents sufficient to show Lead Plaintiff's purchases and sales of Interface common stock during the Class Period.

<u>REQUEST FOR PRODUCTION NO. 20</u>:

All Documents Concerning any investment portfolio monitoring services that You utilized, including, but not limited to, monitoring agreements Concerning Interface Securities and Communications Concerning the monitoring of Interface Securities.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 20</u>:

In addition to the General Objections, Lead Plaintiff specifically objects to this Request to the extent that it is overbroad, unduly burdensome, disproportionate, and requests irrelevant information, insofar as it seeks information that is not relevant to the claims or defenses of any party. Lead

Plaintiff also objects to this Request as overbroad to the extent that it seeks "*All* Documents." Lead Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, the right of privacy under state and federal law, or any other applicable privilege, protection or immunity. Lead Plaintiff objects to this Request as not relevant to the parties' claims and defenses, overbroad, unduly burdensome and disproportionate to the needs of this case to the extent it seeks documents concerning transactions other than Lead Plaintiff's transactions in Interface common stock during the Class Period. Lead Plaintiff also objects to this Request to the extent it requires Lead Plaintiff to obtain documents in the possession, custody, or control of third parties.

Subject to and without waiving the foregoing objections and the General Objections, Lead Plaintiff will conduct a reasonable search for and produce non-privileged documents in its possession, custody, or control, if any exist, responsive to this Request.

REQUEST FOR PRODUCTION NO. 21:

All Documents Concerning Your investment decision-making structure, including charters, by-laws, organizational charts, and any documents that describe any internal department, staff or employees that provide investment analysis, advice, reports, or guidance to You, or oversee or supervise any external individuals or organizations that provide investment analysis, advice, reports, or guidance to You, including, but not limited to[,] documents sufficient to show all individuals who had any involvement in making Your investment decisions.

RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

In addition to the General Objections, Lead Plaintiff specifically objects to this Request to the extent that it is overbroad, unduly burdensome, disproportionate to the needs of this case insofar as it seeks documents concerning transactions other than Lead Plaintiff's transactions in Interface

- 24 -

common stock during the Class Period.  Lead Plaintiff also objects to this Request as overbroad to the extent that it seeks "*All* Documents."  Lead Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, the right of privacy under state and federal law, or any other applicable privilege, protection or immunity.

Subject to and without waiving the foregoing objections and the General Objections, Lead Plaintiff will conduct a reasonable search for and produce investment guidelines and policies provided to, and agreements with, investment managers who purchased or sold Interface common stock on behalf of Lead Plaintiff during the Class Period.

REQUEST FOR PRODUCTION NO. 22:

All Documents Concerning Your guidelines, policies, procedures, practices, rules, due diligent requirements, goals, or criteria for the Purchase, Sale, assignment, pledge, gift, transfer, or other acquisition or disposition of, or decision to hold, any Securities, in effect at the time during the Relevant Time Period.

RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

In addition to the General Objections, Lead Plaintiff specifically objects to this Request to the extent that it is overbroad, unduly burdensome, disproportionate, and requests irrelevant information without regard to the relevance of the information to any party's claim or defense, as Fed. R. Civ. P. 26(b)(1) requires.  Lead Plaintiff also objects to this Request as overbroad to the extent that it seeks "*All* Documents."  Lead Plaintiff also objects to this Request as vague and ambiguous in its reference to "due diligent requirements."  Lead Plaintiff further objects to this Request as cumulative and duplicative to the extent that it seeks documents already sought by Request No. 21.  Lead Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, the right of privacy under state and federal law, or any other

- 25 -

applicable privilege, protection or immunity.  Lead Plaintiff also objects to this Request as not relevant to the parties' claims and defenses, overbroad, unduly burdensome and disproportionate to the needs of this case to the extent it seeks documents concerning transactions other than Lead Plaintiff's transactions in Interface common stock during the Class Period.  Lead Plaintiff further objects to this Request to the extent it requires Lead Plaintiff to obtain documents in the possession, custody, or control of third parties.

Subject to and without waiving the foregoing objections and the General Objections, Lead Plaintiff will conduct a reasonable search for and produce non-privileged documents in its possession, custody, or control, if any exist, responsive to this Request, that relate to its transactions in Interface common stock during the Class Period.

REQUEST FOR PRODUCTION NO. 23:

All Documents sufficient to identify Your sources for investment analysis, advice, reports, or guidance Concerning Interface Securities, including, but not limited to, newsletters, newspapers, magazines, reports, services, or databases subscribed to or otherwise received by You.

RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

In addition to the General Objections, Lead Plaintiff specifically objects to this Request to the extent that it is overbroad, unduly burdensome, disproportionate, and requests irrelevant information, insofar as it seeks information that is not relevant to the claims or defenses of any party.  Lead Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, the right of privacy under state and federal law, or any other applicable privilege, protection or immunity.  Lead Plaintiff also objects to this Request to the extent it requires Lead Plaintiff to obtain documents in the possession, custody, or control of third parties.

Subject to and without waiving the foregoing objections and the General Objections, Lead Plaintiff will conduct a reasonable search for and produce non-privileged documents in its possession, custody, or control, if any exist, responsive to this Request.

REQUEST FOR PRODUCTION NO. 24:

All Documents establishing, implementing, reflecting, or otherwise relating to any policies or procedures for the review or authorization of investment transactions by You or on Your behalf during the Relevant Time Period (including Your agents or other Persons acting on Your behalf), including Documents evidencing the identity of any Person who was or was to be involved in such review or authorization.

RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

In addition to the General Objections, Lead Plaintiff specifically objects to this Request to the extent that it is overbroad, unduly burdensome, disproportionate, and requests irrelevant information without regard to the relevance of the information to any party's claim or defense, as Fed. R. Civ. P. 26(b)(1) requires. Lead Plaintiff also objects to this Request as overbroad to the extent that it seeks "*All* Documents." Lead Plaintiff further objects to this Request as cumulative and duplicative to the extent that it seeks documents already sought by Request Nos. 21 and 22. Lead Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, the right of privacy under state and federal law, or any other applicable privilege, protection or immunity. Lead Plaintiff also objects to this Request as not relevant to the parties' claims and defenses, overbroad, unduly burdensome and disproportionate to the needs of this case to the extent it seeks documents concerning transactions other than Lead Plaintiff's transactions in Interface common stock during the Class Period. Lead Plaintiff further objects to this Request to

- 27 -

the extent it requires Lead Plaintiff to obtain documents in the possession, custody, or control of third parties.

Subject to and without waiving the foregoing objections and the General Objections, Lead Plaintiff will conduct a reasonable search for and produce non-privileged documents in its possession, custody, or control, if any exist, responsive to this Request, that relate to its transactions in Interface common stock during the Class Period.

REQUEST FOR PRODUCTION NO. 25:

All Communications between or among You, Plaintiffs' Counsel and any Current or Former Interface Employees.

RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

In addition to the General Objections, Lead Plaintiff specifically objects to this Request to the extent that it is overbroad, unduly burdensome, disproportionate, and requests information that is not relevant to any party's claim or defense, as Fed. R. Civ. P. 26(b)(1) requires. Lead Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine, insofar as "You" is defined in the Requests to include their respective attorneys and insofar as it seeks materials prepared or commissioned by Lead Plaintiff's counsel that memorialize their investigative efforts and mental impressions.

Subject to and without waiving the foregoing objections and the General Objections, Lead Plaintiff will conduct a reasonable search for and produce non-privileged documents in its possession, custody, or control, if any exist, responsive to this Request.

REQUEST FOR PRODUCTION NO. 26:

All Documents Concerning any arrangement or agreement between You, Plaintiffs' Counsel, and any Current or Former Interface Employees.

- 28 -

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 26</u>:

In addition to the General Objections, Lead Plaintiff specifically objects to this Request to the extent that it is overbroad, unduly burdensome, disproportionate, and requests information that is not relevant to any party's claim or defense, as Fed. R. Civ. P. 26(b)(1) requires.  Lead Plaintiff also objects to this Request as overbroad to the extent that it seeks "*All* Documents."  Lead Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine, insofar as "You" is defined in the Requests to include their respective attorneys and insofar as it seeks materials prepared or commissioned by Lead Plaintiff's counsel that memorialize their investigative efforts and mental impressions.

Subject to and without waiving the foregoing objections and the General Objections, Lead Plaintiff is willing to meet and confer with Defendants concerning this Request.

<u>REQUEST FOR PRODUCTION NO. 27</u>:

All Documents Concerning Communications between or among You, Plaintiffs' Counsel, and any Person regarding Interface or the subject matter of this Action, including, but not limited to, any such Communications between or among You and any member of the putative class in this Action (or any Person acting on such putative class member's behalf), any other Person who transacted in Interface Securities, or any journalist, reporter, or other member of the press.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 27</u>:

In addition to the General Objections, Lead Plaintiff specifically objects to this Request to the extent that it is overbroad, unduly burdensome, disproportionate, and requests irrelevant information, insofar as it seeks information without regard to the relevance of the information to any party's claim or defense, as Fed. R. Civ. P. 26(b)(1) requires.  Lead Plaintiff also objects to this Request as overbroad to the extent that it seeks "*All* Documents."  Lead Plaintiff further objects to this Request

to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege, protection or immunity.  Lead Plaintiff also objects to this Request on the grounds that it is premature, given that discovery is ongoing and Lead Plaintiff has not had a sufficient opportunity to identify all members of the putative class in this action.

Subject to and without waiving the foregoing objections and the General Objections, Lead Plaintiff will conduct a reasonable search for and produce non-privileged documents in its possession, custody, or control, if any exist, responsive to this Request.  In responding to this Request, Lead Plaintiff will not search, or produce documents from, the files of its attorneys.

REQUEST FOR PRODUCTION NO. 28:

All Documents on which You intend to rely to: (i) establish the appropriateness of class certification in the Action; and (ii) demonstrate that You can satisfy the requirements of Rule 23 to serve as class representative, including Your adequacy and typicality as class representative.

RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

In addition to the General Objections, Lead Plaintiff objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege, protection or immunity.  In responding to this Request, Lead Plaintiff will produce non-privileged documents within its possession, custody or control, and will not search, or produce documents from, the files of its attorneys.  Lead Plaintiff also objects to this Request to the extent it prematurely seeks information related to experts, expert testimony, or opinion at a time when no experts have been designated.

Subject to and without waiving the foregoing objections and the General Objections, Lead Plaintiff: (i) will make expert disclosures at an appropriate time pursuant to Rule 26(a)(2); and (ii) anticipates providing information on this issue in connection with its motion for class certification.

<u>REQUEST FOR PRODUCTION NO. 29</u>:

All Documents Concerning any promised, proposed, or expected compensation to You for serving as a Lead Plaintiff in this Action.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 29</u>:

Lead Plaintiff objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of the case, as seeking information not relevant to the claims or defenses in this Action, including insofar as it seeks information that is not limited to the representation of Lead Plaintiff in this Action by Robbins Geller Rudman & Dowd LLP. Lead Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege, protection or immunity. Moreover, Lead Plaintiff objects to this Request to the extent that it purports to require Lead Plaintiff to search for or produce documents from the files of its attorneys. Lead Plaintiff also objects to the term "compensation" as vague and undefined. In responding to this Request, Lead Plaintiff will search for non-privileged documents from its files but will not search for documents from the files of its attorneys.

Subject to and without waiving the foregoing objections and the General Objections, Lead Plaintiff responds that, other than its previously-filed PSLRA Certification, no such information exists.

<u>REQUEST FOR PRODUCTION NO. 30</u>:

All Documents Concerning the terms under which Plaintiffs retained Plaintiffs' Counsel to represent them in the Class Action, including, but not limited to. retainer agreements, fee agreements, and litigation funding agreements.

RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

In addition to the General Objections, Lead Plaintiff objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of the case, as seeking information not relevant to the claims or defenses in this Action, including insofar as it seeks information that is not limited to the representation of Lead Plaintiff in this Action by Robbins Geller Rudman & Dowd LLP.  Lead Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege, protection or immunity. Moreover, Lead Plaintiff objects to this Request to the extent that it purports to require Lead Plaintiff to search for or produce documents from the files of its attorneys.  In responding to this Request, Lead Plaintiff will search for non-privileged documents from its files but will not search for documents from the files of its attorneys.

Subject to and without waiving the foregoing objections and the General Objections, Lead Plaintiff will conduct a reasonable search for and produce responsive, non-privileged documents in its possession, custody, or control, sufficient to disclose any agreement between Lead Plaintiff and Robbins Geller Rudman & Dowd LLP.

REQUEST FOR PRODUCTION NO. 31:

All Documents reflecting any promises or guarantees made to Plaintiffs in exchange for participating in the Action.

RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

In addition to the General Objections, Lead Plaintiff objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of the case, as seeking information not relevant to the claims or defenses in this Action, including insofar as it seeks information that is not limited to the representation of Lead Plaintiff in this Action by Robbins Geller Rudman & Dowd LLP.  Lead

Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege, protection or immunity. Moreover, Lead Plaintiff objects to this Request to the extent that it purports to require Lead Plaintiff to search for or produce documents from the files of its attorneys.

Subject to and without waiving the foregoing objections and the General Objections, Lead Plaintiff responds that no such information exists

REQUEST FOR PRODUCTION NO. 32:

All Documents relating to any litigation funding or any financial support or incentive that Plaintiffs or Plaintiffs' Counsel are receiving or are expected to receive, either jointly or individually, in connection with this Action.

RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

In addition to the General Objections, Lead Plaintiff objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of the case, as seeking information not relevant to the claims or defenses in this Action, including insofar as it seeks information that is not limited to the representation of Lead Plaintiff in this Action by Robbins Geller Rudman & Dowd LLP. Lead Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege, protection or immunity. Moreover, Lead Plaintiff objects to this Request to the extent that it purports to require Lead Plaintiff to search for or produce documents from the files of its attorneys. Lead Plaintiff also objects to the term "financial support" as vague and undefined.

Subject to and without waiving the foregoing objections and the General Objections, Lead Plaintiff responds that no such information exists.

REQUEST FOR PRODUCTION NO. 33:

All agreements between or among the Plaintiffs related to the Action.

RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

In addition to the General Objections, Lead Plaintiff specifically objects to this Request to the extent that it is overbroad, unduly burdensome, disproportionate, and requests irrelevant information. Lead Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege, protection or immunity.

Subject to and without waiving the foregoing objections and the General Objections, Lead Plaintiff will conduct a reasonable search for and produce non-privileged documents in its possession, custody, or control, if any exist, responsive to this Request.

REQUEST FOR PRODUCTION NO. 34:

All Documents sufficient to identify every instance over the prior 10 years in which You have served or sought to serve as a plaintiff or lead plaintiff in a derivative or class action litigation in federal or state court challenging the acts, statements, or omissions of a public company or the board of directors of a public company, whether under the federal or state securities law, for breach of fiduciary duty, or any other claim.

RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

In addition to the General Objections, Lead Plaintiff objects to this Request as unduly burdensome, disproportionate to the needs of the case, and seeking information not relevant to the parties' claims and defenses in this Action, including insofar as it is not limited to securities litigation. Lead Plaintiff also objects to this Request to the extent it seeks or requires disclosure of information that is confidential, under seal, or subject to a protective order in another proceeding.

Lead Plaintiff further objects to this Request as cumulative, duplicative, overbroad and not proportional to the extent that is not limited to a reasonable time period. Lead Plaintiff also objects to this Request insofar as it seeks information of a public nature or that is equally available to Defendants or available via less expensive or burdensome means.

Subject to and without waiving the foregoing objections and the General Objections, Lead Plaintiff will conduct a reasonable search for and produce non-privileged documents in its possession, custody, or control, sufficient to identify the securities class actions filed under the federal securities laws after the filing of lead plaintiff motions in this case, and through the date of this Request, in which Lead Plaintiff has served or sought to serve as lead plaintiff

REQUEST FOR PRODUCTION NO. 35:

Without respect to time period, all declarations, affidavits, affirmations, statements, deposition transcripts, and transcripts of any court testimony You have given in any lawsuit in which You sought to serve as a class representative, and any related exhibits.

RESPONSE TO REQUEST FOR PRODUCTION NO. 35:

In addition to the General Objections, Lead Plaintiff objects to this Request as unduly burdensome, disproportionate to the needs of the case, and seeking information not relevant to the parties' claims and defenses in this Action, including insofar as it is not limited to securities litigation. Lead Plaintiff further objects to this Request as cumulative, duplicative, overbroad and not proportional to the extent that is not limited to a reasonable time period. Lead Plaintiff also objects to this Request insofar as it seeks information of a public nature or that is equally available to Defendants or available via less expensive or burdensome means. Lead Plaintiff further objects to this Request as vague and ambiguous in its references to "any court testimony." Moreover, Lead

Plaintiff objects to this Request to the extent that it purports to require Lead Plaintiff to search for or produce documents from the files of its attorneys.

Subject to and without waiving the foregoing objections and the General Objections, Lead Plaintiff will conduct a reasonable search for and produce non-privileged documents in its possession, custody, or control, sufficient to identify the securities class actions filed under the federal securities laws after the filing of lead plaintiff motions in this case, and through the date of this Request, in which Lead Plaintiff has served or sought to serve as lead plaintiff.

REQUEST FOR PRODUCTION NO. 36:

Without respect to time period, all declarations, affidavits, affirmations, statements, deposition transcripts, and transcripts of any court testimony that You have given in any lawsuit in which any investment strategies generally applicable to, among other things, Your transactions in Securities were discussed (even if there was no specific mention of Interface Securities), and any related exhibits.

RESPONSE TO REQUEST FOR PRODUCTION NO. 36:

In addition to the General Objections, Lead Plaintiff objects to this Request as unduly burdensome, disproportionate to the needs of the case, and seeking information not relevant to the parties' claims and defenses in this Action, including insofar as it is not limited to securities litigation.  Lead Plaintiff further objects to this Request as cumulative, duplicative, overbroad and not proportional to the extent that is not limited to a reasonable time period.  Lead Plaintiff further objects to this Request as cumulative and duplicative to the extent that it seeks documents already sought by Request Nos. 34 and 35.  Lead Plaintiff also objects to this Request insofar as it seeks information of a public nature or that is equally available to Defendants or available via less

- 36 -

expensive or burdensome means.  Moreover, Lead Plaintiff objects to this Request to the extent that it purports to require Lead Plaintiff to search for or produce documents from the files of its attorneys.

Subject to and without waiving the foregoing objections and the General Objections, Lead Plaintiff will conduct a reasonable search for and produce non-privileged documents in its possession, custody, or control, sufficient to identify the securities class actions filed under the federal securities laws after the filing of lead plaintiff motions in this case, and through the date of this Request, in which Lead Plaintiff has served or sought to serve as lead plaintiff.

REQUEST FOR PRODUCTION NO. 37:

All Documents Concerning the claims in this Action that You have obtained from any non-party, whether by subpoena or otherwise.

RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

In addition to the General Objections, Lead Plaintiff objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege, protection or immunity.  Lead Plaintiff also objects to this Request as overbroad to the extent that it seeks "*All* Documents."  In responding to this Request, Lead Plaintiff will produce non-privileged documents within its possession, custody or control, and will not search, or produce documents from, the files of its attorneys.

Subject to and without waiving the foregoing objections and the General Objections, Lead Plaintiff will produce copies of documents received from third parties subpoenaed in this Action.

REQUEST FOR PRODUCTION NO. 38:

All Documents Concerning any alleged losses or damages claimed by You or the Class as a result of the allegations in the Amended Complaint, including, but not limited to, documents

Concerning the causation of damages, the amount of damages, and the accounts in which these losses were allegedly occurred.

RESPONSE TO REQUEST FOR PRODUCTION NO. 38:

In addition to the General Objections, Lead Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to the claims or defenses of any party. Lead Plaintiff also objects to this Request as overbroad to the extent that it seeks "*All* Documents." Lead Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege, protection or immunity. Lead Plaintiff further objects to this Request on the grounds that it seeks documents that are publicly available, are in Defendants' possession, custody, or control, or are equally available to Defendants. Lead Plaintiff also objects to this Request to the extent that it prematurely calls for legal conclusions and/or expert opinion.

Subject to and without waiving the foregoing objections and the General Objections, Lead Plaintiff will produce documents sufficient to show Lead Plaintiff's purchases and sales (including prices and quantities), and holdings of Interface common stock during the Class Period. Lead Plaintiff will make expert disclosures at an appropriate time pursuant to Rule 26(a)(2).

REQUEST FOR PRODUCTION NO. 39:

All Documents sufficient to identify the nature and amount of all of Your claims against each Defendant.

RESPONSE TO REQUEST FOR PRODUCTION NO. 39:

In addition to the General Objections, Lead Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to the claims or defenses of any party. Lead Plaintiff also objects to this Request to the extent it seeks information

protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege, protection or immunity. Lead Plaintiff further objects to this Request on the grounds that it seeks documents that are publicly available, are in Defendants' possession, custody, or control, or are equally available to Defendants. Lead Plaintiff also objects to this Request to the extent that it prematurely calls for legal conclusions and/or expert opinion.

Subject to and without waiving the foregoing objections and the General Objections, Lead Plaintiff will produce documents sufficient to show Lead Plaintiff's purchases and sales (including prices and quantities), and holdings of Interface common stock during the Class Period. Lead Plaintiff will make expert disclosures at an appropriate time pursuant to Rule 26(a)(2).

REQUEST FOR PRODUCTION NO. 40:

All documents relating to any injury You or the Class claim to have suffered as a result of the conduct alleged in the Amended Complaint.

RESPONSE TO REQUEST FOR PRODUCTION NO. 40:

In addition to the General Objections, Lead Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to the claims or defenses of any party. Lead Plaintiff also objects to this Request as overbroad to the extent that it seeks "*All* documents." Lead Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege, protection or immunity. Lead Plaintiff further objects to this Request on the grounds that it seeks documents that are publicly available, are in Defendants' possession, custody, or control, or are equally available to Defendants. Lead Plaintiff also objects to this Request to the extent that it prematurely calls for legal conclusions and/or expert opinion. Lead Plaintiff objects to this Request on the grounds that it is cumulative and duplicative to Request No. 39.

Subject to and without waiving the foregoing objections and the General Objections, Lead Plaintiff will produce documents sufficient to show Lead Plaintiff's purchases and sales (including prices and quantities), and holdings of Interface common stock during the Class Period. Lead Plaintiff will make expert disclosures at an appropriate time pursuant to Rule 26(a)(2).

REQUEST FOR PRODUCTION NO. 41:

All Documents You intend to (1) introduce or rely on at trial in support of any claim or defense and/or (2) use as exhibits at any deposition or hearing.

RESPONSE TO REQUEST FOR PRODUCTION NO. 41:

In addition to the General Objections, Lead Plaintiff objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege, protection or immunity. Lead Plaintiff further objects to this Request to the extent that it calls for legal conclusions and legal arguments, and is premature at this stage of the litigation. Lead Plaintiff also objects to this Request to the extent it prematurely seeks information related to experts, expert testimony, or opinion at a time when no experts have been designated. Lead Plaintiff objects to this Request to the extent the information requested is public, otherwise available to Defendants, or not within Lead Plaintiff's possession, custody or control.

Subject to and without waiving the foregoing objections and the General Objections, Lead Plaintiff will produce documents responsive to this Request at the appropriate time.

REQUEST FOR PRODUCTION NO. 42:

All documents You relied on in connection with preparing responses to these Requests.

RESPONSE TO REQUEST FOR PRODUCTION NO. 42:

In addition to the General Objections, Lead Plaintiff specifically objects to this Request to the extent that it seeks information protected by the attorney-client privilege or the attorney work-

- 40 -

product doctrine, insofar as "You" is defined in the Requests to include their respective attorneys and insofar as it seeks materials prepared or commissioned by Lead Plaintiff's counsel that memorialize their investigative efforts and mental impressions.

Lead Plaintiff will not produce Documents responsive to this Request.

REQUEST FOR PRODUCTION NO. 43:

To the extent not covered by Documents responsive to any of the earlier Requests, all Documents Concerning Your claims in the Action.

RESPONSE TO REQUEST FOR PRODUCTION NO. 43:

In addition to the General Objections, Lead Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to the claims or defenses of any party. Lead Plaintiff also objects to this Request as overbroad to the extent that it seeks "*all* Documents." Lead Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege, protection or immunity. Lead Plaintiff further objects to this Request on the grounds that it seeks documents that are publicly available, are in Defendants' possession, custody, or control, or are equally available to Defendants.

Lead Plaintiff will not produce Documents responsive to this Request.

DATED: October 10, 2022                ROBBINS GELLER RUDMAN
                                         & DOWD LLP
                                       SAMUEL H. RUDMAN
                                       DAVID A. ROSENFELD
                                       PHILIP T. MERENDA
                                       NATALIE BONO


                                          */s/ David A. Rosenfeld*
                                       DAVID A. ROSENFELD

- 41 -

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
pmerenda@rgrdlaw.com
nbono@rgrdlaw.com

Lead Counsel for Lead Plaintiff

## CERTIFICATE OF SERVICE

I, NATALIE BONO, hereby certify that on October 10, 2022, I caused a true and correct copy of the foregoing document to be served on all defense counsel of record by providing them with copies via electronic mail.

/s/ Natalie Bono
NATALIE BONO