UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――

THOMAS SWANSON,

        Plaintiff,                       20-CV-5518 (BMC) (RER)

v.                                       **ORDER**

INTERFACE INC., *et al.*,

        Defendants.

―――――――――――――――――――――――――――

**RAMON E. REYES, JR., USMJ**

       By order to show cause, defendants Interface, Inc., Daniel T. Hendrix, Bruce A. Hausmann, Patrick C. Lynch, and Jay D. Gould (collectively, "Defendants"), seek to compel: (1) lead plaintiff Steamfitters Local 449 Pension Fund ("Lead Plaintiff") to comply with Defendants' requests 1-10, 13-14, 16-18, 20-22, and 25 from Defendants' First Request for the Production of Documents ("First Request for Documents"); (2) non-party Chartwell Investment Partners ("Chartwell") to comply with requests 1-18 and 25-27 from Defendants' August 25, 2022, subpoena (the "Subpoena"); and, (3) Lead Plaintiff to cause Chartwell to comply with the Subpoena. (ECF No. 59-1 at 1). Familiarity with the allegations, procedural history, and the parties' respective arguments relevant to the Order to Show Cause is presumed. (*See, e.g.*, ECF Nos. 59, 62-69). For the reasons which follow, the Order to Show Cause is granted in part.

       Defendants' contention that Lead Plaintiff is required to produce, or cause Chartwell to produce, *Chartwell's internal* documents "reflecting why Chartwell bought and sold Interface securities on behalf of Lead Plaintiff during the purported class period" is misplaced. (ECF No. 59-1 at 2). While these documents may be relevant, it is not incumbent upon Lead Plaintiff to produce them or to cause Chartwell to produce them. Nothing in the quoted language of the

Advisory Agreement between Lead Plaintiff and Chartwell indicates that Lead Plaintiff has possession, custody, or control over Chartwell's internal emails, or the "legal right" or "practical ability" to cause Chartwell to produce them. The cases upon which Defendants rely are inapposite.

As for Defendants' request to compel *Chartwell* to comply with the Subpoena, there does not appear to be any dispute other than who has to pay for the production. (ECF No. 66-3 (email chain)).[1] After carefully considering the respective arguments, I tend to agree with Chartwell that cost shifting is appropriate.[2] First, although Chartwell has a "voluntary, contractual, for-profit relationship with Lead Plaintiff" (ECF No. 59-1 at 14), it does not have a direct interest in the outcome of the case.[3] Second, and relatively speaking, Chartwell, which is much smaller in size and revenue than Interface, cannot more readily bear the cost of production than can Interface. (ECF No. 64-1 at 9-10). Third, this litigation is not of public importance. (*Id.* at 10). On balance, all factors weigh in favor of cost shifting.

---

[1] Defendants' contention that Chartwell never objected to the relevant requests in the Subpoena appears to be incorrect. (ECF No. 64-1 at 10-11). Because of inadequacies in its email archiving system, Chartwell indicated early on that it would need to employ a third-party vendor to retrieve, review, and produce the emails, and requested that Defendants pay for that production, clearly indicating an objection based on burden and cost. (*Id*; see also ECF No. 64-1 at 10-11).

[2] Under Rule 45 cost shifting is appropriate when (1) the non-party does not have an interest in the outcome of the case, (2) the non-party cannot more readily bear the cost of production than the requesting party, and (3) the litigation is not of public importance. *E.g.*, *Nike, Inc v. Wu*, No. 13-CV-8012 (CM), 2020 WL 257475, *11 (S.D.N.Y. Jan. 17, 2020), *aff'd sub nom. Next Invs., LLC v. Bank of China*, 12 F.4th 119 (2d Cir. 2021).

[3] Any of the "interests" Defendants identify in their motion are tangential at best. (ECF No. 59-1 at 14 ("Chartwell has an interest in the favorable outcome for its client, in currying favor with its client . . . and in defending its own decision to invest in Interface stock.")).

Accordingly, Chartwell is compelled to produce the documents at issue. Defendants, however, are compelled to pay for the cost of the production identified in Chartwell's opposition papers, which do not appear to be unreasonable.

SO ORDERED:

_____
Hon. Ramon E. Reyes, Jr.
U.S. Magistrate Judge

Dated: March 17, 2023
        Brooklyn, New York