UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | x | |
| THOMAS S. SWANSON, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:20-cv-05518-BMC-RER |
| | : | |
| | : | CLASS ACTION |
| Plaintiff, | : | |
| | : | |
| | : | LEAD PLAINTIFF'S MEMORANDUM OF |
| vs. | : | LAW IN SUPPORT OF UNOPPOSED |
| | : | MOTION FOR PRELIMINARY APPROVAL |
| INTERFACE, INC., DANIEL T. HENDRIX, | : | OF SETTLEMENT, CERTIFICATION OF |
| JAY D. GOULD, BRUCE A. HAUSMANN | : | THE CLASS, AND APPROVAL OF |
| and PATRICK C. LYNCH, | : | NOTICE TO THE CLASS |
| | : | |
| Defendants. | : | |
| | : | |
| | x | |

4881-0099-1586.v1

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ...................................................................................................1

II.     SUMMARY OF THE LITIGATION ...................................................................2

III.    PRELIMINARY APPROVAL OF THE SETTLEMENT IS WARRANTED ...................4

        A.      Terms of the Settlement .................................................................................4

        B.      The Standards for Preliminary Approval of a Proposed Settlement.......................5

        C.      The Settlement Satisfies the Rule 23(e)(2) Factors ...................................................7

                1.      Lead Plaintiff and Its Counsel Have Adequately Represented the Class ...........................................................................................................7

                2.      The Proposed Settlement Was Negotiated at Arm's Length ......................8

                3.      The Proposed Settlement Is Adequate in Light of the Costs, Risks, and Delay of Trial and Appeal ...................................................9

                4.      The Proposed Method for Distributing Relief Is Effective........................10

                5.      Attorneys' Fees and Expenses ...................................................................11

                6.      The Parties Have No Additional Agreement Other than an Agreement to Address Requests for Exclusion .........................................11

                7.      Settlement Class Members Are Treated Equitably...................................12

        D.      The Settlement Also Satisfies the Remaining *Grinnell* Factors ...........................12

                1.      The Stage of the Proceedings...................................................................12

                2.      The Risks of Maintaining the Class Action Through Trial........................13

                3.      The Ability of Defendants to Withstand a Greater Judgment....................13

                4.      The Reasonableness of the Settlement in Light of the Best Possible Recovery and the Attendant Risks of Litigation........................................14

IV.     THE PROPOSED FORM AND METHOD OF CLASS NOTICE AND THE FORM OF THE PROOF OF CLAIM ARE APPROPRIATE...........................................15

        A.      The Scope of the Notice Program Is Adequate.......................................................15

4881-0099-1586.v1

**Page**

      B.     The Proposed Form of Notice Comports with the Requirements of Due Process, the PSLRA, and Rule 23 and Is the Same or Similar to the Form(s) of Notice Routinely Approved by Courts in This Jurisdiction ................16

V.     CERTIFICATION OF THE SETTLEMENT CLASS IS APPROPRIATE......................18

VI.    PROPOSED SCHEDULE ........................................................................20

VII.   CONCLUSION.....................................................................................20

4881-0099-1586.v1

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Alaska Elec. Pension Fund v. Flowserve Corp.*,
  572 F.3d 221 (5th Cir. 2009) ........................................................................................9

*Amchem Prod., Inc. v. Windsor*,
  521 U.S. 591 (1997).....................................................................................................19

*Avila v. Ardian Corp.*,
  2022 WL 3370024 (E.D.N.Y. Aug. 16, 2022)...............................................................18

*Billhofer v. Flamel Techs., S.A.*,
  281 F.R.D. 150 (S.D.N.Y. 2012) ...................................................................................18

*Carpenters Pension Tr. Fund of St. Louis v. Barclays PLC*,
  310 F.R.D. 69 (S.D.N.Y. 2015) .....................................................................................19

*Chatelain v. Prudential-Bache Sec., Inc.*,
  805 F. Supp. 209 (S.D.N.Y. 1992) .................................................................................13

*Christine Asia Co. v. Yun Ma*,
  2019 WL 5257534 (S.D.N.Y. Oct. 16, 2019) ..................................................................9

*Consol. Rail Corp. v. Town of Hyde Park*,
  47 F.3d 473 (2d Cir. 1995)............................................................................................18

*D'Amato v. Deutsche Bank*,
  236 F.3d 78 (2d Cir. 2001).............................................................................................13

*Detroit v. Grinnell Corp.*,
  495 F.2d 448 (2d Cir. 1974),
  *abrogated sub nom. by Goldberger v. Integrated Res., Inc.*,
  209 F.3d 43 (2d Cir. 2000).................................................................................5, 6, 9, 12

*Dietrich v. Bauer*,
  192 F.R.D. 119 (S.D.N.Y. 2000) ....................................................................................19

*Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*,
  301 F.R.D. 116 (S.D.N.Y. 2014) .....................................................................................7

*Gordon v. Vanda Pharms.*,
  2022 WL 4296092 (E.D.N.Y. Sept. 15, 2022) ..........................................................15, 17

4881-0099-1586.v1

**Page**

*Guevoura Fund Ltd. v. Sillerman*,
  2019 WL 6889901 (S.D.N.Y. Dec. 18, 2019) ........................................................................8

*Hawaii Structural Ironworkers Pension Tr. Fund v. AMC Ent. Holdings, Inc., et al.*,
  2022 WL 4136175 (S.D.N.Y. Feb. 14, 2022)........................................................................11

*In re "Agent Orange" Prod. Liab. Litig.*,
  597 F. Supp. 740 (E.D.N.Y. 1984),
  *aff'd*, 818 F.2d 145 (2d Cir. 1987)......................................................................................14

*In re Akazoo S.A. Sec. Litig.*,
  2021 WL 8945767 (E.D.N.Y. Apr. 28, 2021) ..............................................................15, 17

*In re AOL Time Warner, Inc. Sec. & ERISA Litig.*,
  2006 WL 903236 (S.D.N.Y. Apr. 6, 2006)...........................................................................15

*In re Bear Stearns Cos.*,
  909 F. Supp. 2d 259 (S.D.N.Y. 2012)...................................................................................12

*In re BHP Billiton Ltd. Sec. Litig.*,
  2019 WL 1577313 (S.D.N.Y. Apr. 10, 2019)........................................................................11

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
  343 F. Supp. 3d 394 (S.D.N.Y. 2018),
  *aff'd sub nom. In re Facebook, Inc.*,
  822 F. App'x 40 (2d Cir. 2020) ..............................................................................................5

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
  2010 WL 4537550 (S.D.N.Y. Nov. 8, 2010).........................................................................8, 9

*In re Giant Interactive Grp., Inc. Sec. Litig.*,
  279 F.R.D. 151 (S.D.N.Y. 2011) ..........................................................................................14

*In re Hi-Crush Partners L.P. Sec. Litig.*,
  2014 WL 7323417 (S.D.N.Y. Dec. 19, 2014) ......................................................................12

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
  2014 WL 6851096 (S.D.N.Y. Dec. 2, 2014) ..........................................................................5

*In re Merrill Lynch & Co. Research Reports Sec. Litig.*,
  2007 WL 313474 (S.D.N.Y. Feb. 1, 2007)...........................................................................15

*In re PaineWebber Ltd. P'ships Litig.*,
  147 F.3d 132 (2d Cir. 1998)....................................................................................................5

4881-0099-1586.v1

**Page**

*In re Stock Exchs. Options Trading Antitrust Litig.*,
  2006 WL 3498590 (S.D.N.Y. Dec. 4, 2006) ...........................................................................16

*In re Telik, Inc. Sec. Litig.*,
  576 F. Supp. 2d 570 (S.D.N.Y. 2008)........................................................................................8

*In re Vitamin C Antitrust Litig.*,
  2012 WL 5289514 (E.D.N.Y. Oct. 23, 2012)..........................................................................14

*In re Warner Chilcott Ltd. Sec. Litig.*,
  2008 WL 5110904 (S.D.N.Y. Nov. 20, 2008)...........................................................................12

*Micholle v. Opthotech Corp.*,
  2022 WL 1158684 (S.D.N.Y. Mar. 14, 2022) .....................................................................19, 20

*Sharpe v. A&W Concentrate Co.*,
  2021 WL 3721392 (E.D.N.Y. July 23, 2021)......................................................................18, 19

*Villella v. Chem. & Mining Co. of Chile Inc.*,
  333 F.R.D. 39 (S.D.N.Y. 2019) ..................................................................................................7

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
  396 F.3d 96 (2d Cir. 2005)..........................................................................................................6

*Weinberger v. Kendrick*,
  698 F.2d 61 (2d Cir. 1982)........................................................................................................17

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
  §78j(b)..........................................................................................................................................2
  §78t(a) ..........................................................................................................................................2
  §78u-4 ...........................................................................................................................................3
  §78u-4(a)(4) .............................................................................................................................2, 11
  §78u-4(a)(7)(A)-(F) ................................................................................................................16, 17

4881-0099-1586.v1

**Page**

Federal Rules of Civil Procedure
    Rule 23 ................................................................................................................15, 16
    Rule 23(a)..................................................................................................................18
    Rule 23(b)(3)............................................................................................................18
    Rule 23(c)..................................................................................................................13
    Rule 23(e)....................................................................................................................5
    Rule 23(e)(1).........................................................................................................5, 6
    Rule 23(e)(2).....................................................................................................5, 6, 7
    Rule 23(e)(2)(A) .........................................................................................................7
    Rule 23(e)(2)(C)(i).....................................................................................................9
    Rule 23(e)(2)(C)(ii)..................................................................................................10
    Rule 23(e)(2)(C)(iii).................................................................................................11
    Rule 23(e)(2)(C)(iv).................................................................................................11
    Rule 23(e)(2)(D) ......................................................................................................12
    Rule 23(e)(3)..............................................................................................................6

17 C.F.R.
    Rule 240.10b-5...........................................................................................................2

**SECONDARY AUTHORITIES**

Janeen McIntosh, Svetlana Starykh, and Edward Flores,
    *Recent Trends in Securities Class Action Litigation:*
    *2022 Full-Year Review*,
    (NERA Economic Consulting Jan. 24, 2023).......................................................14

4881-0099-1586.v1

Lead Plaintiff Steamfitters Local 449 Pension Fund ("Lead Plaintiff") respectfully submits this memorandum in support of its unopposed motion for: (i) preliminary approval of the settlement reached in this Litigation (the "Settlement"); (ii) certification of the proposed Settlement Class for purposes of the Settlement; and (iii) approval of the form and manner of the settlement notices to Members of the Settlement Class.[1]

## I.    INTRODUCTION

The proposed Settlement provides a recovery of $7,500,000 in cash to resolve this securities class action against defendants Interface, Inc. ("Interface"), Daniel T. Hendrix, Jay D. Gould, Bruce A. Hausmann, and Patrick C. Lynch (together, "Defendants").  The Settlement is memorialized in a Stipulation of Settlement dated May 17, 2023 (the "Stipulation"), filed concurrently herewith.

The Settlement is the result of a comprehensive assessment of the strengths and weaknesses of the claims asserted in the Litigation, the costs and risk of proceeding with the Litigation, and the cash consideration payable to purchasers and acquirers of Interface common stock between May 12, 2016 and September 28, 2020, inclusive ("Class Period"), and represents a very good recovery for the Settlement Class.  This Settlement will eliminate the risk and uncertainty of continued proceedings, as well as the difficulties associated with securing additional evidence required to prove the claims asserted in the Litigation.

By this motion, Lead Plaintiff seeks entry of an order: (1) certifying the Settlement Class for settlement purposes; (2) granting preliminary approval of the proposed Settlement; (3) approving the form and manner of giving notice of the proposed Settlement to the Settlement Class; and (4) setting a hearing date for final approval of the Settlement and the Plan of Allocation of the Net Settlement

---

[1]    Unless otherwise defined herein, all capitalized terms have the meanings ascribed to them in the Stipulation.

- 1 -

Fund and Lead Counsel's application for an award of attorneys' fees and expenses, and Lead Plaintiff's application for an award pursuant to 15 U.S.C. §78u-4(a)(4) (the "Settlement Hearing") and a schedule for various deadlines relevant thereto ("Notice Order").

As shown below, the proposed Settlement is a very good result for the Settlement Class, is fair, reasonable, and adequate under the governing standards in this Circuit, and warrants the approval of this Court.

## II.    SUMMARY OF THE LITIGATION

The action is currently pending before the Honorable Brian M. Cogan in the United States District Court for the Eastern District of New York (the "Court"), under the caption *Swanson v. Interface, Inc., et al.*, Civil Action No. 1:20-cv-05518 (the "Litigation"). The initial complaint in the Litigation was filed on November 12, 2020. On March 15, 2021, the Court appointed Steamfitters Local 449 Pension Fund as Lead Plaintiff and Robbins Geller Rudman & Dowd LLP as Lead Counsel.

On April 28, 2021, Lead Plaintiff filed an Amended Complaint for Violations of the Federal Securities Laws (the "Complaint"). The Complaint alleges that: (i) all Defendants violated Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder; and (ii) the Individual Defendants violated Section 20(a) of the Exchange Act. Lead Plaintiff alleges that, during the Class Period (May 12, 2016 through September 28, 2020, inclusive), Defendants made materially false and misleading statements and omissions concerning Interface's disclosure controls and procedures and internal controls over financial reporting, and Interface had reported artificially inflated income and earnings per share in 2015 and 2016.

On May 5, 2021, Defendants filed their letter motion requesting a pre-motion conference in anticipation of filing a motion to dismiss the Complaint. Lead Plaintiff filed its response to the letter

- 2 -

4881-0099-1586.v1

motion request on May 13, 2021, and on May 19, 2021, the Court held a pre-motion conference. On June 16, 2021, Defendants moved to dismiss the Complaint for failure to state a claim under Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") and under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4 ("PSLRA"). Lead Plaintiff filed its opposition to the motion on July 19, 2021. Defendants filed their reply in support of the motion to dismiss on August 2, 2021. On June 6, 2022, the Court issued an order denying Defendants' motion to dismiss. Defendants answered the Complaint on July 21, 2022, denying all material allegations and asserting multiple defenses.

Following the exchange of initial disclosures, the Settling Parties served requests for production of documents and Defendants served interrogatories on Lead Plaintiff. Defendants produced 4,406 documents, totaling 33,419 pages, throughout the course of discovery.

On September 15, 2022, the Settling Parties attended a formal, full-day, in-person mediation with Jed Melnick, Esq., which did not result in an agreement. Following this full-day mediation session, the Settling Parties attended a subsequent mediation session on November 17, 2022. Prior to the initial mediation session, the Settling Parties submitted and exchanged confidential mediation statements and exhibits. While a settlement was not reached during the November 17, 2022 mediation session, the Settling Parties continued their good faith efforts to resolve the case and on March 28, 2023, the Settling Parties agreed to settle the case for $7,500,000, and a Term Sheet was signed that day. This agreement-in-principle contemplated full releases of liability in return for a cash payment of $7.5 million for the benefit of the Settlement Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court. The Stipulation (together with the Exhibits thereto) reflects the final and binding agreement, and a compromise of all matters that are in dispute, between the Settling Parties.

4881-0099-1586.v1

## III.    PRELIMINARY APPROVAL OF THE SETTLEMENT IS WARRANTED

### A.    Terms of the Settlement

The Settlement resolves the Settlement Class's claims against all Defendants.    The Stipulation provides that Interface will pay or cause to be paid the Settlement Amount of $7.5 million in cash, inclusive of attorneys' fees and expenses, within 21 calendar days of the entry of the Notice Order.    The funds will be invested in U.S. Agency or Treasury Securities, or other instruments backed by the full faith and credit of the U.S. government or an agency thereof, or fully insured by the U.S. government or an agency thereof or in money funds holding only instruments backed by the full faith and credit of the U.S. government.    Stipulation at ¶2.7.    Interest on the Settlement Amount will accrue for the benefit of the Settlement Class.

The Notice of Pendency and Proposed Settlement of Class Action ("Notice") explains the terms of the Settlement, including that the Net Settlement Fund will be distributed to eligible Settlement Class Members who submit valid and timely Proof of Claim and Release forms ("Proof of Claim") pursuant to the proposed Plan of Allocation included in the Notice and subject to this Court's approval; there will be no reversion to Defendants.    The Notice also informs Settlement Class Members of, among other information, Lead Counsel's application for attorneys' fees and expenses, and the proposed Plan of Allocation for distributing the Net Settlement Fund.    The Notice further details: (1) the procedures for objecting to the Settlement, the Plan of Allocation, or the request for attorneys' fees and expenses; and (2) the date, time, and location of the Settlement Hearing.

If the Court grants preliminary approval, the Claims Administrator will mail the Notice and Proof of Claim (*see* Exhibits A-1 and A-2 to the Stipulation) to Settlement Class Members who can be identified with reasonable effort.    Additionally, the Claims Administrator will cause the Summary

- 4 -

Notice (*see* Exhibit A-3 to the Stipulation) to be published in *The Wall Street Journal* and over a national newswire service (*see* Exhibit A to the Stipulation, at ¶10).

The proposed Settlement is a very good result for the Settlement Class.  It provides a significant recovery in a case where Interface allegedly misrepresented or failed to disclose information regarding its disclosure controls and procedures and internal control over financial reporting.

The $7.5 million recovery is certainly within the range of what would be determined to be fair, reasonable, and adequate.  Accordingly, Lead Plaintiff respectfully submits that an analysis of the factors set forth under Rules 23(e)(1) and (2) and the *Grinnell* factors (*Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974), *abrogated sub nom. by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000)), set forth below, which apply to a court's determination of final approval of a settlement, also supports preliminary approval of this Settlement.  *See In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 2014 WL 6851096, at *2 (S.D.N.Y. Dec. 2, 2014) ("Preliminary approval is not tantamount to a finding that [a proposed] settlement is fair and reasonable.").[2]

**B.      The Standards for Preliminary Approval of a Proposed Settlement**

Rule 23(e) requires judicial approval for settling claims brought as a class action.  Fed. R. Civ. P. 23(e) ("The claims . . . of a certified class – or a class proposed to be certified for purposes of settlement – may be settled . . . only with the court's approval.").  The settlement of class-action litigation is favored and encouraged.  *In re PaineWebber Ltd. P'ships Litig.*, 147 F.3d 132, 138 (2d Cir. 1998) (recognizing a "strong judicial policy in favor of settlements, particularly in the class action context"); *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394,

---

[2]      Citations, internal quotations, and footnotes omitted unless otherwise noted.

4881-0099-1586.v1

408 (S.D.N.Y. 2018), *aff'd sub nom. In re Facebook, Inc.*, 822 F. App'x 40 (2d Cir. 2020) (same, citing *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005)).

Under Rule 23(e)(1), the issue at preliminary approval is whether the Court "will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Rule 23(e)(2) provides:

> (2)    ***Approval of the Proposal***. If the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether:
>
> > (A)    the class representatives and class counsel have adequately represented the class;
> >
> > (B)    the proposal was negotiated at arm's length;
> >
> > (C)    the relief provided for the class is adequate, taking into account:
> >
> > > (i)     the costs, risks, and delay of trial and appeal;
> > >
> > > (ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
> > >
> > > (iii)   the terms of any proposed award of attorney's fees, including timing of payment; and
> > >
> > > (iv)    any agreement required to be identified under Rule 23(e)(3); and
> >
> > (D)    the proposal treats class members equitably relative to each other.

These factors largely overlap with the *Grinnell* factors, which include:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; [and] (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*Grinnell*, 495 F.2d at 463. As discussed below, the proposed Settlement satisfies each of the factors identified in Rule 23(e)(2), as well as each of the *Grinnell* factors. In addition, each of the Rule

- 6 -

4881-0099-1586.v1

23(a) and (b) factors are met for certification of the Settlement Class for settlement purposes. Accordingly, Notice of the proposed Settlement should be sent to the Settlement Class.

## C.    The Settlement Satisfies the Rule 23(e)(2) Factors

### 1.    Lead Plaintiff and Its Counsel Have Adequately Represented the Class

Lead Plaintiff and Lead Counsel satisfy the adequacy requirements of Rule 23(e)(2)(A), because they have diligently litigated this case throughout on behalf of the Settlement Class. Lead Counsel thoroughly investigated the facts prior to moving for Lead Plaintiff and in preparing the Complaint, which substantially augmented the initial complaint. The parties also briefed Defendants' motion to dismiss, which was denied in its entirety. Following resolution of Defendants' motion to dismiss, and after the Settling Parties exchanged requests for documents, the Settling Parties held two, full-day mediation sessions with Jed Melnick, an experienced mediator.

These efforts provided Lead Plaintiff with a thorough understanding of potential strengths and weaknesses of the theories of liability asserted. This understanding positioned Lead Plaintiff to effectively negotiate a successful resolution of this action with the assistance of Mr. Melnick.

Lead Counsel has substantial experience in prosecuting complex securities class actions, and that experience directly led to the favorable result here. *See, e.g.*, *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-0040-AKH, Transcript at 184 (S.D.N.Y. Jan. 23, 2020) ("I believe that, in this case, as I said before, the services delivered by the Robbins Geller firm were outstanding . . . .") (excerpt of Transcript attached as Exhibit A hereto); *Villella v. Chem. & Mining Co. of Chile Inc.*, 333 F.R.D. 39, 59 (S.D.N.Y. 2019) (finding that Robbins Geller "has extensive experience in securities class actions and complex litigation," which reflect "its ability to manage this litigation"); *Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, 301 F.R.D. 116, 135 (S.D.N.Y. 2014) ("The Court finds that Robbins Geller . . . is experienced in securities class action litigation and

- 7 -

qualified to conduct this lawsuit" and "has previously been deemed qualified in similar litigation.");

*see also* www.rgrdlaw.com.

Bringing this experience and knowledge to bear, and given the unique challenges present in this case, Lead Counsel believes that the Settlement is in the best interest of the Settlement Class. *See Guevoura Fund Ltd. v. Sillerman*, 2019 WL 6889901, at *6 (S.D.N.Y. Dec. 18, 2019) (recognizing that "great weight is accorded to counsel's recommendation" if a settlement is reached by experienced counsel after arm's-length negotiations); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 2010 WL 4537550, at *13 (S.D.N.Y. Nov. 8, 2010) ("[G]reat weight is accorded to the recommendations of counsel, who are most closely acquainted with the facts of the underlying litigation.").

### 2.    The Proposed Settlement Was Negotiated at Arm's Length

The Settlement is the result of extensive, arm's-length negotiations with sophisticated counsel on both sides. The parties worked on developing a thorough understanding of the strengths and weaknesses of their claims and defenses and balanced those considerations against the risks of continued litigation. Here, the parties worked diligently for months to achieve a reasonable result.

The parties began negotiating a settlement in September 2022. Although the parties negotiated in good faith, they were unsuccessful. For weeks thereafter, the parties continued to litigate the action. The Settling Parties attended a second mediation on November 17, 2022, which was also unsuccessful, but discussions continued through Mr. Melnick, and on March 28, 2023, the Settling Parties finally reached agreement on a $7.5 million resolution of Lead Plaintiff's claims.

In short, negotiations were hard-fought, extensive, lengthy, and well-informed. Counsel on both sides are experienced and were knowledgeable about the strengths and weaknesses of their respective cases. *See In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d 570, 575-76 (S.D.N.Y. 2008)

- 8 -

4881-0099-1586.v1

(recognizing that "a class action settlement enjoys a presumption of correctness" and also "a strong presumption of fairness" when it results from "arm's-length negotiations" by experienced counsel).

### 3. The Proposed Settlement Is Adequate in Light of the Costs, Risks, and Delay of Trial and Appeal

Assessing a settlement even at preliminary approval requires balancing the benefits offered to the class against the costs, risks, and delay of continued litigation. *See* Fed. R. Civ. P. 23(e)(2)(C)(i). This factor overlaps with the first (the complexity, expense, and likely duration of the litigation), fourth (the risks of establishing liability), and fifth (the risks of establishing damages) *Grinnell* factors.

Securities class actions are notoriously complex and present numerous hurdles to proving liability and damages. *See, e.g.*, *Christine Asia Co. v. Yun Ma*, 2019 WL 5257534, at *10 (S.D.N.Y. Oct. 16, 2019) ("In evaluating the settlement of a securities class action, federal courts, including this Court, have long recognized that such litigation is notably difficult and notoriously uncertain."); *Flag Telecom*, 2010 WL 4537550, at *15 (recognizing that complex securities class actions are "notably difficult and notoriously uncertain"); *see also Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221, 235 (5th Cir. 2009) ("To be successful, a securities class-action plaintiff must thread the eye of a needle made smaller and smaller over the years by judicial decree and congressional action.").

While Lead Plaintiff believes that evidentiary support exists for the allegations, it recognizes that significant hurdles stand in the way of continuing to develop evidence, proving liability, and proceeding to – and prevailing at – trial. Indeed, although Lead Plaintiff believes its case is strong, it acknowledges that in negotiating the Settlement Defendants have defenses to Lead Plaintiff's claims: that Lead Plaintiff could not prove a material misstatement, because it relied only upon unadmitted,

- 9 -

un-adjudicated, un-proven allegations in an SEC complaint; Lead Plaintiff could not establish scienter; and there is no loss causation with respect to either of the purported corrective disclosures.

Moreover, Defendants have argued that damages, if any, are zero or, at best, significantly less than Lead Plaintiff had estimated. Although Lead Plaintiff survived Defendants' motion to dismiss, there was no guarantee of success at summary judgment, following expensive fact and expert discovery.

Accordingly, in the absence of a settlement, there was a very real risk that the Settlement Class would have recovered an amount significantly less than the Settlement Amount (or nothing at all). The $7.5 million, all cash, recovery now weighs heavily in favor of preliminary approval of the Settlement, particularly when viewed against the risks, costs, delay, and uncertainty of further proceedings.

### 4.    The Proposed Method for Distributing Relief Is Effective

As demonstrated below, the method and effectiveness of the proposed notice and claims administration process (Rule 23(e)(2)(C)(ii)) are effective. The notice plan includes direct mail notice to all those who can be identified with reasonable effort, supplemented by fulsome publication of the Summary Notice in *The Wall Street Journal* and over a national newswire service. Stipulation, Ex. A, ¶10. In addition, a Settlement-specific website will be created where Settlement-related and other key documents will be posted, including the Stipulation, Notice, Proof of Claim, and Notice Order. *Id.*

The Settlement also contemplates a comprehensive claims administration process, which requests information necessary to calculate a claimant's recognized loss amount under the Plan of Allocation. The Claims Administrator will process the claims, calculate recognized losses under the Plan of Allocation and, ultimately, distribute the Net Settlement Fund to Authorized Claimants.

- 10 -

### 5.    Attorneys' Fees and Expenses

Rule 23(e)(2)(C)(iii) addresses "the terms of any proposed award of attorney's fees, including timing of payment."  The proposed Notice states that Lead Counsel intends to seek an award of attorneys' fees of up to one-third of the Settlement Amount and litigation expenses not to exceed $150,000, plus interest on these amounts at the same rate as earned by the Settlement Fund. *See* Stipulation, Ex. A-1 at 5.  In addition, Lead Plaintiff will seek an award of up to $3,000 pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Settlement Class.  *Id*.  The anticipated fee request is in line with awards in other securities settlements recently approved in this District.  *See, e.g.*, *Erlandson v. Triterras, Inc., et al.*, No. 7:20-cv-10795-CS, ECF 82 at 1 (S.D.N.Y. Sept. 8, 2022) (awarding one-third of $9 million recovery); *Panther Partners Inc. v. Jianpu Tech. Inc., et al.*, No. 1:18-cv-09848-PGG, ECF 130 at 1 (S.D.N.Y. May 12, 2022) (awarding one-third of $7.5 million recovery); *Hawaii Structural Ironworkers Pension Tr. Fund v. AMC Ent. Holdings, Inc., et al.*, 2022 WL 4136175, at *1 (S.D.N.Y. Feb. 14, 2022) (awarding one-third of $18 million recovery); *In re BHP Billiton Ltd. Sec. Litig.*, 2019 WL 1577313, at *1 (S.D.N.Y. Apr. 10, 2019) (awarding 30% of $50 million recovery); *In re Genworth Fin., Inc. Sec. Litig.*, No. 1:14-cv-02392-AKH, ECF 178 (S.D.N.Y. Nov. 16, 2017) (awarding 30% of $20 million recovery).

With respect to the timing of payment, the Stipulation provides that any attorneys' fees and expenses awarded shall be paid to Lead Counsel after the Court executes the Judgment and an order awarding such fees and expenses.  Stipulation, ¶6.2.

### 6.    The Parties Have No Additional Agreement Other than an Agreement to Address Requests for Exclusion

Rule 23(e)(2)(C)(iv) requires disclosure of any other agreement.  The parties have entered into a standard supplemental agreement which provides Intreface with the option to terminate the

- 11 -

Settlement if requests for exclusion from the Settlement Class exceed a certain threshold. *See* Stipulation, ¶7.3.

### 7.        Settlement Class Members Are Treated Equitably

The final factor, Rule 23(e)(2)(D), considers whether Settlement Class Members are treated equitably. As reflected in the Plan of Allocation set forth in the Notice (Stipulation, Ex. A-1), the Settlement treats Settlement Class Members equitably relative to each other, based on the timing of their purchases, acquisitions, and sales of Interface common stock: Authorized Claimants will receive their respective *pro rata* shares of the Net Settlement Fund based on their recognized losses under the Plan of Allocation.

### D.        The Settlement Also Satisfies the Remaining *Grinnell* Factors[3]

### 1.        The Stage of the Proceedings

To support approval of a settlement, the parties must have been able to "intelligently evaluate the merits of plaintiff's claims, the strengths of the defenses asserted by defendants, and the value of plaintiffs' causes of action for purposes of settlement." *In re Bear Stearns Cos.*, 909 F. Supp. 2d 259, 267 (S.D.N.Y. 2012). "To satisfy this factor," however, "formal or extensive discovery" is not required. *In re Hi-Crush Partners L.P. Sec. Litig.*, 2014 WL 7323417, at *7 (S.D.N.Y. Dec. 19, 2014). Although the Settlement was reached at a relatively early stage of the litigation, Lead Plaintiff and Lead Counsel approached settlement negotiations with a solid understanding and knowledge of the merits, and the strengths and weaknesses of their claims. This knowledge is based on a prolonged, in-depth, and extensive investigation, drafting the Complaint, briefing the motion to

---

[3]     As to the second *Grinnell* factor – the reaction of the class – the Notice has not yet been mailed or otherwise distributed. *See In re Warner Chilcott Ltd. Sec. Litig.*, 2008 WL 5110904, at *2 (S.D.N.Y. Nov. 20, 2008) ("Since no notice has been sent, consideration of this factor is premature."). If any objections are received after the Notice is disseminated, Lead Counsel will address them in connection with Lead Plaintiff's motion for final approval of the Settlement and in the reply in further support thereof.

dismiss, reviewing the documents produced during discovery, and engaging in exhaustive, yet ultimately successful, settlement discussions with Defendants' Counsel. All this work provided the foundation for productive mediations and ultimately successful negotiations.

Lead Counsel also had discussions with its consultants and experts, who provided useful guidance in evaluating and valuing the claims based on the facts alleged. This insight was indispensable. It allowed Lead Plaintiff and Lead Counsel to realistically assess the prospect of establishing liability and damages, while enabling them to develop an effective plan to negotiate an eventual resolution.

This process allowed Lead Plaintiff and Lead Counsel to develop adequate information about the claims to negotiate a favorable resolution.

### 2.    The Risks of Maintaining the Class Action Through Trial

The Settlement was reached before Lead Plaintiff filed its motion for class certification. While Lead Plaintiff is confident that upon filing that motion the Settlement Class would have been certified, there are certainly no guarantees. Further, if Lead Plaintiff was successful in achieving class certification, Defendants could have moved at any time to decertify the Settlement Class or to shorten the Class Period. *See Chatelain v. Prudential-Bache Sec., Inc.*, 805 F. Supp. 209, 214 (S.D.N.Y. 1992); Fed. R. Civ. P. 23(c) (authorizing decertification at any time). This factor therefore supports preliminary approval of the Settlement.

### 3.    The Ability of Defendants to Withstand a Greater Judgment

Another factor – albeit not typically determinative – is a defendant's ability to withstand a judgment greater than the amount offered in the settlement. *See D'Amato v. Deutsche Bank*, 236 F.3d 78, 86 (2d Cir. 2001). Here, while Interface could have withstood a judgment above the Settlement Amount, that possibility does not necessarily count against approval and many other

- 13 -

4881-0099-1586.v1

factors favor the Settlement. *See In re Vitamin C Antitrust Litig.*, 2012 WL 5289514, at *6 (E.D.N.Y. Oct. 23, 2012) (acknowledging that "in any class action against a large corporation, the defendant entity is likely to be able to withstand a more substantial judgment, and . . . this fact alone does not undermine the reasonableness of the instant settlement").

### 4. The Reasonableness of the Settlement in Light of the Best Possible Recovery and the Attendant Risks of Litigation

The adequacy of the amount offered in settlement must be judged not "in comparison with the possible recovery in the best of all possible worlds, but rather in light of the strengths and weaknesses of plaintiffs' case." *In re Giant Interactive Grp., Inc. Sec. Litig.*, 279 F.R.D. 151, 162 (S.D.N.Y. 2011) (citing *In re "Agent Orange" Prod. Liab. Litig.*, 597 F. Supp. 740, 762 (E.D.N.Y. 1984), *aff'd*, 818 F.2d 145 (2d Cir. 1987)). The Court need only determine whether the Settlement falls within a "range of reasonableness" – a range which recognizes "the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent" in taking any litigation to completion. *Giant Interactive*, 279 F.R.D. at 162.

The Settlement represents a very favorable result for the Settlement Class. Lead Plaintiff has estimated recoverable damages of between $20 and $41 million, but it could otherwise be less depending on various scenarios.[4] Thus, the $7.5 million Settlement falls well within the range of reasonableness and supports preliminary approval. Indeed, the recovery here is many multiples above the 1.8% median percentage recovery for losses in securities class actions in 2022.[5]

---

[4] Defendants estimated damages to be much less than Lead Plaintiff, if not zero.

[5] https://www.nera.com/content/dam/nera/publications/2023/PUB_2022_Full_Year_Trends.pdf (Janeen McIntosh, Svetlana Starykh, and Edward Flores, *Recent Trends in Securities Class Action Litigation: 2022 Full-Year Review*, at 18, Fig. 19 (NERA Economic Consulting Jan. 24, 2023)).

4881-0099-1586.v1

An additional compelling consideration that militates in favor of the reasonableness of the Settlement is that the Settlement provides for payment to the Settlement Class now, rather than the speculative possibility of payment years later. *See In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, 2006 WL 903236, at \*13 (S.D.N.Y. Apr. 6, 2006) (where settlement fund is in escrow earning interest, "the benefit of the Settlement will . . . be realized far earlier than a hypothetical post-trial recovery").

## IV.    THE PROPOSED FORM AND METHOD OF CLASS NOTICE AND THE FORM OF THE PROOF OF CLAIM ARE APPROPRIATE

### A.    The Scope of the Notice Program Is Adequate

There are no "rigid rules" that apply when determining the adequacy of notice for a class action settlement. Rather, when measuring the adequacy of a notice under either the Due Process Clause or the Federal Rules, the court should look to its reasonableness. *In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 2007 WL 313474, at \*8 (S.D.N.Y. Feb. 1, 2007). Accordingly, "[n]otice need not be perfect, but need be only the best notice practicable under the circumstances, and each and every class member need not receive actual notice, so long as class counsel acted reasonably in choosing the means likely to inform potential class members." *Id*. at \*8.

In fact, notice programs such as the one proposed by Lead Counsel have been approved as adequate under the Due Process Clause and Rule 23 in a multitude of class action settlements, including by this Court. *In re Akazoo S.A. Sec. Litig.*, 2021 WL 8945767, at \*10-\*13 (E.D.N.Y. Apr. 28, 2021) (Cogan, J.). *See also In re Chembio Diagnostics, Inc. Sec. Litig.*, No. 2:20-cv-02706-ARR-JMW, ECF 121 at 9 (E.D.N.Y. Feb. 3, 2023) (approving virtually the same notice program as proposed here); *Gordon v. Vanda Pharms.*, 2022 WL 4296092, at \*23-\*24 (E.D.N.Y. Sept. 15, 2022) (same).

- 15 -

Here, the parties propose disseminating notice by mail and through publication.  By virtue of completing the process for disseminating the Notice and consulting with counsel for Defendants and Interface's stock transfer agent, Lead Counsel will ensure that all reasonable avenues for obtaining the identity of Settlement Class Members are being utilized to disseminate the Notice by mail.

> **B.      The Proposed Form of Notice Comports with the Requirements of Due Process, the PSLRA, and Rule 23 and Is the Same or Similar to the Form(s) of Notice Routinely Approved by Courts in This Jurisdiction**

As outlined in the proposed Notice Order (Exhibit A to the Stipulation), the Claims Administrator will notify Settlement Class Members of the Settlement by mailing the Notice and Proof of Claim to all Settlement Class Members who can be identified with reasonable effort.  The Notice will advise Settlement Class Members of the essential terms of this Settlement and the Plan of Allocation and provide information regarding Lead Counsel's motion for attorneys' fees and expenses.  The Notice also will provide specifics on the date, time, and place of the Settlement Hearing and set forth the procedures for objecting to the Settlement, the proposed Plan of Allocation, or the motion for attorneys' fees and expenses.

In addition to mailing the Notice and Proof of Claim, the Claims Administrator will provide for the publication of a Summary Notice in *The Wall Street Journal*, and once over a national newswire service.  The Notice and related Settlement papers will also be posted on a dedicated website, www.InterfaceSecuritiesSettlement.com.

Similar to other notice programs, the form and manner of providing notice to the Settlement Class satisfy the requirements of due process, Rule 23, and the PSLRA, 15 U.S.C. §78u-4(a)(7). The content of a notice is generally found to be reasonable if "the average class member understands the terms of the proposed settlement and the options provided to class members thereunder." *In re Stock Exchs. Options Trading Antitrust Litig.*, 2006 WL 3498590, at *6 (S.D.N.Y. Dec. 4, 2006); *see*

- 16 -

4881-0099-1586.v1

*also Weinberger v. Kendrick*, 698 F.2d 61, 70 (2d Cir. 1982) (the notice must "fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with [the] proceedings") (alteration in original).

With respect to cases filed under the PSLRA, the settlement notice must include: (1) the amount of the settlement proposed for distribution, determined in the aggregate and on an average per share basis; (2) if the parties do not agree on the average amount of damages per share recoverable in the event plaintiff prevailed, a statement from each party concerning the issue(s) on which the parties disagree; (3) a statement indicating which parties or counsel intend to apply for an award of fees and costs (including the amount of such fees and costs determined on an average per share basis), and a brief explanation supporting the fees and costs sought; (4) the name, telephone number, and address of one or more representatives of counsel for the class who will be reasonably available to answer questions concerning any matter contained in the notice of settlement; (5) a brief statement explaining the reasons why the parties are proposing the settlement; and (6) such other information as may be required by the court. *See* 15 U.S.C. §78u-4(a)(7)(A)-(F).

The proposed Notice contains all of the information required by the PSLRA. *See* Notice (Exhibit A-1 to the Stipulation). The information is also provided in a format that is accessible to the reader. In addition, the Notice advises recipients that they have the right to object to any aspect of the Settlement, the Plan of Allocation, or the fee and expense application. Furthermore, the Notice provides recipients with the contact information for the Claims Administrator, Gilardi & Co. LLC, and Lead Counsel. Finally, the proposed format is the same or similar to formats that have been approved by this and many other courts in this jurisdiction, which also supports its approval. *See, e.g.*, *Akazoo*, 2021 WL 8945767, at *12-*13; *Vanda*, 2022 WL 4296092, at *24.

## V.   CERTIFICATION OF THE SETTLEMENT CLASS IS APPROPRIATE

Under the terms of the Stipulation, the Settling Parties have agreed, for the purposes of the

Settlement only, to the certification of the Settlement Class, defined as follows:

> All Persons who purchased or acquired Interface common stock between May 12, 2016 and September 28, 2020, inclusive. Excluded from the Settlement Class are: (i) the Defendants; (ii) the Class Period Officers and directors of Interface; (iii) the Immediate Family Members of the Individual Defendants; and (iv) the legal representatives, affiliates, heirs, successors-in-interest or assigns of any such excluded party and any entity in which such excluded Persons have or had a controlling interest. Also excluded from the Settlement Class are any Persons who timely and validly requested exclusion therefrom. [Stipulation, ¶1.33]

The Settlement Class satisfies each of the requirements of Federal Rule of Civil Procedure

23(a) and (b)(3), and the Settlement Class should be certified for settlement purposes only. In

addition, Lead Plaintiff should be appointed Class Representative, and Lead Counsel should be

appointed Class Counsel.

First, given the number of shares of Interface traded on the NASDAQ market during the

Class Period, the Settlement Class easily consists of more than 40 members and numerosity is

satisfied. *See* Complaint, ¶260; *see also Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483

(2d Cir. 1995) ("numerosity is presumed at a level of 40 members"); *Avila v. Ardian Corp.*, 2022

WL 3370024, at *2 (E.D.N.Y. Aug. 16, 2022) (same).

Second, because the Settlement Class's claims arise from the same alleged misstatements and

omissions and rely on the same theories of liability, questions of law and fact are common to the

Settlement Class. Complaint, ¶263. *Sharpe v. A&W Concentrate Co.*, 2021 WL 3721392, at *3-*4

(E.D.N.Y. July 23, 2021) (Cogan, J.). "Common questions of law and fact are present where, as

here, the alleged fraud involves material misrepresentations and omissions in documents circulated

to the investing public." *Billhofer v. Flamel Techs., S.A.*, 281 F.R.D. 150, 156 (S.D.N.Y. 2012).

- 18 -

"[M]inor variations in the class members' positions will not . . . defeat certification." *Dietrich v. Bauer*, 192 F.R.D. 119, 124 (S.D.N.Y. 2000).

Third, Lead Plaintiff's claims are typical of the Settlement Class's because they share the same factual and legal underpinnings. *See* Complaint, ¶261. This element "focuses on whether the named plaintiff's interests align with the interests of the rest of the class." *Sharpe*, 2021 WL 3721392, at *4. "Interests align when each class members claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Id*.

Fourth, Lead Plaintiff will adequately represent the Settlement Class because it is an institutional investor, which is the type of investor that Congress intended to lead cases of this nature; its representatives have exhibited a commitment to the Settlement Class; and Lead Counsel, Robbins Geller, is experienced in securities litigation and has ably represented the Settlement Class. *See* Complaint, ¶262; *see also Carpenters Pension Tr. Fund of St. Louis v. Barclays PLC*, 310 F.R.D. 69, 100 (S.D.N.Y. 2015) (appointing plaintiffs who "actively supervised and monitored the progress of this litigation, and will continue to actively participate in its prosecution"); www.rgrdlaw.com.

Additionally, the requirements of Rule 23(b)(3) are satisfied as common questions of law and fact predominate over individual ones and class treatment is superior to individual adjudications. "Predominance is a test readily met in certain cases alleging consumer or securities fraud or violations of the antitrust laws." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 625 (1997). Indeed, this securities fraud case is no different. Resolution of plaintiff's allegations – including questions of liability, causation, and damages – are susceptible to generalized proof and, further, such generalized inquiries predominate over any issues specific to individual class members. *See Micholle v. Opthotech Corp.*, 2022 WL 1158684, at *3 (S.D.N.Y. Mar. 14, 2022).

- 19 -

4881-0099-1586.v1

Finally, superiority is satisfied as there are likely thousands of class members nationwide, and consolidating their claims is in the interests of efficiency and judicial economy. *See Micholle*, 2022 WL 1158684, at *4.

Accordingly, class certification is appropriate here for Settlement purposes.

## VI.    PROPOSED SCHEDULE

If the Court grants preliminary approval of the proposed Settlement, the parties respectfully submit the following procedural schedule for the Court's review:

| Event | Time for Compliance |
|---|---|
| Deadline for commencing the mailing of the Notice and Proof of Claim to Settlement Class Members (the "Notice Date") | 20 calendar days after entry of the Notice Order |
| Deadline for commencing the publication of the Summary Notice in *The Wall Street Journal* and over a national newswire service | 7 calendar days after the Notice Date |
| Filing of memoranda in support of approval of the Settlement and Plan of Allocation, and in support of Lead Counsel's application for an award of attorneys' fees and expenses | 35 calendar days prior to the Settlement Hearing |
| Deadline for submitting objections or exclusion requests | 21 calendar days prior to the Settlement Hearing |
| Filing of reply memoranda in further support of the Settlement and Plan of Allocation, and in support of Lead Counsel's application for an award of attorneys' fees and expenses | 7 calendar days prior to the Settlement Hearing |
| Settlement Hearing | Approximately 90 calendar days after entry of the Notice Order, at the Court's convenience |
| Deadline for submitting Proofs of Claim | 90 calendar days after the Notice Date |

## VII.    CONCLUSION

Based on the foregoing, Lead Plaintiff respectfully requests that the Court enter the Notice Order in connection with this Settlement, which will provide: (1) preliminary certification of a Settlement Class for settlement purposes; (2) preliminary approval of the Settlement; (3) approval of

4881-0099-1586.v1

the form and manner of giving notice of the Settlement to the Settlement Class; and (4) a hearing

date and time to consider final approval of the Settlement and related matters.

DATED:  May 17, 2023                              Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
PHILIP T. MERENDA
NATALIE C. BONO

*s/ David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
pmerenda@rgrdlaw.com
nbono@rgrdlaw.com

Lead Counsel for Lead Plaintiff

- 21 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on May 17, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ *David A. Rosenfeld*
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
& DOWD LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

Email: drosenfeld@rgrdlaw.com

# Mailing Information for a Case 1:20-cv-05518-BMC-RER Swanson v. Interface, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Shane Avidan**
  savidan@paulweiss.com,jbraly@paulweiss.com,mao_fednational@paulweiss.com

- **Natalie Bono**
  nbono@rgrdlaw.com

- **Jonathan J. Brennan**
  jbrennan@maynardnexsen.com

- **Harris Michael Fischman**
  hfischman@paulweiss.com,mao_fednational@paulweiss.com

- **Melissa Ann Fortunato**
  fortunato@bespc.com,ecf@bespc.com

- **J. Alexander Hood**
  ahood@pomlaw.com,tprzybylowski@pomlaw.com,jlopiano@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **Daniel J. Kramer**
  dkramer@paulweiss.com,mao_fednational@paulweiss.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com,fgravenson@pomlaw.com

- **Philip Thomas Merenda , III**
  pmerenda@rgrdlaw.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,2879289420@filings.docketbird.com,e_file_sd@rgrdlaw.com,drosenfeld@ecf.courtdrive.com

- **Margaret Siller**
  msiller@maynardnexsen.com,Catherine.Hewston@maynardnexsen.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)