# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE NIELSEN HOLDINGS PLC SECURITIES LITIGATION | Civil Action No. 1:18-cv-07143-JMF |

## ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

WHEREAS, this matter came on for hearing on July 20, 2022 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and payment of expenses, including awards to Plaintiffs pursuant to the Private Securities Litigation Reform Act of 1995. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal* and transmitted over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and litigation expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1.      This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated as of March 15, 2022 (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.      The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Settlement Class Members.

3.       Notice of Lead Counsel's motion for an award of attorneys' fees and payment of expenses was given to all Settlement Class Members who could be identified with reasonable effort, and they were given the opportunity to object by June 29, 2022. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and payment of expenses satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all Persons entitled thereto.

4.       There have been two objections to Lead Counsel's request for attorneys' fees. *See* ECF Nos. 146-9, 147, 155.  One was submitted by Mr. Larry Killion. ECF Nos. 146-9 and 147. He does not object to the expense requests.  Additionally, the Court received a letter from Ms. Monica Bohlman, objecting to the proposed fee award.  ECF No. 155.  The Court has considered the arguments raised by Mr. Killion, as well as his proposed fee schedule, and the arguments raised by Ms. Bohlman, but for the reasons stated on the record during the fairness hearing , and under the circumstances of this case,  their objections are  overruled.

5.       Lead Counsel is hereby awarded, on behalf of Plaintiffs' Counsel, attorneys' fees in the amount of $18,037,433.00, plus interest at the same rate earned by the Settlement Fund (*i.e.,* 25% of the Settlement Fund, minus litigation expenses of $850,266.93) and $850,266.93 in payment of litigation expenses, plus accrued interest, which sums the Court finds to be fair and reasonable. Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel.

6.       In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a)       The Settlement has created a substantial fund of $73,000,000 in cash that

2

has been paid into escrow pursuant to the terms of the Stipulation, and that numerous Settlement

Class Members who submit valid Claim Forms will benefit from the Settlement that occurred

because of the efforts of counsel;

(b)     The fee sought by Lead Counsel has been reviewed and approved as

reasonable by Plaintiffs, sophisticated institutional investors that oversaw the prosecution and

resolution of the Action;

(c)     273,687 copies of the Notice were mailed to potential Settlement Class

Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount

not to exceed 25% of the Settlement Fund and litigation expenses in an amount not to exceed

$1,100,000, and they were given an opportunity to object;

(d)     The Action required the navigation of highly challenging and complex

issues spanning Nielsen's business, the data analytics industry, accounting practices, privacy

regulations, and complicated falsity, market efficiency and loss causation issues;

(e)     Had Lead Counsel not achieved the Settlement, there would remain a

significant risk that Plaintiffs and the other members of the Settlement Class may have recovered

less or nothing from Defendants;

(f)     Plaintiffs' Counsel conducted the litigation and achieved the Settlement

with skill, perseverance, and diligent advocacy;

(g)     The attorneys' fees awarded and litigation expenses to be paid from the

Settlement Fund are fair and reasonable under the circumstances of this case and consistent with

awards made within this District;

(h)     Public policy concerns favor the award of attorneys' fees and expenses in

securities class action litigation; and

3

(i)      Plaintiffs' Counsel expended slightly more than 17,200 hours with a lodestar value of $10,382,315.75, to achieve the Settlement, representing a substantial effort.

7.      Lead Plaintiff the Public Employees' Retirement System of Mississippi is hereby awarded $17,750 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class, pursuant to §21D(a)(4) of the PSLRA, 15 U.S.C. §78u-4(a)(4).

8.      Named plaintiff Monroe County Employees' Retirement System is hereby awarded $5,625 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class, pursuant to §21D(a)(4) of the PSLRA, 15 U.S.C. §78u-4(a)(4).

9.      Any appeal or any challenge affecting this Court's approval of any attorneys' fees and expense application, including that of Lead Counsel, shall in no way disturb or affect the finality of the Judgment.

10.      Exclusive jurisdiction is hereby retained over the Parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

11.      In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

12. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

DATED this   20th   day of   July   , 2022

_____
HONORABLE JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE