# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| THOMAS S. SWANSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>INTERFACE, INC., DANIEL T. HENDRIX, JAY D. GOULD, BRUCE A. HAUSMANN and PATRICK C. LYNCH,<br><br>Defendants. | Civil Action No. 1:20-cv-05518-BMC-RER<br><br>CLASS ACTION |

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

**TO:** **ALL PERSONS WHO PURCHASED OR ACQUIRED INTERFACE, INC. ("INTERFACE" OR THE "COMPANY") COMMON STOCK DURING THE PERIOD BETWEEN MAY 12, 2016 AND SEPTEMBER 28, 2020, INCLUSIVE, AND ARE NOT OTHERWISE EXCLUDED FROM THE SETTLEMENT CLASS (THE "SETTLEMENT CLASS")**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION. PLEASE NOTE THAT IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE SEPTEMBER 13, 2023**.

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been provided to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of New York (the "Court"). The purpose of this Notice is to inform you of the pendency of this class action (the "Litigation") between Lead Plaintiff Steamfitters Local 449 Pension Fund, on behalf of itself and others similarly situated, and Defendants Interface, Inc., Daniel T. Hendrix, Jay D. Gould, Bruce A. Hausmann, and Patrick C. Lynch; the proposed $7,500,000 cash settlement reached therein (the "Settlement"); and the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement as well as counsel's application for fees and expenses. This Notice describes what steps you may take in relation to the Settlement and this class action.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants. This Notice is solely to advise you of the pendency and proposed Settlement of the Litigation and of your rights in connection therewith.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM** | The only way to be eligible to receive a payment from the Settlement. **Proof of Claim forms must be postmarked or submitted online on or before September 13, 2023.** |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that *potentially* allows you to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties (as defined below) about the legal claims being resolved by this Settlement. Should you elect to exclude yourself from the Settlement Class you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. **Exclusions must be *postmarked* on or before August 28, 2023.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. You will still be a Member of the Settlement Class. **Objections must be *received* by the Court and counsel on or before August 28, 2023. If you submit a written objection, you may (but do not have to) attend the hearing.** |
| **GO TO THE HEARING ON SEPTEMBER 18, 2023** | Ask to speak in Court about the fairness of the Settlement. **Requests to speak must be *received* by the Court and counsel on or before August 28, 2023.** |
| **DO NOTHING** | Receive no payment. You will, however, still be a Member of the Settlement Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Party about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

---

[1]    All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated May 17, 2023 (the "Settlement Agreement" or "Stipulation"), which is available on the website www.InterfaceSecuritiesSettlement.com.

## SUMMARY OF THIS NOTICE

**Statement of Settlement Class Recovery**

Pursuant to the Settlement described herein, a $7,500,000 Settlement Fund has been established. Based on Lead Plaintiff's estimate of the number of shares of Interface common stock eligible to recover under the Settlement, the average distribution per share under the Plan of Allocation is approximately $0.18 before deduction of any Taxes or Tax Expenses on the income earned on the Settlement Amount thereof, Notice and Administration Expenses, and any Court-awarded attorneys' fees, expenses, and interest thereon as determined by the Court. **Settlement Class Members should note, however, that these are only estimates.** A Settlement Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that Claimant's Claims as compared to the total Claims of all Settlement Class Members who submit acceptable Proofs of Claim. An individual Settlement Class Member may receive more or less than this estimated average amount. *See* Plan of Allocation set forth and discussed at pages 8-11 below for more information on the calculation of your claim.

**Statement of Potential Outcome of Case**

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Settlement Class prevailed on each claim alleged. Defendants deny that they violated any laws, deny that this action could proceed as a class action, deny that they are liable to the Settlement Class, and deny that the Settlement Class has suffered any injury or damages. The issues on which the parties disagree are many, but include: (1) whether Lead Plaintiff has satisfied its burden under the Federal Rules of Civil Procedure for certifying the proposed class and representing that class as Lead Plaintiff; (2) whether Defendants engaged in conduct that would give rise to any liability to the Settlement Class under the federal securities laws, or any other law; (3) whether Defendants have valid defenses to any such claims of liability; (4) the appropriate economic model for determining the amount by which the prices of Interface common stock were allegedly artificially inflated (if at all) during the Class Period; (5) the amount, if any, by which the prices of Interface common stock were allegedly artificially inflated (if at all) during the Class Period; (6) the effect of various market forces on the prices of Interface common stock at various times during the Class Period; (7) the extent to which external factors influenced the prices of Interface common stock at various times during the Class Period; (8) the extent to which the various matters that Lead Plaintiff alleged were materially false or misleading influenced (if at all) the prices of Interface common stock at various times during the Class Period; and (9) the extent to which the various allegedly adverse material facts that Lead Plaintiff alleged were omitted influenced (if at all) the prices of Interface common stock at various times during the Class Period.

**Statement of Attorneys' Fees and Expenses Sought**

Since the Litigation's inception, Lead Counsel has expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and has advanced the expenses of the Litigation in the expectation that if it was successful in obtaining a recovery for the Settlement Class, it would be paid from such recovery. Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed one-third (33-1/3%) of the Settlement Amount, plus expenses not to exceed $150,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. In addition, Lead Plaintiff may apply for an award not to exceed $3,000 in connection with its representation of the Settlement Class. If the amounts requested are approved by the Court, the average cost per share of Interface common stock will be approximately $0.06.

**Further Information**

For further information regarding the Litigation, this Notice or to review the Stipulation, please contact the Claims Administrator toll-free at 1-888-760-7869, or visit the website www.InterfaceSecuritiesSettlement.com.

You may also contact a representative of counsel for the Settlement Class: Greg Wood, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com, www.rgrdlaw.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Lead Plaintiff's principal reason for entering into the Settlement is the benefit to the Settlement Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery–or, indeed, no recovery at all–might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. Defendants have denied, and continue to deny, each and all of the claims and allegations asserted against them in the Litigation. For the Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the costs, burdens, and uncertainty inherent in any litigation, especially in complex cases such as this Litigation. Defendants have concluded that further continuation of this Litigation could be protracted and unnecessarily costly.

## BASIC INFORMATION

| |
|---|
| **1.     Why did I get this Notice package?** |

This Notice is provided pursuant to an Order of a U.S. District Court because you or someone in your family or an investment account for which you serve as custodian may have purchased or acquired Interface common stock during the period between May 12, 2016 and September 28, 2020, inclusive (the "Class Period").

This Notice explains the class action lawsuit, the Settlement, Settlement Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the Eastern District of New York, and the case is known as *Swanson v. Interface, Inc., et al.*, Civil Action No. 1:20-cv-05518-BMC-RER. The case has been assigned to the Honorable Brian M. Cogan. The institution representing the Settlement Class is the Lead Plaintiff, and the company and individuals it sued and who have now settled are called the Defendants.

| 2. | What is this lawsuit about? |
|---|---|

On April 28, 2021, Lead Plaintiff filed an Amended Complaint for Violations of the Federal Securities Laws (the "Complaint"). The Complaint alleges that: (i) all Defendants violated Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder; and (ii) the Individual Defendants violated Section 20(a) of the Exchange Act. Lead Plaintiff alleges that, during the Class Period (between May 12, 2016 and September 28, 2020, inclusive), Defendants made materially false and misleading statements and omissions concerning Interface's disclosure controls and procedures and internal controls over financial reporting, and that Interface had reported artificially inflated income and earnings per share in 2015 and 2016.

On May 5, 2021, Defendants filed their letter motion requesting a pre-motion conference in anticipation of filing a motion to dismiss the Complaint. Lead Plaintiff filed its response to the letter motion request on May 13, 2021, and on May 19, 2021, the Court held a pre-motion conference. On June 16, 2021, Defendants moved to dismiss the Complaint for failure to state a claim under Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") and under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4 ("PSLRA"). Lead Plaintiff filed its opposition to the motion on July 19, 2021. Defendants filed their reply in support of the motion to dismiss on August 2, 2021. On June 6, 2022, the Court issued an order denying Defendants' motion to dismiss. Defendants answered the Complaint on July 21, 2022, denying all material allegations and asserting multiple defenses.

Following the exchange of initial disclosures, the Settling Parties served requests for production of documents and Defendants served interrogatories on Lead Plaintiff.

On September 15, 2022, the Settling Parties attended a formal, full-day, in-person mediation with Jed Melnick, Esq., which did not result in an agreement. Following this full-day mediation session, the Settling Parties attended a subsequent mediation session on November 17, 2022. Prior to the initial mediation session, the Settling Parties submitted and exchanged confidential mediation statements and exhibits. While a settlement was not reached during the November 17, 2022 mediation session, the Settling Parties continued their good faith efforts to resolve the case and on March 28, 2023, the Settling Parties agreed to settle the case for $7,500,000, and a Term Sheet was signed that day. This agreement-in-principle contemplated full releases of liability in return for a cash payment of $7.5 million for the benefit of the Settlement Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court. The Stipulation (together with the Exhibits thereto) reflects the final and binding agreement, and a compromise of all matters that are in dispute, between the Settling Parties.

Defendants have denied, and continue to deny, that they violated the federal securities laws or any law and maintain that their conduct was at all times proper and in compliance with all applicable laws. Defendants have denied, and continue to deny, each and all of the claims and contentions of wrongdoing alleged by Lead Plaintiff in the Litigation, as well as any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Defendants continue to believe that the claims asserted against them in the Litigation are without merit. Among other things, Defendants specifically deny that they made any false or misleading statements or omissions. Defendants also deny that Interface, and any of the Individual Defendants, acted with the requisite intent to commit a violation of the federal securities laws or any other law. Defendants further deny that the price of Interface common stock was artificially inflated during the Class Period; that any Settlement Class Member has suffered any damages; or that the financial losses of any Settlement Class Member were caused by the revelation of any information that Defendants had allegedly previously not disclosed or misrepresented. Defendants maintain that their conduct was proper and that they have meritorious defenses to all of the claims that were raised or could have been raised in the Litigation.

| 3. | Why is there a settlement? |
|---|---|

The Court has not decided in favor of the Lead Plaintiff or Defendants. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Lead Plaintiff agreed to the Settlement in order to ensure that Settlement Class Members will receive compensation.

**WHO IS IN THE SETTLEMENT**

| 4. | How do I know if I am a Member of the Settlement Class? |
|---|---|

The Court directed that everyone who fits this description is a Settlement Class Member: all Persons who purchased or acquired Interface common stock between May 12, 2016 and September 28, 2020, inclusive, except those Persons and entities that are excluded.

Excluded from the Settlement Class are: (i) the Defendants; (ii) the Class Period officers and directors of Interface; (iii) the Immediate Family Members of the Individual Defendants; and (iv) the legal representatives, heirs, successors-in-interest or assigns of any such excluded party and any entity in which such excluded Persons have or had a controlling interest. Also excluded from the Settlement Class is any Person who would otherwise be a Member of the Settlement Class but who validly and timely requests exclusion by submitting a request for exclusion in accordance with the requirements set forth in question 11 below.

**Please Note:** Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online on or before **September 13, 2023**.

| 5. | What if I am still not sure if I am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 1-888-760-7869, or you can fill out and return the Proof of Claim form enclosed with this Notice package, to see if you qualify. You may also submit the Proof of Claim online via the Settlement website: www.InterfaceSecuritiesSettlement.com.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 6. | What does the Settlement provide? |
|---|---|

The Settlement provides that, in exchange for the release of the Released Plaintiff's Claims (defined below) and dismissal of the Litigation, Interface will pay or cause to be paid $7,500,000 in cash to be distributed after Taxes, Tax Expenses, Notice and Administration Expenses, and Court-approved attorneys' fees and expenses, *pro rata*, to Settlement Class Members who send in a valid Proof of Claim form pursuant to the Court-approved Plan of Allocation. The Plan of Allocation is described in more detail at the end of this Notice.

| 7. | How much will my payment be? |
|---|---|

Your share of the Net Settlement Fund will depend on several things, including the total value of Interface common shares represented by the valid Proof of Claim forms that Settlement Class Members send in, compared to the value of your claim, all as calculated under the Plan of Allocation discussed below.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| 8. | How can I get a payment? |
|---|---|

To be eligible to receive a payment from the Settlement, you must timely complete and submit a Proof of Claim form. A Proof of Claim form is enclosed with this Notice or it may be downloaded at www.InterfaceSecuritiesSettlement.com. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail or submit it online so that it is postmarked (if mailed) or received (if submitted online) no later than September 13, 2023**. The Proof of Claim form may be submitted online at www.InterfaceSecuritiesSettlement.com. If you do not submit a timely Proof of Claim form with the required information, you will not receive a payment from the Settlement Fund; however, unless you expressly exclude yourself from the Settlement Class as described below, you will still be bound by the Settlement, the Judgment, and the releases contained therein.

| 9. | When would I get my payment? |
|---|---|

**The Court will hold a Settlement Hearing on September 18, 2023, at 1:00 p.m.**, to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals. It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 10. | What am I giving up to get a payment or to stay in the Settlement Class? |
|---|---|

Unless you timely and validly exclude yourself, you are staying in the Settlement Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or their Related Parties about the Released Plaintiff's Claims (as defined below) in this case. It also means that all of the Court's orders will apply to you and legally bind you. If you remain a Settlement Class Member, and if the Settlement is approved, you will give up all "Released Plaintiff's Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Defendant Parties" (as defined below):

- "Immediate Family Members" means current and former spouses, parents, stepparents, foster parents, fathers-in-law, mothers-in-law, children, stepchildren, foster children, sons-in-law, daughters-in-law, grandparents, grandchildren, brothers, sisters, brothers-in-law, sisters-in-law, aunts, uncles, nieces, nephews, and first cousins. First cousin means the child of a parent's sibling, *i.e.*, the child of an aunt or uncle.

- "Related Parties" means any Person's former, present or future parents, subsidiaries, divisions, controlling persons, associates, related entities and affiliates, any entity in which a Person has a controlling interest, and each and all of the Person's and their respective present and former employees, independent contractors, members, partners, principals, officers, directors, equity holders, managers, servants, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers or co-insurers of each of them; as well as the predecessors, successors, sister corporations, estates, Immediate Family Members, heirs, executors, legatees, devisees, receivers, settlors, beneficiaries, trusts, trustees, administrators, agents, legal or any other representatives, assigns, assignors, and assignees of each of them.

4

- "Released Defendant Party" or "Released Defendant Parties" mean each and all of Defendants, Defendants' Counsel, and any of their Related Parties.

- "Released Defendants' Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages and liabilities, including both known and Unknown Claims, of every nature and description whatsoever, whether contingent or non-contingent, mature or not mature, accrued or not accrued, concealed or hidden, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, in law, in contract, or in equity, regardless of legal or equitable theory, whether class or individual in nature, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Litigation against the Defendants. Released Defendants' Claims does not include (i) any claims relating to the enforcement of the Settlement; (ii) any claims between the Released Defendant Parties and their respective insurers; and (iii) any claims of any shareholder that validly and timely requests exclusion in accordance with the requirements set by the Court in connection with the Settlement.

- "Released Plaintiff's Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages and liabilities, including both known and Unknown Claims, of every nature and description whatsoever, whether contingent or non-contingent, mature or not mature, accrued or not accrued, concealed or hidden, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, in law, in contract, or in equity, regardless of legal or equitable theory, whether class or individual in nature, that have been asserted, could have been asserted, or could be asserted in the future in any forum against any of the Released Defendant Parties that (i) arise out of, or relate in any way to, or are based upon, directly or indirectly, any of the allegations, transactions, acts, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in the Complaint, and (ii) in any way are based upon or related to the purchase or acquisition of Interface common stock during the Class Period. Released Plaintiff's Claims does not include (i) any claims relating to the enforcement of the Settlement; (ii) any derivative or ERISA claims; or (iii) any claims of any shareholder that validly and timely requests exclusion in accordance with the requirements set by the Court in connection with the Settlement.

- "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" mean each and every Settlement Class Member, Lead Plaintiff, Lead Counsel, and each of their Related Parties. Releasing Plaintiff Parties do not include any Person who would otherwise be a Member of the Settlement Class but who or which has validly and timely excluded himself, herself, themselves, or itself therefrom.

- "Unknown Claims" means (a) any and all Released Plaintiff's Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, their, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, them, or it, might have affected his, her, their, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, their, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, their, or its favor at the time of the release of the Lead Plaintiff, the Settlement Class, and Lead Counsel, which, if known by him, her, them, or it, might have affected his, her, their, or its settlement and release of Lead Plaintiff, the Settlement Class, and Lead Counsel. With respect to (a) any and all Released Plaintiff's Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Lead Plaintiff, the Settlement Class, and Lead Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

  > A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

  The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiff's Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive,

compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiff's Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiff, the Settlement Class and Lead Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

### EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue the Defendants and the other Released Defendant Parties, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Settlement. This is called excluding yourself or "opting out." If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

| 11. | How do I get out of the Settlement Class and the proposed Settlement? |
|---|---|

To exclude yourself from the Settlement Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Settlement Class in the *Interface Securities Settlement*." Your letter must include a list identifying the number of shares of Interface common stock that you purchased or acquired during the Class Period and the date of each purchase or acquisition and price paid for each such purchase or acquisition. In addition, you must include your name, address, email address, telephone number, and your signature. You must submit your exclusion request so that it is *postmarked* **no later than August 28, 2023**, to:

*Interface Securities Settlement*
c/o Gilardi & Co. LLC
ATTN: EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Defendant Parties about the Released Plaintiff's Claims in the future.

Your request for exclusion shall not be valid and effective unless it provides all the information called for in this question 11 and is received within the time stated above, or is otherwise accepted by the Court.

| 12. | If I do not exclude myself, can I sue the Defendants and the other Released Defendant Parties for the same thing later? |
|---|---|

No. Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Released Defendant Parties for any and all Released Plaintiff's Claims. If you have a pending lawsuit against the Released Defendant Parties, speak to your lawyer in that case immediately. You must exclude yourself from the Settlement Class in this Litigation to continue your own lawsuit regarding any Released Plaintiff's Claims. Remember, the exclusion deadline is **August 28, 2023**.

| 13. | If I exclude myself, can I get money from the proposed Settlement? |
|---|---|

No. If you exclude yourself, you should not send in a Proof of Claim to ask for any money. But you may have the right to potentially sue or be part of a different lawsuit against the Defendants and the other Released Defendant Parties.

**THE LAWYERS REPRESENTING YOU**

| **14.** | **Do I have a lawyer in this case?** |
|---|---|

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represent the Settlement Class Members, including you. Robbins Geller is called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **15.** | **How will the lawyers be paid?** |
|---|---|

Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed one-third (33-1/3%) of the Settlement Amount and for expenses, costs and charges in an amount not to exceed $150,000 in connection with prosecuting the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. In addition, Lead Plaintiff may seek up to $3,000 for its costs and expenses incurred in representing the Settlement Class pursuant to 15 U.S.C. §78u-4(a)(4). Such sums as may be approved by the Court will be paid from the Settlement Fund.

**OBJECTING TO THE SETTLEMENT**

You can tell the Court that you do not agree with the Settlement or any part of it.

| **16.** | **How do I tell the Court that I object to the proposed Settlement?** |
|---|---|

If you are a Settlement Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's fee and expense application. You can write to the Court setting out your comment or objection. The Court will consider your views. To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *Interface Securities Settlement*. Include your name, address, email address, telephone number, and your signature, identify the date(s) and number of shares of Interface common stock you purchased or acquired and sold during the Class Period, and state with specificity your comments or the reasons why you object to the proposed Settlement, Plan of Allocation, and/or fee and expense application, including any legal and evidentiary support for such objection. Any objection must state whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class. You must also include copies of documents demonstrating your purchase(s) or acquisitions and/or sale(s) of Interface common stock during the Class Period, and the objection must be signed by the objector, even if the objector is represented by counsel. The objection must also identify all settlements to which you or your counsel have objected during the past three years. Your comments or objection must be filed with the Court and mailed to each of the following addresses such that it is *received* **no later than August 28, 2023**:

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| OFFICE OF THE CLERK<br>UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT<br>OF NEW YORK<br>225 Cadman Plaza East<br>Brooklyn, NY 11201 | ROBBINS GELLER RUDMAN<br> & DOWD LLP<br>Ellen Gusikoff Stewart<br>655 West Broadway<br>Suite 1900<br>San Diego, CA 92101 | PAUL, WEISS, RIFKIND, WHARTON<br> & GARRISON LLP<br>Harris Fischman<br>1285 Avenue of the Americas<br>New York, NY 10019<br><br>SQUIRE PATTON BOGGS (US) LLP<br>David Long-Daniels<br>1201 W. Peachtree Street, NW<br>Suite 3150<br>Atlanta, GA 30309 |

| **17.** | **What is the difference between objecting and excluding?** |
|---|---|

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Settlement Class.

Excluding yourself is telling the Court that you do not want to recover money from the Settlement and do not want to release any claims you think you may have against Defendants and their Related Parties. If you exclude yourself, you cannot object to the Settlement because it does not affect you.

**THE COURT'S SETTLEMENT HEARING**

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to.

| **18.** | **When and where will the Court decide whether to approve the proposed Settlement?** |
|---|---|

The Court will hold a Settlement Hearing at 1:00 p.m., on September 18, 2023, before Judge Brian M. Cogan, at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201. At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them, even if you do not ask to speak at the hearing. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Lead Counsel and Lead Plaintiff. After the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation. We do not know how long these decisions will take. You should be aware that the Court may change the date and time of the Settlement Hearing

without another notice being sent to Settlement Class Members. If you want to attend the hearing, you should check with Lead Counsel or the Settlement website, www.InterfaceSecuritiesSettlement.com, beforehand to be sure that the date and/or time has not changed.

In addition, the possibility exists that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by phone or video, without further written notice to the Settlement Class. **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.InterfaceSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Any and all updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.InterfaceSecuritiesSettlement.com. Also, if the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by telephone or video, the access information will be posted to the Settlement website, www.InterfaceSecuritiesSettlement.com.**

| 19. | Do I have to come to the hearing? |
|---|---|

No. Lead Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as your written objection is received on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 20. | May I speak at the hearing? |
|---|---|

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *Interface Securities Settlement*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Lead Counsel or Lead Plaintiff and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Settlement Hearing. Your notice of intention to appear must be *received* no later than August 28, 2023, and addressed to the Office of the Clerk, Lead Counsel, and Defendants' Counsel, at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Settlement Class.

### IF YOU DO NOTHING

| 21. | What happens if I do nothing? |
|---|---|

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and their Related Parties about the Released Plaintiff's Claims in this case.

### GETTING MORE INFORMATION

| 22. | How do I get more information? |
|---|---|

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-888-760-7869. Reference is also made to the Settlement Agreement, to the filings in support of the Settlement, to the Orders entered by the Court and to the other Settlement-related papers filed in the Litigation, which are posted on the Settlement website at www.InterfaceSecuritiesSettlement.com, and which may be inspected at the Office of the Clerk of the United States District Court for the Eastern District of New York, during regular business hours. For a fee, all papers filed in this Litigation are available at www.pacer.gov.

### PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG
### SETTLEMENT CLASS MEMBERS

| 23. | How will my claim be calculated? |
|---|---|

1. As discussed above, the Settlement provides $7,500,000 in cash for the benefit of the Settlement Class. The Settlement Amount and any interest and accretions thereto constitute the "Settlement Fund." The Settlement Fund, less (a) any Court-awarded attorneys' fees, expenses, and interest thereon, (b) Notice and Administration Expenses, (c) Settlement Fund Taxes and Tax Expenses, and (d) other Court-approved deductions is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants–Members of the Settlement Class who submit a valid Proof of Claim form to the Claims Administrator that is approved by the Claims Administrator or Court for payment from the Net Settlement Fund–in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. Settlement Class Members who do not timely submit valid Proof of Claim forms will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the Settlement website: www.InterfaceSecuritiesSettlement.com.

2.       The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement. The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

3.       The Plan of Allocation was developed in consultation with Lead Plaintiff's in-house damages expert. In developing the Plan of Allocation, Lead Plaintiff's in-house damages expert calculated the estimated amount of alleged artificial inflation in the per share prices of Interface common stock that was allegedly proximately caused by Defendants' alleged materially false and misleading statements and omissions. In calculating the estimated artificial inflation allegedly caused by those alleged misrepresentations and omissions, Lead Plaintiff's damages expert considered price changes in Interface common stock in reaction to public disclosures that allegedly corrected the respective alleged misrepresentations and omissions, adjusting the price change for factors that were attributable to market or industry forces, and for non-fraud related Company-specific information.

4.       In order to have recoverable damages under the federal securities laws, disclosure of the alleged misrepresentation and/or omission must be the cause of the decline in the price of the security. In this Litigation, Lead Plaintiff alleges that corrective information (referred to as a "corrective disclosure") was released to the market on April 24, 2019 and September 28, 2020.

5.       In order to have a "Recognized Loss Amount" under the Plan of Allocation, shares of Interface common stock must have been purchased or otherwise acquired during the Class Period and held through the issuance of at least one corrective disclosure.[2]

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

6.       Based on the formulas stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Interface common stock during the Class Period that is listed on the Proof of Claim form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formulas below, that Recognized Loss Amount will be zero.

7.       For each share of Interface common stock purchased or otherwise acquired from May 12, 2016 through September 28, 2020, inclusive, and:

(a)       If sold prior to April 25, 2019, the claim per share is $0.00;

(b)       If sold on or between April 25, 2019 through and including September 28, 2020, the claim per share shall be the lesser of: (i) the inflation per share at the time of purchase less the inflation per share at the time of sale (as presented in Table A below); and (ii) the difference between the purchase price and the selling price;

(c)       If retained at the end of September 28, 2020 and sold on or before December 24, 2020, the claim per share shall be the least of: (i) the inflation per share at the time of purchase (as presented in Table A below); (ii) the difference between the purchase price and the selling price; and (iii) the difference between the purchase price and the average closing price up to the date of sale as set forth in Table B below; and

(d)       If retained at the end of December 24, 2020, or sold thereafter, the claim per share shall be the lesser of: (i) the inflation per share at the time of purchase (as presented in Table A below); and (ii) the difference between the purchase price and $7.80 (the last entry in Table B below).[3]

## ADDITIONAL PROVISIONS

8.       The Net Settlement Fund will be allocated among all Authorized Claimants based on the amount of each Authorized Claimant's Recognized Claim (defined below).

9.       If a Settlement Class Member has more than one purchase/acquisition or sale of Interface common stock, purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

10.       A claimant's "Recognized Claim" under the Plan of Allocation will be the sum of his, her, or its Recognized Loss Amounts.

---

[2]       Any transactions in Interface common stock executed outside regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next trading session.

[3]       Under Section 21D(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Interface common stock during the 90-day look-back period. The mean (average) closing price for Interface common stock during this 90-day look-back period was $7.80.

11.    The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis, based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

12.    Purchases or acquisitions and sales of Interface common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Interface common stock during the Class Period will not be deemed a purchase, acquisition, or sale of Interface common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of Interface common stock unless: (i) the donor or decedent purchased or otherwise acquired the shares during the Class Period; (ii) no Proof of Claim form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

13.    The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Interface common stock. The date of a "short sale" is deemed to be the date of sale of Interface common stock. Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a claimant has an opening short position in Interface common stock, his, her, or its earliest Class Period purchases or acquisitions of Interface common stock will be matched against the opening short position, and not be entitled to a recovery, until that short position is fully covered.

14.    Option contracts are not securities eligible to participate in the Settlement. With respect to Interface common stock purchased or sold through the exercise of an option, the purchase/sale date of the Interface common stock is the exercise date of the option, and the purchase/sale price of the Interface common stock is the exercise price of the option.

15.    If a claimant had a market gain with respect to his, her, or its overall transactions in Interface common stock during the Class Period, the value of the claimant's Recognized Claim will be zero. If a claimant suffered an overall market loss with respect to his, her, or its overall transactions in Interface common stock during the Class Period but that market loss was less than the claimant's total Recognized Claim calculated above, then the claimant's Recognized Claim will be limited to the amount of the actual market loss. For purposes of determining whether a claimant had a market gain with respect to his, her, or its overall transactions in Interface common stock during the Class Period or suffered a market loss, the Claims Administrator will determine the difference between (i) the Total Purchase Amount[4] and (ii) the sum of the Total Sales Proceeds[5] and Holding Value.[6] This difference will be deemed a claimant's market gain or loss with respect to his, her, or its overall transactions in Interface common stock during the Class Period.

16.    After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to the Investor Protection Trust.

17.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiff, Lead Counsel, Lead Counsel's damages expert, Defendants, Defendants' Counsel, any of the other Releasing Plaintiff Parties or Released Defendant Parties, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Lead Plaintiff, Defendants, and their respective counsel, and all other Released Defendant Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any Proof of Claim form or nonperformance of the Claims Administrator; the payment or withholding of taxes (including interest and penalties); or any losses incurred in connection therewith.

---

[4]    The "Total Purchase Amount" is the total amount the claimant paid (excluding commissions and other charges) for Interface common stock purchased or acquired during the Class Period.

[5]    The Claims Administrator will match any sales of Interface common stock from the start of the Class Period through and including the close of trading on September 28, 2020 first against the claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of Interface common stock sold from the start of the Class Period through and including the close of trading on September 28, 2020 will be the "Total Sales Proceeds."

[6]    The Claims Administrator will ascribe a value of $7.80 per share for Interface common stock purchased or acquired during the Class Period and still held as of the close of trading on September 28, 2020 (the "Holding Value").

18.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member or claimant.

19.    Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Proof of Claim form.

**TABLE A**

| Inflation Period | Inflation per Share |
|---|---|
| May 12, 2016 – April 24, 2019 | $1.28 |
| April 25, 2019 – September 27, 2020 | $0.15 |
| September 28, 2020 | $0.10 |

**TABLE B**

| Date | Price | Average Closing Price | Date | Price | Average Closing Price |
|---|---|---|---|---|---|
| 9/29/2020 | $6.18 | $6.18 | 11/11/2020 | $7.73 | $6.74 |
| 9/30/2020 | $6.12 | $6.15 | 11/12/2020 | $7.62 | $6.77 |
| 10/1/2020 | $6.30 | $6.20 | 11/13/2020 | $8.05 | $6.81 |
| 10/2/2020 | $6.60 | $6.30 | 11/16/2020 | $8.58 | $6.86 |
| 10/5/2020 | $6.78 | $6.40 | 11/17/2020 | $8.56 | $6.91 |
| 10/6/2020 | $6.73 | $6.45 | 11/18/2020 | $8.18 | $6.94 |
| 10/7/2020 | $6.71 | $6.49 | 11/19/2020 | $8.27 | $6.98 |
| 10/8/2020 | $6.96 | $6.55 | 11/20/2020 | $8.70 | $7.02 |
| 10/9/2020 | $6.90 | $6.59 | 11/23/2020 | $9.07 | $7.07 |
| 10/12/2020 | $7.02 | $6.63 | 11/24/2020 | $9.36 | $7.13 |
| 10/13/2020 | $6.90 | $6.65 | 11/25/2020 | $8.85 | $7.17 |
| 10/14/2020 | $6.86 | $6.67 | 11/27/2020 | $9.10 | $7.21 |
| 10/15/2020 | $7.04 | $6.70 | 11/30/2020 | $8.35 | $7.24 |
| 10/16/2020 | $6.93 | $6.72 | 12/1/2020 | $8.27 | $7.26 |
| 10/19/2020 | $6.89 | $6.73 | 12/2/2020 | $8.42 | $7.29 |
| 10/20/2020 | $6.87 | $6.74 | 12/3/2020 | $8.76 | $7.32 |
| 10/21/2020 | $6.56 | $6.73 | 12/4/2020 | $9.36 | $7.36 |
| 10/22/2020 | $6.32 | $6.70 | 12/7/2020 | $9.13 | $7.40 |
| 10/23/2020 | $6.49 | $6.69 | 12/8/2020 | $9.06 | $7.43 |
| 10/26/2020 | $6.46 | $6.68 | 12/9/2020 | $9.09 | $7.46 |
| 10/27/2020 | $6.45 | $6.67 | 12/10/2020 | $9.34 | $7.50 |
| 10/28/2020 | $6.35 | $6.66 | 12/11/2020 | $8.82 | $7.52 |
| 10/29/2020 | $6.36 | $6.64 | 12/14/2020 | $9.03 | $7.55 |
| 10/30/2020 | $6.13 | $6.62 | 12/15/2020 | $9.28 | $7.58 |
| 11/2/2020 | $6.30 | $6.61 | 12/16/2020 | $9.61 | $7.62 |
| 11/3/2020 | $6.86 | $6.62 | 12/17/2020 | $9.53 | $7.65 |
| 11/4/2020 | $6.65 | $6.62 | 12/18/2020 | $9.63 | $7.69 |
| 11/5/2020 | $6.90 | $6.63 | 12/21/2020 | $9.10 | $7.71 |
| 11/6/2020 | $6.73 | $6.63 | 12/22/2020 | $9.18 | $7.74 |
| 11/9/2020 | $7.86 | $6.67 | 12/23/2020 | $9.66 | $7.77 |
| 11/10/2020 | $7.89 | $6.71 | 12/24/2020 | $9.76 | $7.80 |

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

Nominees who purchased or acquired Interface common stock for beneficial owners who are Settlement Class Members are directed, within seven (7) calendar days of their receipt of the Notice and Proof of Claim and Release form ("Notice Package"), to either: (i) provide to the Claims Administrator the name and last known address and/or email addresses of each person or organization for whom or which you purchased or acquired such Interface common stock during such time period, or (ii) request sufficient copies of the Notice Package from the Claims Administrator to forward to all such beneficial owners, at notifications@gilardi.com or *Interface Securities Settlement*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 301171, Los Angeles, CA 90030-1171. If a nominee elects to send the Notice Package to beneficial owners, such nominee is directed to email or mail via First Class Mail (where an email is unavailable) the Notice Package within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Settlement Class. Upon full compliance with these instructions, including the timely emailing or mailing of the Notice Package to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions. Reasonable out-of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Notice Package mailed by you, plus postage at the rate used by the Claims Administrator; or $0.03 per Notice Package sent by email. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.

*Interface Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 301171
Los Angeles, CA 90030-1171

DATED: May 26, 2023

_____
BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————x
THOMAS S. SWANSON, Individually and on Behalf:    Civil Action No. 1:20-cv-05518-BMC-RER
of All Others Similarly Situated,    :

         Plaintiff,    :    CLASS ACTION

     v.    :

INTERFACE, INC., DANIEL T. HENDRIX, JAY D.    :
GOULD, BRUCE A. HAUSMANN and PATRICK C. :
LYNCH,    :

         Defendants.    :
   :
———————————————————————x

**PROOF OF CLAIM AND RELEASE**

**I.      GENERAL INSTRUCTIONS**

1.      To recover as a Member of the Settlement Class based on your claims in the action *Swanson v. Interface, Inc., et al.*, Civil Action No. 1:20-cv-05518 (the "Litigation"), you must complete and, on page 7 hereof, sign this Proof of Claim and Release ("Claim Form" or "Proof of Claim"). If you fail to submit a properly addressed (as set forth in paragraph 3 below) Claim Form, postmarked or received by the date shown below, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Litigation (the "Settlement").[1]

2.      Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement.

3.      YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN SEPTEMBER 13, 2023, TO THE COURT-APPOINTED CLAIMS ADMINISTRATOR IN THIS CASE, AT THE FOLLOWING ADDRESS:

*Interface Securities Settlement*, Claims Administrator
c/o Gilardi & Co. LLC, P.O. Box 301171, Los Angeles, CA 90030-1171
Online Submissions: www.InterfaceSecuritiesSettlement.com

Do not mail or deliver your Claim Form to the Court, the parties to the Litigation, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above. If you are NOT a Member of the Settlement Class (as defined below and in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice")), DO NOT submit a Proof of Claim.

4.      If you are a Member of the Settlement Class and you do not validly and timely request exclusion in accordance with the requirements set by the Court, you will be bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

5.      It is important that you completely read and understand the Notice that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how the Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

**II.      CLAIMANT IDENTIFICATION**

You are a Member of the Settlement Class if you purchased or acquired Interface common stock during the period between May 12, 2016 and September 28, 2020, inclusive (the "Class Period"). Excluded from the Settlement Class are: (i) the Defendants; (ii) the Class Period officers and directors of Interface; (iii) the Immediate Family Members of the Individual Defendants; and (iv) the legal representatives, heirs, successors-in-interest, or assigns of any such excluded Person and any entity in which such excluded Persons have or had a controlling interest. Also excluded from the Settlement Class is any Person who would otherwise be a Member of the Settlement Class but who validly and timely requests exclusion in accordance with the requirements set by the Court.

---

[1]      This Proof of Claim incorporates by reference the definitions in the Stipulation of Settlement dated May 17, 2023 ("Stipulation"), which can be obtained at www.InterfaceSecuritiesSettlement.com.

1

Use Part II of this form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee"), if different from the beneficial purchaser or acquirer of the Interface common stock which forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE INTERFACE COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this Claim Form. Executors, administrators, guardians, agents, conservators, and trustees must complete and sign this Claim Form on behalf of persons represented by them, and evidence of their authority must accompany this Claim Form and their titles or capacities must be stated. The last four digits of the Social Security number (or full taxpayer identification number) and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Member of the Settlement Class (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Member of the Settlement Class. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

One claim should be submitted for each separate legal entity. Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files. All claimants MUST submit a manually signed paper Proof of Claim listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at edata@gilardi.com. Any file not in accordance with the required electronic filing format will be subject to rejection. Only one claim should be submitted for each separate legal entity and the complete name of the beneficial owner(s) of the securities must be entered where called for. Distribution payments must be made by check or electronic payment payable to the Authorized Claimant (beneficial account owner). The Third Party Filer shall not be the payee of any distribution payment check or electronic distribution payment. to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgement of receipt and acceptance of electronically submitted data.

### III.    CLAIM FORM

Use Part III of this form entitled "Schedule of Transactions in Interface Common Stock," to supply all required details of your transaction(s) in Interface common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

Please note that only the publicly-traded shares of Interface common stock during the Class Period (*i.e.*, between May 12, 2016 and September 28, 2020, both dates inclusive) are eligible under the Settlement. However, under the "90-day look-back period" (described in the Plan of Allocation set forth in the Notice), your sales of Interface common stock during the period from May 12, 2016 through and including the close of trading on December 24, 2020, will be used for purposes of calculating loss amounts under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to balance your claim, the requested transaction information during the 90-day look-back period must also be provided. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

List these transactions separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

For short-sale transactions, the date of covering a "short sale" is deemed to be the date of purchase of Interface common stock, and the date of a "short sale" is deemed to be the date of sale of Interface common stock.

For each transaction, you must provide, together with this Claim Form, copies of stockbroker confirmation slips, stockbroker statements, or other documents adequately evidencing your transactions in Interface common stock. If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

PLEASE NOTE: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, their, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.



**Official Office Use Only**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

*Swanson v. Interface, Inc., et al.*

Civil Action No. 1:20-cv-05518

**PROOF OF CLAIM FORM**

**Must Be Postmarked (if Mailed) or Received (if Submitted Online) No Later Than September 13, 2023**

# ITU

Please Type or Print in the Boxes Below
Do **NOT** use Red Ink, Pencil, or Staples

**REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN INTERFACE COMMON STOCK. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

## PART II. CLAIMANT IDENTIFICATION

Last Name

M.I.    First Name

Last Name (Co-Beneficial Owner)

M.I.    First Name (Co-Beneficial Owner)

○ IRA    ○ Joint Tenancy    ○ Employee    ○ Individual    ○ Other _____ (specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Last Four Digits of Social Security Number    or    Taxpayer Identification Number

Telephone Number (Primary Daytime)    Telephone Number (Alternate)

Email Address

## MAILING INFORMATION

Address

Address (cont.)

City    State    ZIP Code

Foreign Province    Foreign Postal Code    Foreign Country Name/Abbreviation

| FOR CLAIMS PROCESSING ONLY | OB | CB | ○ ATP ○ KE ○ ICI | ○ BE ○ DR ○ EM | ○ FL ○ ME ○ ND | ○ OP ○ RE ○ SH | M M / D D / Y Y Y Y | FOR CLAIMS PROCESSING ONLY |



3

**PART II: SCHEDULE OF TRANSACTIONS IN INTERFACE COMMON STOCK**

**A.** Number of shares of Interface common stock held at the close of trading on May 11, 2016:

Proof Enclosed? ◯ Y ◯ N

**B.** Purchases or acquisitions of Interface common stock between May 12, 2016 and December 24, 2020, inclusive:

PURCHASES

| Trade Date(s) (List Chronologically) M M / D D / Y Y Y Y | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price (Excluding commissions, taxes and fees) | Proof of Purchase Enclosed? |
|---|---|---|---|
| 1. / / | | $ . 00 | ◯ Y ◯ N |
| 2. / / | | $ . 00 | ◯ Y ◯ N |
| 3. / / | | $ . 00 | ◯ Y ◯ N |
| 4. / / | | $ . 00 | ◯ Y ◯ N |
| 5. / / | | $ . 00 | ◯ Y ◯ N |

IMPORTANT: (i) If any purchase listed covered a "short sale," please mark Yes: ◯ Yes

(ii) If you received shares through an acquisition or merger, please identify the date, the share amount and the company acquired:

M M / D D / Y Y Y Y        Merger Shares:        Company:

**C.** Sales of Interface common stock between May 12, 2016 and December 24, 2020, inclusive:

SALES

| Trade Date(s) (List Chronologically) M M / D D / Y Y Y Y | Number of Shares Sold | Total Sales Price (Excluding commissions, taxes and fees) | Proof of Sales Enclosed? |
|---|---|---|---|
| 1. / / | | $ . 00 | ◯ Y ◯ N |
| 2. / / | | $ . 00 | ◯ Y ◯ N |
| 3. / / | | $ . 00 | ◯ Y ◯ N |
| 4. / / | | $ . 00 | ◯ Y ◯ N |
| 5. / / | | $ . 00 | ◯ Y ◯ N |

**D.** Number of shares of Interface common stock held at the close of trading on September 28, 2020:

Proof Enclosed? ◯ Y ◯ N

**E.** Number of shares of Interface common stock held at the close of trading on December 24, 2020:

Proof Enclosed? ◯ Y ◯ N

If you require additional space, attach extra schedules in the same format as above.
Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 7. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**



### IV.  SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Eastern District of New York with respect to my (our) claim as a Member of the Settlement Class and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of the Stipulation and any judgment that may be entered in the Litigation, including the releases and the covenants set forth herein. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim in connection with the purchase or acquisition of Interface common stock during the Class Period and know of no other person having done so on my (our) behalf.

### V.  RELEASE

1.      Upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves), and my (our) respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiff's Claims on my (our) behalf, hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever waive, compromise, settle, discharge, extinguish, resolve, relinquish, dismiss with prejudice and release the Released Plaintiff's Claims against each and all of the Released Defendant Parties, as set forth fully in ¶¶4.2-4.4 of the Stipulation.

2.      "Immediate Family Members" means current and former spouses, parents, stepparents, foster parents, fathers-in-law, mothers-in-law, children, stepchildren, foster children, sons-in-law, daughters-in-law, grandparents, grandchildren, brothers, sisters, brothers-in-law, sisters-in-law, aunts, uncles, nieces, nephews, and first cousins.  First cousin means the child of a parent's sibling, *i.e.*, the child of an aunt or uncle.

3.      "Related Parties" means any Person's former, present or future parents, subsidiaries, divisions, controlling persons, associates, related entities and affiliates, any entity in which a Person has a controlling interest, and each and all of the Person's and their respective present and former employees, independent contractors, members, partners, principals, officers, directors, equity holders, managers, servants, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers or co-insurers of each of them; as well as the predecessors, successors, sister corporations, estates, Immediate Family Members, heirs, executors, legatees, devisees, receivers, settlors, beneficiaries, trusts, trustees, administrators, agents, legal or any other representatives, assigns, assignors, and assignees of each of them.

4.      "Released Defendant Party" or "Released Defendant Parties" mean each and all of Defendants, Defendants' Counsel, and any of their Related Parties.

5.      "Released Defendants' Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages and liabilities, including both known and Unknown Claims, of every nature and description whatsoever, whether contingent or non-contingent, mature or not mature, accrued or not accrued, concealed or hidden, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, in law, in contract, or in equity, regardless of legal or equitable theory, whether class or individual in nature, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Litigation against the Defendants.  Released Defendants' Claims does not include (i) any claims relating to the enforcement of the Settlement; (ii) any claims between the Released Defendant Parties and their respective insurers; and (iii) any claims of any shareholder that validly and timely requests exclusion in accordance with the requirements set by the Court in connection with the Settlement.

6.      "Released Plaintiff's Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages and liabilities, including both known and Unknown Claims, of every nature and description whatsoever, whether contingent or non-contingent, mature or not mature, accrued or not accrued, concealed or hidden, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, in law, in contract, or in equity, regardless of legal or equitable theory, whether class or individual in nature, that have been asserted, could have been asserted, or could be asserted in the future in any forum against any of the Released Defendant Parties that (i) arise out of, or relate in any way to, or are based upon, directly or indirectly, any of the allegations, transactions, acts, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in the operative Complaint, and (ii) in any way are based upon or related to the purchase or acquisition of Interface common stock during the Class Period. Released Plaintiff's Claims does not include (i) any claims relating to the enforcement of the Settlement; (ii) any derivative or ERISA claims; or (iii) any claims of any shareholder that validly and timely requests exclusion in accordance with the requirements set by the Court in connection with the Settlement.

7.      "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" mean each and every Settlement Class Member, Lead Plaintiff, Lead Counsel, and each of their Related Parties.  Releasing Plaintiff Parties do not include any Person who would otherwise be a Member of the Settlement Class but who or which has validly and timely excluded himself, herself, themselves, or itself therefrom.



8.    "Unknown Claims" means (a) any and all Released Plaintiff's Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, their, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, them, or it, might have affected his, her, their, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, their, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, their, or its favor at the time of the release of Lead Plaintiff, the Settlement Class, and Lead Counsel, which, if known by him, her, them, or it, might have affected his, her, their, or its settlement and release of Lead Plaintiff, the Settlement Class, and Lead Counsel.  With respect to (a) any and all Released Plaintiff's Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Lead Plaintiff, the Settlement Class, and Lead Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiff's Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiff's Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiff, the Settlement Class and Lead Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

9.    These releases shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

10.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any claim or matter released pursuant to this release or any other part or portion thereof.

11.    I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions, and sales of Interface common stock during the Class Period and the number of shares of Interface common stock held by me (us) at the close of trading on May 11, 2016, September 28, 2020 and December 24, 2020.

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.



Executed this_____ day of _____ in _____

(Month/Year)                              (City/State/Country)

_____          _____
(Sign your name here)                              (Sign your name here)


_____          _____
(Type or print your name here)                     (Type or print your name here)


_____          _____
(Capacity of person(s) signing, *e.g.*,            (Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser or Acquirer, Executor or Administrator)   Beneficial Purchaser or Acquirer, Executor or Administrator)

## ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
## THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1. Please sign the above release and declaration.

2. If this claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send** originals of certificates.

5. Keep a copy of your Proof of Claim and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your Proof of Claim, please send it Certified Mail, Return Receipt Requested.

7. If you move, please send your new address to the address below.

8. **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.

## THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR MAILED
## NO LATER THAN SEPTEMBER 13, 2023, ADDRESSED AS FOLLOWS:

*Interface Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 301171
Los Angeles, CA 90030-1171
www.InterfaceSecuritiesSettlement.com



THIS PAGE INTENTIONALLY LEFT BLANK

