UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

THOMAS S. SWANSON, Individually and on Behalf of All Others Similarly Situated,

               Plaintiff,

vs.

INTERFACE, INC., DANIEL T. HENDRIX, JAY D. GOULD, BRUCE A. HAUSMANN and PATRICK C. LYNCH,

               Defendants.

---

Civil Action No. 1:20-cv-05518-BMC-RER

CLASS ACTION

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION AND FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND AN AWARD TO LEAD PLAINTIFF PURSUANT TO 15 U.S.C. §78u-4(a)(4)

4859-9867-7887.v1

Lead Plaintiff Steamfitters Local 449 Pension Fund ("Lead Plaintiff") respectfully submits this reply memorandum of law in further support of its application for approval of the $7,500,000 Settlement, the Plan of Allocation, and an award of attorneys' fees and expenses and award to Lead Plaintiff.

## I.    PRELIMINARY STATEMENT

The proposed Settlement resolves this Litigation in its entirety in exchange for a cash payment of $7,500,000.  As detailed in the opening papers (ECF 85), the Settlement is the product of vigorous arm's-length negotiations based on a well-developed understanding of the strengths and weaknesses of the claims and defenses, as well as the procedural posture of the case.  It represents a very favorable result for the Settlement Class in light of the substantial challenges that Lead Plaintiff would have faced in proving liability and damages.

Pursuant to the Preliminary Approval Order (ECF 80), the Claims Administrator, under the supervision of Lead Counsel, conducted an extensive notice program, including mailing 31,342 copies of the Notice Packet to potential Settlement Class Members and nominees.  No Settlement Class Member has objected to any aspect of the Settlement, Plan of Allocation, or fee and expense application.  Nor have any requests for exclusion been received.  As explained below, the Settlement Class's reaction confirms that the proposed Settlement, the Plan of Allocation, and the request for attorneys' fees and expenses and an award to Lead Plaintiff are fair and reasonable, and should be approved.

## II.    THE REACTION OF THE SETTLEMENT CLASS SUPPORTS APPROVAL

Lead Plaintiff and Lead Counsel respectfully submit that their opening papers demonstrate why approval of the application is warranted.  Now that the time for objecting or requesting

4859-9867-7887.v1

exclusion from the Settlement Class has passed, the lack of any objections or opt-outs provides additional support for approval of the application.

Pursuant to the Preliminary Approval Order, 31,342 copies of the Notice Packet were mailed to potential Settlement Class Members and their nominees. *See* Supplemental Declaration of Ross D. Murray Regarding Notice Dissemination and Requests for Exclusion Received to Date ("Murray Suppl. Decl."), ¶4, submitted herewith. The Notice informed Settlement Class Members of the terms of the proposed Settlement and Plan of Allocation, that Lead Counsel would apply for an award of attorneys' fees not to exceed 33-1/3% of the Settlement Amount and payment of litigation expenses in an amount not to exceed $150,000, plus interest on both amounts, and that Lead Plaintiff may seek approval for up to $3,000 for its time and expenses incurred in representing the Settlement Class. Notice (ECF 85-12), at 2. As set forth in its motion for final approval of the Settlement, Lead Counsel requests an award of attorneys' fees of 33% of the Settlement Amount, expenses of $116,594.97, plus interest on both amounts, and an award to Lead Plaintiff of $2,000. *See* ECF 85-3.

The Notice also apprised Settlement Class Members of their right to object to any aspect of the proposed Settlement, Plan of Allocation, or requested attorneys' fees and expenses and Lead Plaintiff award, as well as their right to exclude themselves from the Settlement Class and the August 28, 2023 deadline for doing so. ECF 85-12. The Summary Notice, which informed readers of the proposed Settlement, how to obtain copies of the Notice Packet, and the deadlines for the submission of Claim Forms, objections, and requests for exclusion, was published in *The Wall Street Journal* and released over *Business Wire*. *See* ECF 85-11 (Declaration of Ross D. Murray Regarding Notice Dissemination, Publication, and Requests for Exclusion Received to Date), ¶12. The Claims Administrator also established a Settlement-specific website

4859-9867-7887.v1

(www.InterfaceSecuritiesSettlement.com) that provided information and links to relevant documents (*id.*, ¶14), and the Notice directed potential Settlement Class Members to contact Lead Counsel with any questions.  ECF 85-12, at 2.

As noted above, following this notice program, no Settlement Class Member objected to any aspect of the Settlement, the Plan of Allocation, or the fee and expense application or the requested Lead Plaintiff award.  No Settlement Class Members requested exclusion from the Settlement Class.  Murray Suppl. Decl., ¶6.

The absence of any objections or requests for exclusion strongly support a finding that the Settlement is fair, reasonable, and adequate.  Indeed, "the favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry."  *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 119 (2d Cir. 2005); *see also Rodriguez v. CPI Aerostructures, Inc.*, 2023 U.S. Dist. LEXIS 26891, at *40 (E.D.N.Y. Feb. 16, 2023), Report and Recommendation ("Given the thousands of Notice Packets that have been sent and no opt-outs or objectors, the Court concludes that the reaction has been very high for a class action of this type."), adopted by *Rodriguez v. CPI Aerostructures, Inc.*, 2023 U.S. Dist. LEXIS 42143 (E.D.N.Y. Mar. 10, 2023); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 2010 WL 4537550, at *16 (S.D.N.Y. Nov. 8, 2010) ("The absence of objections to the Settlement supports the inference that it is fair, reasonable and adequate."); *see also In re Sturm, Ruger, & Co., Inc. Sec. Litig.*, 2012 WL 3589610, at *5 (D. Conn. Aug. 20, 2012) ("'[T]he absence of objectants may itself be taken as evidencing the fairness of a settlement.'") (citation omitted).

Although a "certain number of objections are to be expected in a class action with an extensive notice campaign and a potentially large number of class members," *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 2019 WL 6875472, at *16 (E.D.N.Y. Dec. 16,

- 3 -

4859-9867-7887.v1

2019), "'[i]f only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement.'" *Id.* (quoting *Wal-Mart*, 396 F.3d at 118).[1] As Judge Sweet has recognized: "The overwhelmingly positive reaction – or absence of a negative reaction – weighs strongly in favor of confirming the Proposed Settlement." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018).

The absence of objections by sophisticated institutional investors further evidences the fairness of the Settlement. *See In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 382 (S.D.N.Y. 2013) (holding that the reaction of the class supported the settlement where "not a single objection was received from any of the institutional investors that hold the majority of Citigroup stock"); *In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*, 2006 WL 903236, at *10 (S.D.N.Y. Apr. 6, 2006) (finding that the lack of objections from institutional investors supported approval of settlement).

The lack of any objection also supports approval of the Plan of Allocation. *In re Signet Jewelers Ltd. Sec. Litig.*, 2020 U.S. Dist. LEXIS 128998, at *18-*19 (S.D.N.Y. July 21, 2020); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("[N]ot one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation.").

Finally, the positive reaction of the Settlement Class is also relevant to Lead Counsel's motion for an award of attorneys' fees and expenses and award to Lead Plaintiff. The absence of objections supports a finding that these requests are fair and reasonable. *In re Signet*, 2020 U.S. Dist. LEXIS 128998, at *62. *See also In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115808, at

---

[1]    *See also In re Advanced Battery Techs., Inc., Sec. Litig.*, 298 F.R.D. 171, 176 (S.D.N.Y. 2014) (same); *Athale v. Sinotech Energy Ltd.*, 2013 WL 11310686, at *4 (S.D.N.Y. Sept. 4, 2013) (same).

*10 (S.D.N.Y. Nov. 7, 2007) (holding that the reaction of class members to a fee and expense request "'is entitled to great weight by the Court'" and the absence of any objection "suggests that the fee request is fair and reasonable") (citation omitted).

Again, the lack of objections from institutional investors supports approval. *In re Signet*, 2020 U.S. Dist. LEXIS 128998, at *62 ("As with approval of the Settlement, the lack of objections by institutional investors is notable, and lends further support to approval of the fee request."). *Accord In re Bisys Sec. Litig.*, 2007 WL 2049726, at *1 (S.D.N.Y. July 16, 2007) (noting the lack of objections from institutional investors supported the approval of fee request because "the class included numerous institutional investors who presumably had the means, the motive, and the sophistication to raise objections if they thought the [requested] fee was excessive").

## III. CONCLUSION

Lead Counsel obtained a very favorable settlement in a case that faced a multitude of hurdles. For the foregoing reasons and those set forth in the opening papers, Lead Plaintiff respectfully requests that the Court approve the Settlement, Plan of Allocation, and request for attorneys' fees and expenses and award to Lead Plaintiff. Copies of the proposed: (i) Judgment; (ii) Order Approving Plan of Allocation; and (iii) Order Awarding Attorneys' Fees and Expenses and an Award to Lead Plaintiff Pursuant to 15 U.S.C. §78u-4(a)(4), are submitted herewith.

DATED: September 11, 2023

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
NATALIE C. BONO

s/ David A. Rosenfeld
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
nbono@rgrdlaw.com

Lead Counsel for Lead Plaintiff

- 6 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on September 11, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ *David A. Rosenfeld*
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
      & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

Email:  drosenfeld@rgrdlaw.com

**Mailing Information for a Case 1:20-cv-05518-BMC-RER Swanson v. Interface, Inc. et al**

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Natalie Bono**
  nbono@rgrdlaw.com

- **Jonathan J. Brennan**
  jbrennan@maynardnexsen.com

- **Harris Michael Fischman**
  hfischman@paulweiss.com,mao_fednational@paulweiss.com

- **Melissa Ann Fortunato**
  fortunato@bespc.com,ecf@bespc.com

- **Ellen Gusikoff Stewart**
  elleng@rgrdlaw.com,jstark@rgrdlaw.com

- **J. Alexander Hood**
  ahood@pomlaw.com,jalieberman@pomlaw.com,tprzybylowski@pomlaw.com,jlopiano@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@

- **Daniel J. Kramer**
  dkramer@paulweiss.com,mao_fednational@paulweiss.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,mtjohnston@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,2879289420@filings.docketbird.com,e_file_sd@rgrdlaw.com,drosenfeld@ecf.courtdrive.com

- **Margaret Siller**
  msiller@maynardnexsen.com,Catherine.Hewston@maynardnexsen.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)